UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6002 CIV-UNGARO-BENAGES

DENISE BROOKINS,

    Plaintiff,

vs.

MAGISTRATE JUDGE
BROWN

MARTY'S SHOES OF NEW JERSEY, INC.,

    Defendant.
_____/

### NOTICE OF REMOVAL

Defendant Marty's Shoes of New Jersey, Inc. ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. § 1441 and 1446, hereby removes to this Court an action pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. The grounds for removal are as follows:

**I. Background.**

On or about December 17, 1999, Plaintiff filed this action in Circuit Court in and for Broward County, Florida, as Case No. 99-021366. On December 27, 1999, the Complaint Complaint was served on Defendant. (A true and correct copy of all process, pleadings and orders served on Defendant or filed in the Circuit Court action are filed as Exhibit "A" to this Notice of Removal).[1] Thirty days have not yet expired since this action first became

---

[1] Plaintiff has previously filed (on July 15, 1997) an action in Broward Circuit Court, as Case No. 97-010887 (05), founded on the same theory against Marty's Shoes, Inc., but did not serve her original Complaint. Plaintiff then filed an Amended Complaint in that action against Marty's Shoes of New Jersey, Inc., on (January 16, 1998), but voluntarily dismissed that action (on March 20, 1998), while a Motion by Marty's Shoes of New Jersey, Inc., to Quash Service and to Dismiss for Lack of Personal Jurisdiction was pending.

removable to this Court on December 27, 1999. Defendant has timely filed this Notice pursuant to 28 U.S.C. § 1446(b).

**II.   Grounds for Removal.**

Plaintiff's one-count Complaint seeks "declaratory, injunctive and equitable relief; liquidated, compensatory and punitive damages; and costs and attorney's fees for race and [sic] discrimination and retaliation" under 42 U.S.C. § 1981. (Complaint, ¶¶ 2, 3).

Pursuant to 28 U.S.C. § 1441, a civil action "founded on a claim or right arising under the . . . laws of the United States" is removable to the district courts of the United States. 28 U.S.C. § 1441(b).

**III.   Conclusion.**

Based on the foregoing, this Court has "federal question" jurisdiction over this action. This Notice of Removal has been served upon Plaintiff's counsel and a copy of this Notice of Removal has been filed with the Clerk of the Circuit Court of Broward County, Florida, in the action brought there. This Notice of Removal has been signed pursuant to Federal Rule of Civil Procedure 11.

WHEREFORE Defendant Marty's Shoes of New Jersey, Inc., requests that this action proceed in this Court.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Defendant
One East Broward Boulevard, Suite 1300
Post Office Box 14070
Fort Lauderdale, Florida 33302-4070
(954) 525-1000
(954) 463-2030 - facsimile
email: tloffred@hklaw.com
email: egabriel@hklaw.com

By: _____
Thomas H. Loffredo
Florida Bar No. 870323
Eric K. Gabrielle
Florida Bar No. 160725

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by United States mail to Stewart Lee Karlin, Esq., Attorney for Plaintiff, 400 Southeast 8th Street, Fort Lauderdale, Florida 33316, this **3rd** day of January, 2000.

                HOLLAND & KNIGHT LLP
                Attorneys for Defendant
                One East Broward Boulevard, Suite 1300
                Post Office Box 14070
                Fort Lauderdale, Florida 33302-4070
                (954) 525-1000
                (954) 463-2030 - facsimile

        By: _____
                Thomas H. Loffredo
                Florida Bar No. 870323
                Eric K. Gabrielle
                Florida Bar No. 160725

FTL1-346798



Form 1, 997
## Civil Cover Sheet

The civil cover sheet and the information contained herein neither replace nor supplement the filling and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. (See instructions on the reverse of the form.)

| I. CASE STYLE | IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL DISTRICT IN AND FOR BROWARD COUNTY, FLORIDA |
|---|---|
| Plaintiff,<br>DENISE BROOKINS, | Case No.: **99021366**<br>Judge: _____ |
| vs. | |
| Defendant,<br>MARTY'S SHOES OF NEW JERSEY, INC., | |

II. TYPE OF CASE    (Place an x in one box only. If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| [ ] Simplified dissolution | [ ] Professional Malpractice | [ ] Contracts |
| [ ] Dissolution | [ ] Products liability | [ ] Condominium |
| [ ] Support - IV-D | [ ] Auto negligence | [ ] Real property/ Mortgage foreclosure |
| [ ] Support - Non IV-D | [ ] Other negligence | [ ] Eminent domain |
| [ ] URESA -IV-D | | [X] Other |
| [ ] URESA - Non IV-D | | |
| [ ] Domestic Violence | | |
| [ ] Other domestic relations | | |

III.    Is Jury Trial Demanded in Complaint?

[X] Yes

[ ] No

SIGNATURE OF ATTORNEY FOR PARTY INITIATING ACTION:

12-8-99
Date

STEWART LEE KARLIN, ESQ. -    Fla. Bar No.: 961159

|  |  |
|---|---|
|  | IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL DISTRICT IN AND FOR BROWARD COUNTY, FLORIDA |
|  | GENERAL JURISDICTION DIVISION |
| DENISE BROOKINS, | CASE NO.: 99021366 |
| Plaintiff, |  |
| v. | COMPLAINT AND JURY DEMAND |
| MARTY'S SHOES OF NEW JERSEY, INC., |  |
| Defendant. _____/ |  |

Plaintiff, DENISE BROOKINS, (hereinafter "plaintiff") by and through her undersigned counsel, sues the defendant, MARTY'S SHOES OF NEW JERSEY, INC., and (hereinafter "defendant"), and in support thereof, alleges as follows:

### COUNT I

1. This is an action for damages in an amount in excess of Fifteen Thousand ($15,000.00) Dollars.

2. This action seeks declaratory, injunctive and equitable relief; liquidated, compensatory and punitive damages; and costs and attorney's fees for race and discrimination and retaliation suffered by plaintiff BROOKINS by defendant discharging her from her employment.

