

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

DENISE BROOKINS,

      Plaintiff,

vs.

MARTY'S SHOES OF NEW JERSEY, INC.,

      Defendant.

_____/

## DEFENDANT'S MOTION AND MEMORANDUM OF LAW TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Defendant Marty Shoes of New Jersey, Inc. (named in the Complaint as "Marty's Shoes of New Jersey, Inc."), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(2), moves to dismiss the claim filed against it by Plaintiff Denise Brookins ("Plaintiff").

## I.    INTRODUCTION.

On or about December 17, 1999, Plaintiff filed this action in Circuit Court in and for Broward County, Florida, as Case No. 99-021366. Plaintiff's Complaint contains one count, alleging race discrimination against Marty Shoes of New Jersey, Inc., under 42 U.S.C. § 1981.

On January 3, 2000, Marty Shoes of New Jersey, Inc., removed the action to this Court (DE 1). Marty Shoes of New Jersey, Inc., now moves for dismissal because the company is not subject to personal jurisdiction in the courts of Florida.

Defendant's Motion and Memorandum of Law to Dismiss
Plaintiff's Complaint for Lack of Personal Jurisdiction
Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

This is a position already made clear to Plaintiff. Indeed, Plaintiff had previously filed (on July 15, 1997) an action in Broward Circuit Court, as Case No. 97-010887 (05), founded on the same theories as her current Complaint, against **Marty's Shoes, Inc.**, but did not serve the complaint in that action. Plaintiff then filed an Amended Complaint in that action against **Marty's Shoes of New Jersey, Inc.,** (on January 16, 1998), but voluntarily dismissed that action (on March 20, 1998), while a Motion by Marty's Shoes of New Jersey, Inc., to Quash Service and to Dismiss for Lack of Personal Jurisdiction was pending.

Almost two years later, Plaintiff filed the present action.

## II.    ARGUMENT AND MEMORANDUM OF LAW.

### A.    Standard of review.

Since it is axiomatic that a court cannot act without jurisdiction, the issue if jurisdiction is the first which must be addressed. To determine whether personal jurisdiction exists over a non-resident defendant, the court uses a two-part analysis. *Cable/Home Communication Corp. v. Network Prod.*, 902 F.2d 829, 855 (11th Cir. 1990); *ABL-USA Enterprises, Inc. v. Hawk Aviation, Ltd.*, 15 F. Supp.2d 1297, 1300 (S.D. Fla. 1998). First, there must be a jurisdictional basis under the state's long-arm statute, which in Florida is Section 48.193, Florida Statutes (1999). *See Cable/Home Communication Corp.*, 902 F.2d at 855.

If such a basis exists under the state's long-arm statute, the Court must determine whether the defendant has sufficient "minimum contacts" with the forum state such that

2

Defendant's Motion and Memorandum of Law to Dismiss
Plaintiff's Complaint for Lack of Personal Jurisdiction
Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

"maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see also ABL-USA Enterprises, Inc.*, 15 F. Supp. 2d at 1300.

Both prongs of this analysis must be met in order for the Court to exercise jurisdiction over a non-resident defendant. *Id.* Further, Plaintiff bears the burden of establishing a *prima facie* case of jurisdiction over Marty Shoes of New Jersey, Inc., after jurisdiction has properly been challenged. *Norris v. Davis*, 958 F.Supp. 606, 609 (S.D. Fla. 1997).

Here, Plaintiff can meet neither prong of the above analysis, because the exercise of personal jurisdiction over Marty Shoes of New Jersey, Inc., does not satisfy the requirements of Section 48.193, and the exercise of such jurisdiction does not meet the "minimum contacts" test. Plaintiff's Complaint should be dismissed.

### B.    Plaintiff's Complaint should be dismissed.

#### 1.    The exercise of personal jurisdiction over Marty Shoes of New Jersey, Inc., does not satisfy the requirements of Florida's long-arm statute.

