UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

DENISE BROOKINS,

    Plaintiff,

vs.

MARTY SHOES, INC.,

    Defendant.
_____/

## DEFENDANT'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES

Defendant Marty Shoes, Inc., ("Marty Shoes") through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12, responds to the numbered paragraphs of the Amended Complaint filed by Plaintiff Denise Brookins ("Plaintiff"), as follows:

1. Marty Shoes admits the allegations contained in paragraph 1 of Plaintiff's Amended Complaint for jurisdictional purposes only, but denies that Plaintiff has suffered any damages for which Marty Shoes is liable and denies that Plaintiff is entitled to any relief against Marty Shoes.

2. Marty Shoes admits that Plaintiff's Amended Complaint purports to seek declaratory, injunctive, equitable, and various forms of monetary relief, but denies that Plaintiff has suffered any damages for which Marty Shoes is liable and denies that Plaintiff is entitled to any relief against Marty Shoes.

3. Marty Shoes admits that Plaintiff's Amended Complaint purports to seek relief pursuant to 42 U.S.C. § 1981, and admits the allegations contained in paragraph 3 of

1

Defendant's Answer, Defenses and Affirmative Defenses
to Plaintiff's Amended Complaint
Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

Plaintiff's Amended Complaint for jurisdictional purposes only, but denies that Plaintiff has suffered any damages for which Marty Shoes is liable and denies that Plaintiff is entitled to any relief against Marty Shoes. Marty Shoes admits that venue is proper in the Southern District of Florida.

4.  Marty Shoes admits that venue is proper in the Southern District of Florida. Marty Shoes denies the remaining allegations contained in paragraph 4 of Plaintiff's Amended Complaint.

5.  Marty's Shoes admits that it employees over 15 individuals, although that allegation is irrelevant to Plaintiff's claim under 42 U.S.C. § 1981. Marty Shoes denies the remaining allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

6.  Marty Shoes admits it employed Denise Brookins and admits Denise Brookins is African-American.

7.  Denied, including all subparts.

8.  Denied.

9.  Denied.

10. Denied.

11. Denied.

12. Marty Shoes admits that Plaintiff is within the class of persons protected from discrimination by 42 U.S.C. § 1981. Marty Shoes denies that Plaintiff has suffered any

Defendant's Answer, Defenses and Affirmative Defenses
to Plaintiff's Amended Complaint
Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

discrimination for which Marty Shoes is liable and denies that Plaintiff is entitled to any relief against Marty Shoes.

13. Denied.

14. Denied

WHEREFORE Marty Shoes, Inc. requests that the Court enter an Order dismissing Plaintiff's Amended Complaint with prejudice and awarding Marty Shoes its costs and attorney fees occurred in defending this action.

15. Marty Shoes denies each and every allegation contained in Plaintiff's Amended Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

As and for its defenses and affirmative defenses, Marty Shoes states as follows:

16. Plaintiff's Amended Complaint fails to state a *prima facie* claim for which relief can be granted and should therefore be dismissed.

17. Plaintiff's claims are barred to the extent those claims rely on alleged conduct occurring outside the limitations period applicable under 42 U.S.C. § 1981.

18. Marty Shoes has in place a policy against discrimination and has exercised reasonable care to prevent and correct promptly any discriminatory conduct to which Plaintiff claims she was subjected.

19. Plaintiff unreasonably failed to avail herself of the avenues created by Marty Shoes' policy to put Marty Shoes on notice of alleged discrimination, unreasonably failed

Defendant's Answer, Defenses and Affirmative Defenses
to Plaintiff's Amended Complaint
Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

to take advantage of preventive or corrective opportunities provided by Marty Shoes, or to avoid harm otherwise.

20. Any actions or decisions by Marty Shoes in connection with Plaintiff's employment were based on legitimate, nondiscriminatory reasons; Marty Shoes did not intentionally discriminate against Plaintiff.

21. Any improper, illegal or discriminatory actions by Plaintiff's coworkers or supervisors were outside the course and scope of their employment, inconsistent with Marty Shoes policy, and were not ratified, confirmed, or approved by Marty Shoes and cannot be attributed to Marty Shoes.

22. Any improper, illegal or discriminatory actions by Plaintiff's coworkers or supervisors were independent, intervening or unforeseeable acts that were not ratified, confirmed, or approved by Marty Shoes and cannot be attributed to Marty Shoes.

23. Any improper, illegal or discriminatory acts by Plaintiff's coworkers or supervisors were contrary to good faith efforts by Marty Shoes to comply with 42 U.S.C. § 1981.

24. Plaintiff has failed to minimize or mitigate her damages.

25. At all times, Marty Shoes' actions were in good faith and therefore form no basis for any award of punitive damages.

26. Marty Shoes specifically reserves the right to correct, supplement or amend these defenses and affirmative defenses up through and including trial, with leave of Court.

Defendant's Answer, Defenses and Affirmative Defenses
to Plaintiff's Amended Complaint
Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Defendant
One East Broward Boulevard, Suite 1300
Post Office Box 14070
Fort Lauderdale, Florida 33302-4070
(954) 525-1000
(954) 463-2030 - facsimile
email: tloffred@hklaw.com
email: egabriel@hklaw.com

By: _____
Thomas H. Loffredo
Florida Bar No. 870323
Eric K. Gabrielle
Florida Bar No. 160725

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by **facsimile (954) 462-3151** and United States mail to Stewart Lee Karlin, Esq., Attorney for Plaintiff, 400 Southeast 8th Street, Fort Lauderdale, Florida 33316, this **15th** day of February, 2000.

HOLLAND & KNIGHT LLP
Attorneys for Defendant

By: _____
Thomas H. Loffredo
Florida Bar No. 870323
Eric K. Gabrielle
Florida Bar No. 160725