UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION



Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

DENISE BROOKINS

    Plaintiff,

vs.

MARTY SHOES, INC.

    Defendant.
_____/

## JOINT SCHEDULING AND STATUS REPORT

Pursuant to this Court's Order Settling Initial Planning and Scheduling Conference (DE 5), Plaintiff Denise Brookins and Defendant Marty Shoes, Inc., submit their Joint Scheduling and Status Report in this action, and Joint Proposed Scheduling Order, as follows:

1. **Statement of nature of claim.** Plaintiff's one-count Amended Complaint seeks relief for alleged race discrimination pursuant to 42 U.S.C. § 1981. Plaintiff claims she was subjected to different terms, conditions and privileges of employment by reason of her race, color and retaliation, in that she was differentially disciplined, counselled, and subject to other alleged discriminatory and retaliatory conduct, including termination.

Defendant denies Plaintiff's allegations and has interposed various defenses and affirmative defenses to Plaintiff's claims.

2. **Brief summary of facts which are uncontested or which can be stipulated to without discovery.** Plaintiff is African-American and is within the class of persons covered

1

by 42 U.S.C. § 1981. Plaintiff was employed by Defendant and was discharged from employment by Defendant.

3.  **Brief summary of issues presently known.**

Whether Plaintiff complained of discrimination.

Whether Plaintiff was retaliated against for any complaints of discrimination.

Whether Defendant can produce a legitimate, non-discriminatory and non-retaliatory reason for any adverse action suffered by Plaintiff or is otherwise entitled to judgment on Plaintiff's claims.

Whether, and if so to what extent, Plaintiff has suffered damages for any unlawful conduct which can be attributed to Defendant.

4.  **Whether discovery should be conducted in phases or limited to particular issues.** At this time, Plaintiff and Defendant do not believe there is any need for discovery to be conducted in phases or limited to particular issues.

5.  **A detailed schedule of discovery for each party.**

    A.  **Documents.** Within thirty (30) days of the date this Scheduling Report is filed, the parties will make a reciprocal exchange of documents then reasonably available to them, which each party then contemplates to be used in support of the allegations of the pleading filed by the party, marked or organized in accordance with Southern District of Florida Local Rule 16.1 B.1.

    B.  **Witnesses.**

        1.  **Fact witnesses.** Within thirty (30) days of the date this Scheduling Report is filed, the parties will make a reciprocal exchange of lists of witnesses

then known to have knowledge of the facts supporting the material allegations of the pleading filed by the party, and will thereafter promptly disclose witnesses in accordance with Southern District of Florida Local Rule 16.1 B.4.

      **2.** **Expert witnesses.** The parties agree that on or before December 1, 2000, Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial and only those <u>expert</u> witnesses shall be permitted to testify. The parties agree that on or before 14 days after Plaintiff's disclosure, Defendant shall furnish opposing counsel with a list of all <u>expert</u> witnesses intended to be called at trial and only those <u>expert</u> witnesses shall be permitted to testify. The parties agree that at the time expert witnesses are disclosed, the parties will exchange expert witness summaries and reports as required by Southern District of Florida Local Rule 16.1 K., unless those expert witnesses are intended solely to contradict or rebut evidence on the same subject matter identified by the other party's expert. If the expert witness is intended solely to contradict or rebut evidence on the same subject matter identified by the other party's expert, the summary or report for the expert witness will be disclosed in accordance with Southern District of Florida Local Rule 16.1 K.

      **C.** **Written discovery requests.** Defendant has propounded written discovery requests as of the date of this Scheduling Report, to which Plaintiff has not yet responded. The parties intend to propound additional written discovery, in accordance with the Federal Rules of Civil Procedure and the Southern District of Florida Local Rules, in a manner that will permit fact discovery to be completed by **December 1, 2000.**

    **D.**    **Depositions.** The parties anticipate the taking of depositions of the parties and other witnesses and intend to conduct discovery in a manner that will permit fact discovery to be completed by **December 1, 2000.**

6.    **Proposed deadlines.**

    **A.**    **Deadline to join additional parties and amend the pleadings.** Counsel for Plaintiff and Defendant propose that the deadline for joinder of other parties and amendment to the pleadings in this action should be **June 1, 2000.**

    **B.**    **Deadline to complete discovery.** Counsel for Plaintiff and Defendant propose that the deadline for completion of discovery in this action should be **December 1, 2000**.

