NIGHT BOX
FILED

NOV 2 0 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

DENISE BROOKINS,

   Plaintiff,

v.

MARTY SHOES, INC.,

   Defendant.

_____/

## DEFENDANT'S MOTION AND MEMORANDUM OF LAW
## TO COMPEL ANSWERS TO INTERROGATORIES AND
## PRODUCTION OF DOCUMENTS

   Defendant Marty Shoes, Inc. ("Marty Shoes"), through undersigned counsel and pursuant to Federal Rules of Civil Procedure 33, 34 and 37 and Southern District of Florida Local Rule 26.1, moves the Court for an Order compelling Plaintiff to answer Marty Shoes' Second Set of Interrogatories, served on Plaintiff on August 30, 2000; to produce a document within the scope of Marty Shoes' First Requests for Production which Plaintiff has failed to produce; and for an award of its expenses, including attorney fees, it incurred in making this Motion.

## I.  INTRODUCTION.

   Marty Shoes makes this motion based on Plaintiff's ***complete*** failure to respond to its Second Set of Interrogatories, served over 11 weeks ago, and Plaintiff's failure to produce a document clearly responsive to Marty Shoes' discovery requests, after promising to do both.

   Despite repeated written requests to Plaintiff, Marty Shoes has received nothing in response to its Second Interrogatories, other than repeated, unfulfilled promises that answers

would be forthcoming. Further, Plaintiff has failed to produce a document she testified about in her deposition which is well within the scope of Marty Shoes' discovery requests.

## II.    BACKGROUND.

### A.    Marty Shoes' Second Interrogatories to Plaintiff and efforts to obtain Plaintiff's Answers.

On **August 30, 2000**, Marty Shoes served its Second Set of Interrogatories on Plaintiff by fax and mail.[1] Thus, pursuant to Federal Rule of Civil Procedure 33, Plaintiff's answers to Marty Shoes' Second Set of Interrogatories were due on **September 29, 2000**. From that date to the date on which this Motion is filed, over 50 days after Plaintiff's answers were due and over 80 days after those Interrogatories were served, Marty Shoes has received no response to those Interrogatories, no objections, and nothing except unfulfilled promises that Plaintiff's answers would be forthcoming.

On **October 3, 2000**, after Plaintiff's answers were due, undersigned counsel for Marty Shoes sent a letter by fax and mail to Plaintiff, asking that Plaintiff's responses be provided by October 6, 2000, so UPS would have those responses in time to review for the continuation of Plaintiff's deposition on October 10, 2000. Marty Shoes received no response to that letter, and Plaintiff's answers were not provided when Marty Shoes completed Plaintiff's deposition.[2]

On **October 10, 2000**, Plaintiff promised to provide her answers to the Second Interrogatories shortly. On **October 17, 2000**, undersigned counsel for Marty Shoes sent a

---

[1] Pursuant to Southern District of Florida Local Rule 26.1C, Marty Shoes' Second Set of Interrogatories are attached hereto at **Tab 1**.

[2] Cognizant of Local Rule 7.7, Marty Shoes has not attached copies of the correspondence referenced herein to this Motion to Compel. However, should Plaintiff dispute the content of that correspondence or should the Court wish to review that correspondence, Marty Shoes will do so.

*second* letter by fax and mail to Plaintiff, asking that Plaintiff's responses be provided by October 20, 2000, so Marty Shoes would have those responses in order to prepare its Motion for Summary Judgment. Plaintiff did not respond to this letter, and Plaintiff's answers were not provided when Marty Shoes submitted its Motion for Summary Judgment on November 3, 2000.

On **October 30, 2000**, after the unsuccessful attempt to mediate this case, Plaintiff again promised to provide her answers to the Second Interrogatories shortly. On **November 13, 2000**, still having received nothing, undersigned counsel sent a ***third*** letter by fax and mail to Plaintiff, asking that Plaintiff's Answers be provided by November 16, 2000. Nothing was provided, forcing Marty Shoes to resort to this Motion.

