UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DENISE BROOKINS,

        Plaintiff,

v.

MARTY'S SHOES OF NEW JERSEY, INC.,

        Defendant.
_____/

Case No.: 00-6002-CIV
UNGARO-BENAGES



**PLAINTIFF'S VERIFIED RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 7.5**

    Plaintiff, DENISE BROOKINS herein in files her response to defendant's statement of undisputed facts:

    1. Plaintiff admits the allegations contained in paragraph numbered "1" in defendants' statement of undisputed facts.

    2. Plaintiff admits the allegations contained in paragraph numbered "2" in defendants' statement of undisputed facts.

    3. Plaintiff denies the allegations contained in paragraph numbered "3" in defendants' statement of undisputed facts.

    4. Plaintiff admits the allegations contained in paragraph numbered "4" in defendants' statement of undisputed facts.

    5. Plaintiff denies the allegations contained in paragraph numbered "5" to the extent that she had attendance problems, however, she did requests like other employees that her school schedule be accommodated.

    6. Plaintiff admits the allegations contained in paragraph numbered "6" of

defendant's statement of undisputed facts.

7. Plaintiff admits the allegations contained in paragraph numbered "7" of defendant's statement of undisputed facts except denies that there was a conflict.

8. Plaintiff denies the allegations contained in paragraph numbered "8" in defendants' statement of undisputed facts since plaintiff's hours were steadily reduced to the point that she was working only one hour a week.

9. In connection with paragraph numbered "9", Plaintiff admits only that there were arguments but the arguments were over the disparate treatment of the store manager as set forth in my affidavit.

10. In connection with paragraph numbered "10", Plaintiff admits only that there were arguments where both the store manager and plaintiff lost their temper but the arguments were over the disparate treatment of the store manager as set forth in my affidavit and denies all other allegations in the paragraph.

11. In connection with paragraph numbered "11", Plaintiff denies the allegations in the paragraph and states that her hours were dramatically reduced as a result of the complaints of discrimination made to the District Manager orally and in writing and in writing to Mr. Adams.

12. In connection with paragraph numbered "12", Plaintiff denies the allegations in the paragraph but except admits only that her employment came to an end while her manager was on vacation.

13. Plaintiff admits the allegations contained in paragraph numbered "13" of defendant's statement of undisputed facts except that she was told that there was no longer any work available to her.

14. Plaintiff denies the allegations in paragraph numbered 14 and states that she was advised that she was separated due to a complaint from a co-worker.

15. Plaintiff admits the allegations in paragraph numbered 15 but states that new management came in and let the entire staff go at the same and the reason provided were not true.

16. Plaintiff denies the allegations in paragraph numbered 16.

17. Plaintiff admits the allegations contained in paragraph numbered "17" in defendants' statement of undisputed facts.

18. Plaintiff admits the allegations contained in paragraph numbered "18" except states that she only asked that her schedule be changed once due to a conflict with her school schedule.

19. Plaintiff admits the allegations contained in paragraph numbered "19".

STEWART LEE KARLIN, ESQ.
Attorney for Plaintiff
400 SE 8th Street
Fort Lauderdale, Florida 33316
(954) 462-1201
Fla Bar No.: 961159

    I have read the forgoing Statement of Undisputed Material Facts and do solemnly swear that they are true and correct to the best of my knowledge and belief.

_____
DENISE BROOKINS


**STATE OF FLORIDA** )
)
**COUNTY OF BROWARD** )


On this 29th day of Nov_____, 2000, BEFORE ME, the undersigned authority, personally appeared DENISE BROOKINS, who is ✓ personally known to me or who has produced proper identification ___, that he is the plaintiff in the foregoing lawsuit and the responses contained herein are true and correct to the best of her knowledge and belief.


Stewart L Karlin
My Commission CC838297
Expires May 18, 2003


Stewart L Karlin
...ion CC838297
Expires May 18, 2003

_____
Notary Public, State of Florida

Stewart Karlin
_____
Printed Notary Name

My Commission Expires:

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by U.S. Mail to: Thomas H. Loffredo, Esq., Holland & Knight, LLP, 1 East Broward Blvd., Suite 1300, P.O. Box 14070 Fort Lauderdale, Florida 33302, on this 30th day of November, 2000.

STEWART LEE KARLIN, ESQ.
Florida Bar No.: 0961159
400 Southeast Eighth Street
Fort Lauderdale, Florida 33316
(954) 462-1201