3. This action arises under 42 U.S.C. 1981 and jurisdiction is invoked pursuant to 42 U.S.C. 1343 and 1344. This Court has concurrent jurisdiction over 1981 claims. Venue is proper in that all the parties reside in Broward County and that the conduct complained of occurred within Broward County.

4. The relevant acts complained of herein occurred within Broward

County, Florida.

5. Upon information and belief, at all times hereinafter mentioned, defendant is a corporation duly organized to do business in te State of Florida and conducts a significant amount of business in the State of Florida. Defendant is an employer within the meaning of FS 760.02 (7) in that it employees over 15 individuals.

6. Plaintiff, DENISE BROOKINS (plaintiff or BROOKINS) is an African-American and was an employee of defendant.

7. Plaintiff believes that she has been subjected to different terms, conditions and privileges of employment by reason of her race, color and retaliation which caused her termination to wit;

    a. terminated for conduct that similarly situated Caucasian employees were not even disciplined for;

    b. terminated for pre-textual reasons;

    c. biased counseling;

    d. steadily reduced her hours of employment for no apparent reason;

    e. uttered derogatory remarks at her;

    f. other discriminatory conduct

    g. As a result of the foregoing conduct by defendant, plaintiff complained about the racial discrimination at the store in the Sawgrass Mall by her manager (Polish-Caucasian).

8. However, no investigation was done and he further retaliated against plaintiff which also caused her termination.

9. Based upon the foregoing, plaintiff was denied equal terms, privileges and conditions of employment which caused her termination by reason of her race and retaliation.

2

10. As a result of the foregoing conduct by defendant, plaintiff lost wages, salary, suffered, pain and suffering, and employment benefits in excess of fifteen thousand dollars ($15,000.00).

11. That it has been necessary for plaintiff to engage the services of an attorney to file and prosecute this action, and thus also request attorney's fees.

12. Plaintiff has the right to equal contractual benefits as is enjoyed by Caucasian citizens. This right is secured to plaintiff by section 1981 of Title 42 of the United States Code.

13. Defendants denied plaintiff a contractual benefit (continued employment) for the sole reason that plaintiff is black and retaliation.

14. This refusal deprives plaintiff of her right to make and enforce contracts and receive the full and equal benefit of all laws and proceedings for the security of persons and property, as guaranteed by Section 1981 of Title 42 of the United States Code.

WHEREFORE, plaintiff demands judgment in her favor and against the defendant as follows;

1. That the Court find and declare that she has suffered from acts of discrimination at the hands of the defendant, its agents, servants and employees;

2. That plaintiff be awarded back wages, together with related monetary benefits, had she not been unlawfully terminated;

3. That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein including re-hiring plaintiff.

4. That defendant pay plaintiff's costs of this suit, together with a reasonable attorney's fees.

5. That defendant pay plaintiff for general damages for pain and suffering and

humiliation and special damages incurred as a result of defendant's conduct, and punitive damages t be determined at the time of trial.

 6. Any other relief that is just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury on all issues so triable as a matter of right.

Dated: Fort Lauderdale, Florida
   December 10, 1999

STEWART LEE KARLIN, ESQ.
Attorney for Plaintiff
400 S.E. 8th Street
Fort Lauderdale, Florida 33316
(954) 462-1201

Florida Bar No.: 961159

4

# CIVIL COVER SHEET

00-6002

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV - UNGARO - BENAGES

**I (a) PLAINTIFFS**

Denise Brookins

**DEFENDANTS**

Marty's Shoes of New Jersey, Inc.

MAGISTRATE JUDGE
BROWN

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** unknown
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A NORTH - 00-6002-OUB / Brown

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Stewart Lee Karlin, Esq., 400 S.E. 8th Street, Fort Lauderdale, Florida 33316, 954-462-1201

**ATTORNEYS (IF KNOWN)**
Thomas H. Loffredo, Esq., Eric K. Gabrielle, Esq., Holland & Knight LLP, One E. Broward Blvd., #1300, Fort Lauderdale, Florida 33301, 954-525-1000

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, (BROWARD,) PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)
- [ ] 1. U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated of Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Action is pleaded under 42 U.S.C. Section 1981 and is removed pursuant to 28 U.S.C. Sections 1441 and 1446.

**IVa.** 4 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 362 Personal Injury-Med Malpractice | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury-Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending B | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | [X] 442 Employment | Habeas Corpus | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | * A or B |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- [ ] 1. Original Proceeding
- [X] 2. Removed From State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Refiled
- [ ] 5. Transferred from another district (Specify)
- [ ] 6. Multidistrict Litigation
- [ ] 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $ _____
Check YES only if demanded in complaint:
JURY DEMAND: [X] YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):
JUDGE _____   DOCKET NUMBER _____

**DATE**
January 3, 2000

**SIGNATURE OF ATTORNEY OF RECORD**
ERIC K. GABRIELLE · Florida Bar No. 160725

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 518193
Date Paid: 1/3/00
Amount: 150.00
M/fp: _____