Plaintiff has alleged that "[u]pon information and belief," Marty Shoes of New Jersey, Inc., is a "corporation duly organized to do business in [the] State of Florida and conducts a significant amount of business in the State of Florida." (Complaint, ¶ 5). However, this is untrue, and Plaintiff cannot show that sufficient grounds for personal jurisdiction over Marty Shoes of New Jersey, Inc., exist under Florida's long-arm statute.

Florida's long-arm statute provides, in pertinent part, that:

3

Defendant's Motion and Memorandum of Law to Dismiss
Plaintiff's Complaint for Lack of Personal Jurisdiction
Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

(1)     Any person . . . who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself . . . to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

    (a)     Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

    (b)     Committing a tortious act within this state.

    (c)     Owning, using, possessing, or holding a mortgage or other lien on any real property within this state.
                         * * *

    (f)     Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

        1.     The defendant was engaged in solicitation or service activities within this state; or

        2.     Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade or use.

Section 48.193, Florida Statutes (1999).

Here, the sworn Affidavit of John Adams, Vice President and CEO of Marty Shoes of New Jersey, Inc., establishes the absence of personal jurisdiction over the company.[1] Marty Shoes of New Jersey, Inc., has not engaged in any acts subjecting it to jurisdiction in the courts of Florida under Florida's long-arm statute. Marty Shoes of New Jersey, Inc. is a New Jersey corporation with its principal place of business in Secaucus, New Jersey. (Adams

---

[1] A copy of Mr. Adams' Affidavit is attached hereto at **Tab 1**, and Mr. Adams original Affidavit has been separately and contemporaneously filed with this Motion.

Defendant's Motion and Memorandum of Law to Dismiss
Plaintiff's Complaint for Lack of Personal Jurisdiction
Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

Affidavit, ¶ 2).  Marty Shoes of New Jersey, Inc. does not operate, conduct, engage in, or carry on any business or business venture in Florida.  See Fla. Stat. § 48.193(1)(a).

More specifically, Marty Shoes of New Jersey, Inc. is not registered with the Secretary of State of Florida to do business in Florida.  (Adams Affidavit, ¶ 3).  The company does not conduct any business in Florida and has no business office in Florida.  (Adams Affidavit, ¶¶ 4, 5).  Marty Shoes of New Jersey, Inc., does not own, use, possess, or hold a mortgage or other lien on any real property in Florida.  See Fla. Stat. § 48.193(1)(c).  Marty Shoes of New Jersey, Inc., does not own or lease any real property in Florida.  (Adams Affidavit, ¶ 6).

Finally, Marty Shoes of New Jersey, Inc., has not committed a tortious act within Florida or caused injury to any person in Florida.  See Fla. Stat. § 48.193(1)(b), (f).  The only allegations by Plaintiff against Marty Shoes of New Jersey, Inc., arise from what she claims was discriminatory conduct in her employment.  (Complaint, ¶¶ 7 - 14).

However, Marty Shoes of New Jersey, Inc., did not at any time employ Plaintiff. (Adams Affidavit, ¶ 10).  Marty Shoes of New Jersey, Inc. did not and does not own or manage the retail shoe store where Plaintiff was formerly employed.  (Adams Affidavit, ¶ 12).  The retail shoe store where Plaintiff was formerly employed is managed by a corporation named **Marty Shoes, Inc.** (Adams Affidavit, ¶ 12).  **Marty Shoes, Inc.** has a separate corporate identity from **Marty Shoes of New Jersey, Inc..** (Adams Affidavit, ¶ 12).

5

Defendant's Motion and Memorandum of Law to Dismiss
Plaintiff's Complaint for Lack of Personal Jurisdiction
Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

With respect to Marty Shoes, Inc., and Marty Shoes of New Jersey, Inc., all corporate formalities are followed. (Adams Affidavit, ¶ 12).

Thus, the exercise of personal jurisdiction over Marty Shoes of New Jersey, Inc., does not satisfy the requirements of Florida's long-arm statute, because Plaintiff cannot establish that any of the stautory grounds for the exercise of jurisdiction have been met.