    **C.**    **Deadline to file and hear motions.** Counsel for Plaintiff and Defendant propose that the deadline for filing dispositive pretrial motions and memoranda of law should be **February 5, 2001**. Plaintiff and Defendant propose that those motions be heard by no later than fifteen days prior to the call of the calendar, if no conference is held. Plaintiff and Defendant propose that the deadline for filing motions in limine and pretrial motions other than dispositive motions should be five days prior to the call of the calendar.

7.    **Proposed approximate dates for final pretrial conferences and trial.** Counsel for the parties request that any Pretrial Conference to be held in this action be set at least thirty (30) days after the deadline for filing dispositive motions, the specific date to be at the convenience of the Court, or on or after **March 2, 2001** The parties request that trial in this action be held at least thirty days thereafter, the specific dates to be at the convenience of the Court, or on or after **April 2, 2001.**

4

8. **Projected time necessary for trial and statement of whether the case is jury or non-jury trial.** The parties estimate that this case will require four (4) days for trial. Plaintiff has demanded a jury trial in this matter.

9. **A list of all pending motions, whether each motion is "ripe" for review, the date each motion became ripe, and a summary of the parties' respective positions with respect to each ripe motion.** There are no pending motions.

10. **Any unique legal or factual aspects of the case requiring special consideration by the Court.** The parties are not presently aware of any unique legal or factual aspects of this case requiring special consideration by the Court.

11. **The potential need for references to a special master or magistrate.** The parties are not presently aware of any potential need for reference to a special master or magistrate.

12. **Status and likelihood of settlement.** The parties will continue to discuss settlement in good faith as this case proceeds, but do not presently believe settlement of this action is imminent.

13. **Other matters required by Local Rule 16.1(B) and as may aid the Court.**

    A. **Formulation and simplification of issues.** Counsel for Plaintiff and Defendant will engage in ongoing discussions to formulate and simplify the issues related to claims and defenses in this action.

    B. **Necessity and desirability of amendments to the pleadings.** At this time, counsel for the parties do not anticipate that the pleadings will be amended. The

parties reserve the right to amend the pleadings, as discovery progresses, upon proper notice to the opposing party.

   **C. Suggestions for the avoidance of unnecessary proof and of cumulative evidence.** Counsel for the parties will strive to reduce factual issues through the use of discovery and stipulations which will avoid unnecessary proof, including stipulations relating to the authenticity of documents.

   **D. Advisability of referring matters to a Magistrate Judge.** The parties consent to reference of non-dispositive motions to a Magistrate Judge.

   **E. Need for Rule Variations.** Counsel do not presently believe there is need for departure from the applicable Federal Rules of Civil Procedure or the Southern District of Florida Local Rules, except as stated in this Scheduling Report.

   **F. Unavailability of counsel.** Undersigned counsel for Defendant Marty Shoes, Inc., will be absent from the Southern District of Florida and the State of Florida from **May 23, 2000** through and including **June 13, 2000**, and respectfully requests that no hearings, pretrial deadlines, trial, or other matters be set during that period. (See DE 2).

14. **Documents and exhibits.**

   **A. Plaintiff's list of documents and exhibits.** Plaintiff's list of documents and exhibits is attached at Tab 1.

   **B. Defendant's list of documents and exhibits.** Defendant's list of documents and exhibits is attached at Tab 2.

15. List of Witnesses.

   A. **Plaintiff's Witness List.** Plaintiff's list is attached at Tab 3.

   B. **Defendant's Witness List.** Defendant's list is attached at Tab 4.

Respectfully submitted,

| | |
|---|---|
| STEWART LEE KARLIN, ESQ. | HOLLAND & KNIGHT LLP |
| Attorney for Plaintiff | Attorneys for Defendant |
| 400 S.E. 8th Street | One East Broward Boulevard, Suite 1300 |
| Fort Lauderdale, FL 33316 | Post Office Box 14070 |
| (954) 462-1201 | Fort Lauderdale, Florida 33302-4070 |
| (954) 462-3151 fax | (954) 525-1000 |
| | (954) 463-2030 fax |
| | email: tloffred@hklaw.com |
| | email: cgabriel@hklaw.com |
| By: _____ | By: _____ |
| Stewart Lee Karlin | Thomas H. Loffredo |
| Florida Bar No. 961159 | Florida Bar No. 870323 |
| | Eric K. Gabrielle |
| | Florida Bar No. 160725 |