Despite Marty Shoes' repeated attempts to obtain Plaintiff's answers to its Second Set of Interrogatories and despite Plaintiff's repeated promises that those answers would be provided, Marty Shoes has received nothing. Facing an upcoming trial, and almost two months after those answers were due, Marty Shoes is entitled to have Plaintiff's Responses to its Second Interrogatories now, in order to prepare the Pretrial Stipulation and to prepare for trial.

**B.    Plaintiff's failure to produce a responsive document.**

In her Amended Complaint, Plaintiff alleged that she "complained about [ ] racial discrimination at the [Marty Shoes] store" where she worked. (Amended Complaint, ¶ 7g)(DE 8).

In her sworn deposition on October 10, 2000, Plaintiff testified that she wrote a letter to Stanley Dzioba, of Marty Shoes, complaining of discrimination. (*See* Plaintiff's Depo., 250/20-23)(DE 27). Plaintiff "think[s]" she still has a copy of the letter in her possession. (Plaintiff's

Depo., 250/24-251/4)(DE 27).[3]  This letter has **_not been produced_** by Plaintiff in this case, despite that fact that it is clearly responsive to at least **_three_** separate requests made by Marty Shoes.

More specifically, in Marty Shoes First Requests for Production in this case, served on February 15, 2000, Marty Shoes requested from Plaintiff produce "[d]ocuments supporting or relating to" the assertion from her Amended Complaint which is quoted above (Request No. 8). Marty Shoes further requested from Plaintiff "[d]ocuments you have [ ] provided to [Marty Shoes] that relate to your claims in this action." (Request No. 17).  In addition, Marty Shoes requested "[d]ocuments which reflect communications between you and any current or former employee of [Marty Shoes] which relate to your claims in this action." (Request No. 18).[4]

Clearly, Plaintiff's letter to Mr. Dzioba falls well within the scope of these discovery requests.  Plaintiff agreed to produce "all of plaintiff's documents in [her] possession" in response to Marty Shoes' First Request for Production.[5]

On **October 17, 2000**, a week after Plaintiff's deposition, in a letter sent by fax and mail, undersigned counsel requested that Plaintiff produce a copy of her letter to Dzioba by October 20, 2000.  Plaintiff did not do so.  On **November 13, 2000**, in a letter sent by fax and mail, undersigned counsel **_again_** requested that Plaintiff produce a copy of her letter by November 16, 2000.  Plaintiff did not.

---

[3] Neither Mr. Dzioba nor Marty Shoes has any record of receiving any such letter from Plaintiff.

[4] Pursuant to Southern District of Florida Local Rule 26.1C, Marty Shoes' First Requests for Production are attached hereto at **Tab 2**.

[5] *See* **Tab 3**.

Plaintiff should be ordered to produce this document pursuant to Federal Rules of Civil Procedure 34 and should be made to reimburse Marty Shoes for the costs of bringing this motion.[6]

## III.    ARGUMENT AND MEMORANDUM OF LAW.

A litigant who serves discovery is entitled to a response to that discovery. Under Federal Rule of Civil Procedure 33, Marty Shoes was entitled to a response to its Third Interrogatories to Plaintiff by September 29, 2000. Plaintiff's *complete* failure to respond, in the over 80 days since those Interrogatories were served and the over 50 days since her responses were due, is inexcusable.

Federal Rule of Civil Procedure 37 provides that "[i]f a party [ ] fails [ ] to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories [ ] the court in which the action is pending on motion may make such orders in regard to the failure as are just" including the award of reasonable expenses, including attorney's fees, caused by the failure. Fed.R.Civ.P. 37(d).[7]

As Plaintiff has failed to raise any objections to any interrogatory served upon her in Marty Shoes' Second Set of Interrogatories, Plaintiff's objections should be deemed waived and Plaintiff should be ordered to respond to Marty Shoes' Second Set of Interrogatories within ten (10) days and to produce the unproduced letter.