> **2.    The exercise of personal jurisdiction over Marty Shoes of New Jersey, Inc., does not satisfy the constitutional due process requirement of "minimum contacts" with Florida.**

Unlike some jurisdictions, the Florida long-arm statute is not construed as extending to the fullest limits of due process and thus the jurisdictional analysis under the statute and the federal constitution are distinct. *Venetian Salami Company v. J.S. Parthenais*, 554 So.2d 499, 500 (Fla. 1989). Indeed, even if Florida's long-arm statute permits the exercise of personal jurisdiction over a non-resident defendant, there may be insufficient contacts to support the exercise of that jurisdiction. *See Norris*, 958 F.Supp. at 610.

Here, the exercise of personal jurisdiction over Marty Shoes of New Jersey, Inc. would contravene the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The company lacks sufficient "minimum contacts" with Florida to support the exercise of personal jurisdiction, and exercise of that jurisdiction would offend traditional notions of fair play and substantial justice. This "minimum contacts" test is a threshold inquiry which precedes any inquiry into fair play and substantial justice. *Norris*,

Defendant's Motion and Memorandum of Law to Dismiss
Plaintiff's Complaint for Lack of Personal Jurisdiction
Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

958 F.Supp. at 610 (*citing Sea Lift, Inc. v. Refinadora Costaricense de Petroleo, S.A.*, 792 F.2d 989, 993 n.4 (11th Cir. 1986)).

This essence of the minimum contacts test is this requirement: "where a forum seeks to assert specific personal jurisdiction over a nonresident defendant, due process requires [that] the defendant have" fair warning "that a particular activity may subject him to the jurisdiction of a foreign sovereign." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 258 (11th Cir. 1996)(citations omitted). The fair warning requirement is satisfied if the litigation arises out of or relates to activities that the defendant has "purposefully directed" at the forum. *Id.*

In addition, "the defendant's conduct and connection with the forum must be of a character that the defendant should reasonably anticipate being haled into court there." *Id.* (citations omitted). It is essential in each case that the defendant undertake some act of purposeful availment of the privilege of conducting activities within the forum State, thereby invoking the benefits and protections of its laws. *Id.* The due process requirement assures that a defendant will not be haled into a jurisdiction as a result of random, fortuitous, or attenuated contacts or the unilateral activity of a third person. *Id.* Thus, jurisdiction is proper only where a defendant's contacts create a substantial connection with the forum state *as a result of actions by the defendant himself. Id.*

Here, Marty Shoes of New Jersey, Inc. has not purposefully directed any activities at Florida and has not purposefully availed itself of the privilege of conducting activities in

Defendant's Motion and Memorandum of Law to Dismiss
Plaintiff's Complaint for Lack of Personal Jurisdiction
Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

Florida. Marty Shoes of New Jersey, Inc., does not conduct any business in the State of Florida. (Adams Affidavit, ¶ 4). Marty Shoes of New Jersey, Inc., has no business office in the State of Florida. (Adams Affidavit, ¶ 5). Marty Shoes of New Jersey, Inc., does not own or lease any real property in Florida. (Adams Affidavit, ¶ 6). Marty Shoes of New Jersey, Inc., does not maintain any depository or bank accounts in the State of Florida. (Adams Affidavit, ¶ 7). Marty Shoes of New Jersey, Inc., maintains no mailing address or telephone listing in Florida. (Adams Affidavit, ¶ 9). Marty Shoes of New Jersey, Inc. has not executed any contracts in Florida. (Adams Affidavit, ¶ 11).

Thus, the exercise of personal jurisdiction over Marty Shoes of New Jersey, Inc., does not satisfy the constitutional due process requirement of "minimum contacts" with Florida.

## III.  CONCLUSION.

Because the exercise of personal jurisdiction over Marty Shoes of New Jersey, Inc., does not satisfy the requirements of Florida's long-arm statute and would contravene the constitutional due process requirement of "minimum contacts" between the company and Florida, Plaintiff's Complaint should be dismissed.