FTL1-349712.1

7

## TAB 1

## PLAINTIFF'S PRELIMINARY EXHIBIT LIST

1. Plaintiff's personnel file

2. Applicable personnel policies

3. Collective Bargaining Agreement

4. EEO Policies of defendant

5. All of defendant's exhibits

6. Impeachment Exhibits

7. Rebuttal Exhibits

8. EEOC/FHRC file

9. Investigations completed by defendant concerning plaintiff's complaints of discrimination.

10. The personnel files of plaintiff's coworkers in the store she was employed at.

11. Work schedules of plaintiff coworkers in the store she was employed at while employed by defendant.

12. Time cards of plaintiff coworkers in the store she was employed at while employed by defendant.

13. Prior EEO complaints and investigation and findings concerning plaintiff's supervisors and managers.

14. EEO statistics

15. Personnel file of plaintiff's replacement.

ATTACHMENT / EXHIBIT \_\_1\_\_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION

Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

DENISE BROOKINS

  Plaintiff,

vs.

MARTY SHOES, INC.

  Defendant.
_____/

## DEFENDANT MARTY SHOES, INC.'S LIST OF DOCUMENTS AND EXHIBITS

1. Plaintiff's personnel file.
2. Nondiscrimination policy ("Employment Guidelines") of Marty Shoes, Inc.
3. Memorandum to Store Supervisors (April 6, 1995).
4. Handwritten statement regarding Plaintiff.
5. Posting to Management by John Adams.
6. Weekly Work Schedules and attendance/payroll records involving Plaintiff.
7. Payroll Status Change Notices involving Plaintiff.
8. Payroll Status Change Notices involving other disciplined employees.

        HOLLAND & KNIGHT LLP
        Attorneys for Defendant
        One East Broward Boulevard, Suite 1300
        Post Office Box 14070
        Fort Lauderdale, Florida  33302-4070
        (954) 525-1000
        (954) 463-2030 fax
        email:  tloffred@hklaw.com
        email:  egabriel@hklaw.com

        By: _____
        Thomas H. Loffredo
        Florida Bar No. 870323
        Eric K. Gabrielle
        Florida Bar No. 160725

FTL1-345631.1

ATTACHMENT / EXHIBIT 2

HOLLAND & KNIGHT LLP
Attorneys for Defendant
One East Broward Boulevard, Suite 1300
Post Office Box 14070
Fort Lauderdale, Florida  33302-4070
(954) 525-1000
(954) 463-2030 fax
email:  tloffred@hklaw.com
email:  egabriel@hklaw.com

By: _____
Thomas H. Loffredo
Florida Bar No. 870323
Eric K. Gabrielle
Florida Bar No. 160725

FTL1-345631.1

2

## TAB 3

## PLAINTIFF'S PRELIMINARY WITNESS LIST

1. Denise Brookins

2. Agnes (last name unknown)

3. Roma Rybitha

4. Orlando (last name unknown)

5. Michael Torres

6. John Adams

7. Leonard Taylor

8. Stanley- District Manager for Marty's Shoes and Roma's Supervisor

9. Oxca Wright

10. Gail Williams

11. All of defendant's witnesses

12. Rebuttal Witnesses

13. Impeachment Witnesses

14. Plaintiff's co-workers in the store she was employed and managers who may have been involved with her complaints including the human resources manager and managers from corporate headquarters. She presently does not recall their names but through the course of discovery will expect to be able to supplement this list.


ATTACHMENT / EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION

Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

DENISE BROOKINS

    Plaintiff,

vs.

MARTY SHOES, INC.

    Defendant.
_____/

## DEFENDANT MARTY SHOES, INC.'S LIST OF WITNESSES

1. Denise Brookins
2. John Adams
3. Paulette Purcar
4. Stanley Dzioba
5. Krystyna Karpinska
6. Orlando Lopez
7. Chris Torres
8. Mike Torres
9. Carla Rice
10. Truong Nhu
11. Romana Rybytwia
12. Martin A. Samowitz
13. Other witnesses identified by Plaintiff in discovery, depositions or documents exchanged or otherwise produced in this case.
14. All witnesses identified or listed by Plaintiff.
15. All impeachment or rebuttal witnesses.