Further, having forced Marty Shoes to resort to this Motion by her complete failure to respond to Marty Shoes' Second Set of Interrogatories, and her failure to produce a clearly

---

[6] Marty Shoes reserves its right to seek other relief, including but not limited to a motion in limine, due to Plaintiff's failure to produce this letter.

responsive document, Plaintiff should be made to reimburse Marty Shoes for the conduct by her which necessitated this Motion.[8]

WHEREFORE, Defendant Marty Shoes requests that the Court enter an Order: 1) compelling Plaintiff to respond to Marty Shoes' Second Set of Interrogatories, within ten (10) days of the date of the Order; 2) deeming any objection by Plaintiff to Marty Shoes' Set of Interrogatories as waived based on Plaintiff's complete failure to respond; 3) ordering Plaintiff to produce a copy of the letter she sent to Mr. Dzioba within ten (10) days of the date of the Order; 4) ordering Plaintiff to pay to Marty Shoes, within ten (10) days of the date of the Order, the amount of $307.50, as reasonable expenses, including attorney fees, incurred in the preparation and filing of this Motion; and 5) ordering such other relief as the Court deems appropriate.[9]

Respectfully submitted,

**HOLLAND & KNIGHT LLP**
Attorneys for Defendant
One East Broward Boulevard, Suite 1300
Post Office Box 14070 (33302-4070)
Fort Lauderdale, Florida 33301
(954) 525-1000
(954) 463-2030 – fax
email: egabriel@hklaw.com

By: _____
Thomas H. Loffredo, for the Firm.
Florida Bar No. 870323
Eric K. Gabrielle, for the Firm.
Florida Bar No. 160725

---

[7] Federal Rule of Civil Procedure 34(b) and 37(a)(2)(B) provide for comparable relief in the case of unproduced documents.

[8] Marty Shoes has incurred $307.50 in legal fees in the preparation and filing of this Motion, and requests that Plaintiff be ordered to reimburse Marty Shoes in that amount.

[9] A proposed Order is attached at **Tab 4**.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by fax and mail to Stewart L. Karlin, Esq., Attorney for Plaintiff, 400 S.E. 8th Street, Fort Lauderdale, Florida 33316, this **20th** day of November, 2000.

> HOLLAND & KNIGHT LLP
> Attorneys for Defendant
> One East Broward Boulevard
> Suite 1300
> Post Office Box 14070
> Fort Lauderdale, Florida 33302-4070
> (954) 525-1000
> (954) 463-2030   fax
>
> By: _____
> Thomas H. Loffredo, for the Firm.
> Florida Bar No. 870323
> Eric K. Gabrielle, for the Firm.
> Florida Bar No. 160725

FTL1 #518276 v1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

DENISE BROOKINS,

      **Plaintiff,**

vs.

MARTY'S SHOES, INC.,

      **Defendant.**

_____/

### NOTICE OF SERVING SECOND SET OF INTERROGATORIES BY DEFENDANT MARTY SHOES, INC.

Defendant Marty Shoes, Inc., through undersigned counsel and pursuant to Federal Rules

of Civil Procedure 26 and 33 and Southern District of Florida Local Rule 26.1, gives notice that

on this date, it served Plaintiff Denise Brookins with its Second Set of Interrogatories, numbered

1 through 22.

                         **HOLLAND & KNIGHT LLP**
                         Attorneys for Defendant
                         One East Broward Boulevard, Suite 1300
                         Fort Lauderdale, Florida 33301
                         (954) 525-1000 - telephone
                         (954) 463-2030 - facsimile

                         By: _____
                                Thomas H. Loffredo
                                Florida Bar No. 870323
                                Eric K. Gabrielle
                                Florida Bar No. 160725

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via **facsimile** with an original and one copy by **U.S. mail** to Stewart Lee Karlin, Esquire,

Attorney for Plaintiff, 400 S.E. 8th Street, Ft. Lauderdale, Florida 33316, this **30**$^{th}$ day of August,

2000.