WHEREFORE, Marty Shoes of New Jersey, Inc., respectfully requests that Plaintiff's Complaint be dismissed for lack of personal jurisdiction, pursuant to Federal Rule of Civil

Defendant's Motion and Memorandum of Law to Dismiss
Plaintiff's Complaint for Lack of Personal Jurisdiction
Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

Procedure 12(b)(2), and requests such other and further relief as the Court deems

appropriate.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Defendant
One East Broward Boulevard, Suite 1300
Post Office Box 14070
Fort Lauderdale, Florida 33302-4070
(954) 525-1000
(954) 463-2030 - facsimile
email: tloffred@hklaw.com
email: egabriel@hklaw.com

By: _____
Thomas H. Loffredo
Florida Bar No. 870323
Eric K. Gabrielle
Florida Bar No. 160725

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by

United States mail to Stewart Lee Karlin, Esq., Attorney for Plaintiff, 400 Southeast 8th Street,

Fort Lauderdale, Florida 33316, this **18th** day of January, 2000.

HOLLAND & KNIGHT LLP
Attorneys for Defendant

By: _____
Thomas H. Loffredo
Florida Bar No. 870323
Eric K. Gabrielle
Florida Bar No. 160725

9



RECYCLED PAPER



## AFFIDAVIT OF JOHN ADAMS

Before me, the undersigned authority, personally appeared John Adams, who, after being duly sworn, deposes and says:

1.      I am the President and Chief Executive Officer of Marty Shoes of New Jersey, Inc.  I am authorized to make this affidavit on behalf of Marty Shoes of New Jersey, Inc. I make this affidavit based upon personal knowledge and the business books and records of Marty Shoes of New Jersey, Inc.  Those books and records were made at or near the time by, or from information transmitted by, a person with knowledge, and are recorded and kept as a regular practice of the business activities of Marty Shoes of New Jersey, Inc.

2.      Marty Shoes of New Jersey, Inc. is a New Jersey corporation with its principal place of business in North Secaucus, New Jersey.

3.      Marty Shoes of New Jersey, Inc. is not registered with the Secretary of State of Florida to do business in Florida.

4.      Marty Shoes of New Jersey, Inc., does not conduct any business in the State of Florida.

5.      Marty Shoes of New Jersey, Inc., has no business office in the State of Florida.

6.      Marty Shoes of New Jersey, Inc., does not own or lease any real property in the State of Florida.

7.      Marty Shoes of New Jersey, Inc., does not maintain any depository or bank accounts in the State of Florida.

8.      Marty Shoes of New Jersey, Inc., employs no business agents in Florida.

9.      Marty Shoes of New Jersey, Inc., maintains no mailing address or telephone listing in Florida.

10. Marty Shoes of New Jersey, Inc,. did not at any time employ Denise Brookins.

11. Marty Shoes of New Jersey, Inc. has not executed any contracts in Florida.

12. Marty Shoes of New Jersey, Inc. did not and does not own or manage the retail shoe store where Denise Brookins was formerly employed. The retail shoe store where Denise Brookins was formerly employed is managed by a corporation named Marty Shoes, Inc. Marty Shoes, Inc. has a separate corporate identity from Marty Shoes of New Jersey, Inc.. With respect to Marty Shoes, Inc., and Marty Shoes of New Jersey, Inc., all corporate formalities are followed.

FURTHER AFFIANT SAYETH NOT.

Marty Shoes of New Jersey, Inc.

By: _____

John Adams, President and CEO

## ACKNOWLEDGEMENT

STATE OF NEW JERSEY    )
                       :ss.
COUNTY OF HUDSON       )


    The foregoing instrument was acknowledged before me this /3⁷ʰ day of January, 2000, by _JOHN ADAMS_____, who is personally known to me or has produced _HIMSELF_____ as identification.

                           Notary Public
                           Name of Notary Printed: RODRIGA I. PANGILINAN

My commission expires: SEPT 6, 2001    (NOTARY SEAL)

My commission number is: 2092632