**HOLLAND & KNIGHT LLP**
Attorneys for Defendant
One East Broward Boulevard, Suite 1300
Fort Lauderdale, Florida 33301
(954) 525-1000 – telephone
(954) 463-2030 – facsimile

By: _____
Thomas H. Loffredo
Florida Bar No. 870323
Eric K. Gabrielle
Florida Bar No. 160725

55678-1

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

DENISE BROOKINS,

     Plaintiff,

vs.

MARTY'S SHOES, INC.,

     Defendant.

_____/

## DEFENDANT'S SECOND SET OF INTERROGATORIES TO PLAINTIFF

Defendant, Marty Shoes, Inc. ("Marty Shoes"), propounds the following interrogatories upon Plaintiff Denise Brookins and requests that they be answered separately, fully and under oath within thirty (30) days of service pursuant to Fed.R.Civ.P. 33 and S.D. Fla. L.R. 26.1 G.

### DEFINITIONS

(a) The words "you," "yours" and/or "yourselves" mean Plaintiff Denise Brookins and any agents, representatives or other persons acting, or purporting to act, on your behalf.

(b) The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

(c) "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

(d) The word "document" shall mean any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

(e) "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(f) "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

(g) The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(h) The terms "third party" or "third parties" refers to individuals or entities that are not a party to this action.

(i) The term "action" shall mean the case entitled Denise Brookins v. Marty Shoes, Inc., Case Number 00-6002-CIV-(UNGARO-BENAGES/Brown), pending in the United States District Court for the Southern District of Florida.

(j) The word "identify," when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile, etc.), (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

(k) The word "custodian" refers to the person (as defined herein) that has charge of any document (as defined herein).

## INSTRUCTIONS

If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information pursuant to S.D. Fla. L.R. 26.1.G.6.(b), unless divulging the information would disclose the privileged information:

(1) the nature of the privilege claimed (including work product);

(2) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(3) the date of the document or oral communication;

(4) if a document: its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

(5) if an oral communication; the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6) the general subject matter of the document or oral communication.

**You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Fed. R. Civ. P. 26(e).**

## INTERROGATORIES

1.  What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with you?

2.  Please describe all facts and identify all documents supporting or relating to your contention, made in paragraph 7 of your Amended Complaint, that you "believe[ ] that [you have] been subjected to different terms, conditions and privileges of employment by reason of [your] race, color, and retaliation which caused your termination."

3. Please describe all facts and identify all documents supporting or relating to your contention, made in paragraph 7 of your Amended Complaint, that you were "terminated for conduct that similarly situated Caucasian employees were not even disciplined for."

4. Please describe all facts and identify all documents supporting or relating to your contention, made in paragraph 7 of your Amended Complaint, that you were "terminated for pre-textual reasons."

5.  Please describe all facts and identify all documents supporting or relating to your contention, made in paragraph 7 of your Amended Complaint, that you were subjected to "biased counseling."

6. Please describe all facts and identify all documents supporting or relating to your contention, made in paragraph 7 of your Amended Complaint, that your "hours of employment" were "steadily reduced" for "no apparent reason."

7. Please describe all facts and identify all documents supporting or relating to your contention, made in paragraph 7 of your Amended Complaint, that "derogatory remarks" were "uttered [ ] at [you]."

8. Please describe all facts and identify all documents supporting or relating to your contention, made in paragraph 7 of your Amended Complaint, that you were subjected to "other discriminatory conduct."

9. Please describe all facts and identify all documents supporting or relating to your contention, made in paragraph 7 of your Amended Complaint, that you "complained about the racial discrimination at the store in the Sawgrass Mall by her manager (Polish-Caucasian)."

10. Please describe all facts and identify all documents supporting or relating to your contention, made in paragraph 8 of your Amended Complaint, that "no investigation was done and [your manager] further retaliated against [you] which caused [your] termination."

11. Please describe all facts and identify all documents supporting or relating to your contention made in paragraph 9 of your Amended Complaint, that you were "denied equal terms, privileges and conditions of employment which caused [your] termination by reason of race and retaliation."

12. Please describe all facts and identify all documents supporting or relating to your contention, made in paragraph 10 of your Amended Complaint, that "[a]s a result of the foregoing conduct by defendant, [you] lost wages, salary, suffered pain and suffering, and employment benefits in excess of fifteen thousand dollars."

13. Please describe all facts and identify all documents supporting or relating to your contention, made in paragraph 13 of your Amended Complaint, that you were "denied [ ] a contractual benefit (continued employment) for the sole reason that plaintiff is black and retaliation."

14. Please identify all documents reflecting your entitlement to "back wages," "related monetary benefits," "general damages for pain and suffering and humiliation" and "special damages incurred as a result of defendant's conduct, and punitive damages" which you seek in your Amended Complaint.

15. If you contend that Stanley Dzioba engaged in any unlawful act(s) against you on any basis, state:

      (a)     on what basis?

(b)     what personal (or other) information do you have regarding Stanley Dzioba's motivation for engaging in such unlawful act(s)?

(c)     what facts to you have to support your belief that Stanley Dzioba engaged in any unlawful act(s) against you?

16. If you contend that Roma Rybitwa engaged in any unlawful act(s) against you on any basis, state:

     (a)    On what basis?

(b)    what personal (or other) information to you  have regarding Roma Rybitwa's motivation for engaging in such unlawful act(s)?

(c)    what facts do you have to support your belief that Roma Rybitwa engaged in any unlawful act(s) against you?

17. If you contend that any person at Marty Shoes other than Stanley Dzioba and Roma Rybitwa engaged in any unlawful act(s) against you on any basis, state:

      (a)     the identity of each such person(s):

(b)     on what basis?

(c)     what personal (or other) information do you have regarding the motivation of any such person(s) for engaging in such unlawful act(s)?

(d)    What facts do you have to support your belief that any such person(s) engaged in any unlawful act(s) against you on any basis?

18. Please describe all efforts taken by you to minimize or mitigate any and/or all of the damages allegedly caused to you by Marty Shoes and the results of those efforts and please identify all documents which support or relate to the conclusion that such efforts were made.

19. If your response to any Request for Admission served upon you in this matter is other than an unqualified admission, state in detail each fact upon which you rely to support your denial.

20. Please identify and describe with particularity each act, or failure to act, by Marty Shoes which has caused the alleged damage to you for which you seek relief as requested in your Amended Complaint.

21. Please describe with particularity the damages allegedly caused to you by Marty Shoes by each act, or failure to act, described in your response to Interrogatory No. 20 above, and identify each documents which reflects that you have incurred said damages.

22. Please state or identify:

(a)     The exact nature of the damages sought for each of the acts identified in your response to Interrogatory No. 20 and No. 21 above (including but not limited to actual, economic, reliance, punitive, consequential);

(b)     The specific dollar amount of the damages claimed by you, separately stating the amount for each type of damage identified in your response to Interrogatory No. 20 and 21 above.

(c)    How you calculated the dollar amount of the damages claimed by you; identifying the method used to calculate the dollar amount of each type of damages alleged in your response to Interrogatory No. 20 and 21 above.

(d)    The identity of each person calculating each category of damages claimed by you (and the identity of each person who will do so at trial, if different);

(e)     The identity of each person who will testify at trial that the acts of Marty Shoes caused you damages (in answering, include all witnesses [fact and expert] and a concise synopsis of the substance of each witnesses anticipated testimony;

(f)     The identity of each person who will testify at trial as to the amount of the damage allegedly caused by Marty Shoes ((in answering, include all witnesses [fact and expert] and a concise synopsis of the substance of each witnesses anticipated testimony);

31

(g)    The identity of all documents on which you intend to rely to support your damage claims against Marty Shoes.

## **VERIFICATION**

I swear or affirm that the answers provided to the foregoing are true and correct.

_____
DENISE BROOKINS

STATE OF FLORIDA

COUNTY OF _____

BEFORE ME, the undersigned authority, personally appeared Denise Brookins, who being first duly sworn, and is personally known to me or has produced _____as identification, deposes and says that he has read and signed the foregoing interrogatory answers and that the answers are true and correct.

SWORN TO and subscribed before me this _____ day of _____, 2000.

_____
Printed Name:_____
Notary Public
Commission No.:_____

My Commission Expires:

FTL1 #505938 v1

33

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION

Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

DENISE BROOKINS

      Plaintiff,

vs.

MARTY SHOES, INC.

      Defendant.

_____/

## DEFENDANT MARTY SHOES, INC.'S FIRST REQUEST
## FOR PRODUCTION TO PLAINTIFF DENISE BROOKINS

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rules of Civil Procedure 26 and

34 and Southern District of Florida Local Rule 26.1, Defendant Marty Shoes, Inc.,

("Defendant"), serves upon Plaintiff Denise Brookins its First Request for Production of

Documents, and requests that Plaintiff produce for inspection and copying, or forward

copies to counsel, at the following address:  Holland & Knight LLP, One East Broward

Boulevard, Suite 1300, Fort Lauderdale, Florida 33301, or at a place agreed upon by

counsel, within thirty (30) days of service hereof, each document responsive to the following

requests:

1

## DEFINITIONS AND INSTRUCTIONS

1.     When answering these Requests, please furnish all documents known to or in the possession of Plaintiff Denise Brookins or her agents, representatives, or attorneys. If any Request asks for a document no longer in such custody, possession or control, please identify the document and indicate when and how it was disposed of, and identify each person, if any, who now possesses or controls such documents.

2.     If, after exercising due diligence to secure the documents requested, a Request cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis for your inability to satisfy the remainder of the Request, producing whatever information, knowledge or documents Plaintiff has concerning the unanswered portion.

3.     If a claim of privilege is asserted concerning any document sought, please:

  (a)    identify such document with sufficient particularity to allow the matter to be brought before the Court;

  (b)    state the nature of the privilege asserted; and

  (c)    state the factual basis for the privilege claim.

4.     Pursuant to the Federal Rules of Civil Procedure, these requests are deemed to be continuing. At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

2

5.    The terms "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

6.    The terms "you," and "your" and "Plaintiff" refer to Plaintiff Denise Brookins.

7.    The word "document" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in the possession, custody or control of the Plaintiff or of any other person or persons, representatives, agents or attorneys acting on behalf of the Plaintiff, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand:    affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter. **All documents responsive to each request should be produced.**

3

8.    The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, and all other forms of written exchange.

9.    Documents should be labeled to indicate the specific Requests for Production to which the documents respond.

## DOCUMENTS TO BE PRODUCED

1.    Documents supporting or relating to your assertion that you have "been subjected to different terms, conditions and privileges of employment by reason of [your] race, color and retaliation which caused [your] termination" as you contend in paragraph 7 of your Amended Complaint.

2.    Documents supporting or relating to your assertion that you were "terminated for conduct that similarly situated Caucasian employees were not even disciplined for" as you contend in paragraph 7a. of your Amended Complaint.

3.    Documents supporting or relating to your assertion that you were "terminated for pre-textual reasons" as you contend in paragraph 7b. of your Amended Complaint.

4.    Documents supporting or relating to your assertion that you were subjected to "biased counselling" as you contend in paragraph 7c. of your Amended Complaint.

5.    Documents supporting or relating to your assertion that you were subjected to "steadily reduced [ ] hours of employment for no apparent reason" as you contend in paragraph 7d. of your Amended Complaint.

4

6.     Documents supporting or relating to your assertion that you were subjected to "derogatory remarks" were "uttered at [you]" as you contend in paragraph 7e. of your Amended Complaint.

7.     Documents supporting or relating to your assertion that you were subjected to "other discriminatory conduct" as you contend in paragraph 7f. of your Amended Complaint.

8.     Documents supporting or relating to your assertion that you "complained about the racial discrimination at the store in the Sawgrass Mall by [your] manager (Polish-Caucasian)" as you contend in paragraph 7g. of your Amended Complaint.

9.     Documents supporting or relating to your assertion that you "no investigation was done and [your manager] further retaliated against [you] which also caused [your] termination" as you contend in paragraph 8. of your Amended Complaint.

10.     Documents supporting or relating to your assertion that you "were denied equal terms, privileges and conditions of employment which caused [your] termination by reason of [your] race and retaliation" as you contend in paragraph 9 of your Amended Complaint.

11.     Documents supporting or relating to your assertion that you have "lost wages, salary, suffered, pain and suffering, and employment benefits" as you contend in paragraph 10 of your Amended Complaint.

12.     Documents supporting or relating to your assertion that "it has been necessary for [you] to engage the services of an attorney to file and prosecute this action" as you contend in paragraph 11 of your Amended Complaint.

13.    Documents supporting or relating to your assertion that you were "denied a contractual benefit (continued employment) for the sole reason that [you] are black and retaliation", as you contend in paragraph 13 of your Amended Complaint.

14.    Documents supporting or relating to your assertion that you have been deprived of your "right to make and enforce contracts and receive the full and equal benefit of all laws and proceedings for the security of persons and property, as guaranteed by Section 1981 of Title 42 of the United States Code" as you contend in paragraph 14 of your Amended Complaint.

15.    Documents sent by you or your counsel to, or received by your or your counsel from, the Equal Employment Opportunity Commission, the Florida Commission on Human Relations, or to any other federal, state or local governmental agency that relate to your claims in this action.

16.    Documents you have received from any insurance carrier that relate to your claims in this action.

17.    Documents you have received from or provided to Defendant that relate to your claims in this action.

18.    Documents which reflect communications between you and any other current or former employee of Defendants which relate to your claims in this action.

19.    Documents memorializing statements made by any witnesses regarding your claims against or complaints in this action.

20.    Documents from you or any person acting for you, to any non-party witness or deponent that relate to your claims in this action.

6

21.    Documents to you or any person acting for you, from any non-party witness or deponent that relate to your claims in this action.

22.    Documents reflecting notes taken by you (or any person acting for you), during any telephone conversation(s) or meeting(s) between you and any non-party that relate to this litigation.

23.    Documents, including diaries, calendars, notes, schedules and chronologies, created or maintained by you which records or relates to your employment with Defendant(s).

24.    A complete copy of all journals, diaries, daily log books, appointment books, calendars, memoirs, daybooks, ledgers, logs, notebooks, note pads, and/or engagement books written in or maintained by you from the date of your first employment with Defendant(s) to the present.

25.    Documents received by you from non-parties pursuant to a release executed by you or otherwise or obtained by you pursuant to a request or subpoena to non-parties.

26.    Document identified, reviewed or relied upon in preparing your response to Defendant's First Set of Interrogatories to Plaintiff.

27.    Documents obtained by you from Defendant(s) during your employment with Defendant(s), including all documents regarding your duties as an employee of Defendant(s) and all documents relating to employee sales performance standards.

28.    Documents prepared by or for any expert contacted by you which record relates to the facts and opinions upon which the expert is expected to testify.

7

29.    Documents provided by you to any expert, or received by you from any expert, contacted regarding this matter.

30.    Document that records attorneys' fees charged or chargeable to you in connection with this litigation, including any fee agreement or any retainer agreement between you and your attorneys.

31.    Your income tax returns from the year your employment with Defendant(s) terminated to the present.

32.    Documents reflecting income you have received from the date your employment with Defendant(s) terminated to the present.

33.    Documents reflecting expenses you have incurred to obtain income from the date your employment with Defendant(s) terminated to the present.

> HOLLAND & KNIGHT LLP
> Attorneys for Defendant
> One East Broward Boulevard, Suite 1300
> Post Office Box 14070
> Fort Lauderdale, Florida  33302-4070
> (954) 525-1000
> (954) 463-2030 fax
> email:  tloffred@hklaw.com
> email:  egabriel@hklaw.com
>
> By:    _____
>        Thomas H. Loffredo
>        Florida Bar No. 870323
>        Eric K. Gabrielle
>        Florida Bar No. 160725

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by

**facsimile (954) 462-3151** and United States mail to Stewart L. Karlin, Esq., Attorney for

Plaintiff, 400 S.E. 8th Street, Fort Lauderdale, Florida 33316, this **15th** day of February,

2000.

> HOLLAND & KNIGHT LLP
> Attorneys for Defendant
> One East Broward Boulevard, Suite 1300
> Post Office Box 14070
> Fort Lauderdale, Florida  33302-4070
> (954) 525-1000
> (954) 463-2030 fax
> email:  tloffred@hklaw.com
> email:  egabriel@hklaw.com
>
> By: _____
>     Thomas H. Loffredo
>     Florida Bar No. 870323
>     Eric K. Gabrielle
>     Florida Bar No. 160725

FTL1-345631.1

9

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

DENISE BROOKINS,                                   CASE NO.: 00-6002-CIV-UNGARO-BENAGES

        Plaintiff,

v.                                                 **PLAINTIFF'S DOCUMENT**
                                                   **PRODUCTION RESPONSES**

MARTY SHOES, INC.,

        Defendant.
_____/

**S I R S:**

    Plaintiff by his attorney, STEWART LEE KARLIN, hereby make their responses to

defendants' first set of document production request.  These responses are made without

waiver and with preservation of:  All questions as to competency, relevancy, materiality,

privilege and admissibility of the responses and the subject matter thereof as evidence for

any purpose in any further proceeding in this action, and in any other action.

    The right at any time to revise, correct, add to, supplement or clarify any of the

responses and any further responses and are made expressly without acknowledgment

of materiality and relevance.

## DOCUMENT PRODUCTION RESPONSES

**Response Nos. 1, through 20:**

Plaintiff will make available for inspection and copying all of plaintiff's documents in his possession, and will sign appropriate authorizations regarding medical records.

Dated: April 5, 2000
      Ft. Lauderdale, Florida

STEWART LEE KARLIN, ESQ.
400 S.E. 8 STREET
Fort Lauderdale, Florida 33316
(954) 462-1201
Attorney for Plaintiff
Fla Bar No. 961159

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by U.S.

Mail to: Thomas H. Loffredo, Esq., Holland & Knight, LLP, 1 East Broward Blvd., Suite

1300, P.O.Box 14070 Fort Lauderdale, Florida  33302, on this 5th day of April, 2000.

STEWART LEE KARLIN, ESQ.
400 Southeast Eighth Street
Fort Lauderdale, Florida 33316
(954) 462-1201

3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

DENISE BROOKINS,

        Plaintiff,

v.

MARTY SHOES, INC.,

        Defendant.

_____/

### ORDER

THIS CAUSE came before the Court on Defendant Marty Shoes, Inc.'s Motion and Memorandum of Law to Compel Answers to Interrogatories and Production of Documents (DE ___). The Court, having reviewed the written submissions of the parties and being otherwise fully advised in the premises, it is hereby

ORDERED that Defendant's Motion is **GRANTED.** Within ten (10) days of the date of this Order, Plaintiff Denise Brookins shall: 1) fully and completely respond to Defendant's Second Set of Interrogatories, for which any objections are deemed waived by virtue of Plaintiff's failure to respond earlier; 2) produce a copy of her letter to Stanley Dzioba, as described in Defendant's Motion; and 3) pay to Defendant, through Defendant's counsel, the sum of Three Hundred Seven Dollars and Fifty Cents ($307.50), representing Defendant's attorney fees and costs incurred in making its Motion.

DONE AND ORDERED in Chambers, in Miami, Florida, this _____ day of November 2000.

                                  _____
                                  URSULA UNGARO-BENAGES
                                  United States District Judge

Copies to:
counsel of record.