### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

#### Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

DENISE BROOKINS,

    **Plaintiff,**

vs.

MARTY'S SHOES, INC.,

    **Defendant.**

_____/

### JOINT PRETRIAL STIPULATION

Pursuant to Southern District of Florida Local Rule 16.1E and the Court's Scheduling Order for Pretrial Conference and Trial (DE 15), undersigned counsel for Defendant Marty Shoes, Inc., and Plaintiff Denise Brookins submit their Joint Pretrial Stipulation.

**I.**     **STATEMENT OF THE CASE.**

    **A.**     **Plaintiff's Concise Statement of the Case.**

Plaintiff commenced suit in State Court claiming that she was discriminated against by reason of her race (African-American) and retaliation. Plaintiff was employed as a part-time sales person at Marty Shoes from approximately November, 1995 to June, 1996. When she was initially employed, she worked approximately twenty hours a week. It should be noted that she was the only African-American employed in the store and that a number of employees were hired by Roma Rybitha but none of them were African-American.

Plaintiff's initial supervisor was Carmen plaintiff and had no significant problems until a new supervisor Roma Rybitha (Caucasian-Polish) became the store manager. Shortly thereafter, in approximately one or two months, plaintiff noticed a significant difference in the way she was being treated as opposed to the other staff who were either Caucasian or Hispanic.

For example, plaintiff was not allowed to go to the rest room without first notifying the manager. Plaintiff was the only employee that was not allowed to answer the employer's telephone. Plaintiff was the only employee that was subjected to biased stereotyping by Roma

Rybitha. Plaintiff was called a street person, thug, you people and drug addict and am not the right person to work there.

At the end of plaintiff's shift she was the only employee that had to display her shoes to Roma Rybitha to make sure that she was not stealing. Plaintiff was the only employee that could not take a reasonable lunch break. In other words, her lunch breaks were closely monitored. In this small store, she never observed Roma Rybitha monitor other employees' lunch break.

Plaintiff was the only employee in the store that could not go to the front cashier's for shoe assistance. Other employees such as Gonzalez, Torres, Torres, Ching, Anna and Peter were told not to talk to plaintiff and thus she was isolated from her coworkers. Plaintiff's breaks were limited to 10 minutes break time when the non-African employees such as Gonzalez, Torres, Torres, Ching, Anna and Peter had 15-30 minutes of break time.

In addition, store privileges were not the same either. For example, shoes that were damaged were discounted to the customer but plaintiff was not allowed to discount the shoes to her customers. However, plaintiff personally observed other non-African employees who were allowed to give significant discounts to their customers such as Gonzalez, Torres, Torres, Ching, Anna and Peter.

Plaintiff was told by her store manager (Roma) to closely observe African-Americans when they were shopping at the store. During the last two months of plaintiff's employment, her hours began to be steadily reduced. Plaintiff complained to the District Manager, Stanley Dzioba who refused to acknowledge her complaints of racial discrimination regarding her store manager and did not investigate plaintiff's complaints. In addition, plaintiff also complained to Mr. Adams, V.P. in Marty's corporate offices in writing as well, a copy was sent to the district manager. Immediately after plaintiff's complaints, she was retaliated against by having her hours reduced even further. In fact, during the last weeks of plaintiff's employment, she was scheduled to work only one hour a week.

This was profoundly humiliating to plaintiff that the District Manager and Store Manager would schedule her for only one hour a week. Thus, plaintiff was forced in order to keep her job to come to work for one hour, once a week. Plaintiff saw the schedule posted almost every week, and no other employee (she was the only African-American employee in the store and numerous employees were hired by the store manager, Roma Rybitha, and none were African-

Americans). To plaintiff's knowledge none of these employees had ever been scheduled to work one hour a week.

Although there is policy of providing written counseling for performance and conduct that falls below standard, plaintiff never received a written counseling that her conduct or performance was somehow deficient except coming in late once. The reason plaintiff was never warned is that performance and conduct were at or above standards.

### B.    Defendant's Concise Statement of the Case.

Plaintiff cannot establish a case of either discrimination or retaliation against Marty Shoes. Plaintiff cannot show that she was qualified to remain an employee of Marty Shoes --based on her demonstrated inability to get along with her manager. Nor can she show that she was subjected to any adverse action for which there is no legitimate nondiscriminatory and nonretaliatory reason.

There is a clear legal distinction between personal animosity among employees and unlawful conduct by an employer. It is undisputed that Plaintiff argued more than once a day with Roma Rybitwa, her manager at the Marty Shoes store where she worked and undisputed that she lost her temper with Ms. Rybitwa numerous times. After months of such conflict, Plaintiff was fired.

More specifically, in the three months before Plaintiff was fired in late June of 1996, she had more than one argument a day with Ms. Rybitwa. Those arguments were over numerous issues – including job methods, Plaintiff's use of the store phone to make a personal call, Plaintiff's work attire, the way Plaintiff answered the store phone, Plaintiff's leaving the store to cash her paycheck, and on an occasion when Ms. Rybitwa believed four customers had stolen a pair of shoes from the store. No other employee had such arguments or conflicts with Ms. Rybitwa. As the conflicts between Plaintiff and Ms. Rybitwa continued into April, May and June, Plaintiff's work hours steadily decreased until she was eventually taken off the work schedule altogether.

But it is not illegal for Ms. Rybitwa to dislike Plaintiff or argue with her – nor is Ms. Rybitwa prohibited from favoring other employees over Plaintiff or from disciplining or firing Plaintiff because of mutual dislike. Applicable law clearly provides that personal animosity, without more, does not support a finding of discrimination  -- even if the animosity exists between an employee and a supervisor. Nor can such personal animosity constitute a basis for a

retaliation claim. But it does constitute a legitimate, nondiscriminatory and nonretaliatory reason for Plaintiff 's hours to be reduced and for her to be discharged.

Further, even if Plaintiff somehow prevails on her theories of discrimination or retaliation, there are no economic damages she can recover. Plaintiff found -- and then was fired for inappropriate or insubordinate conduct from – a series of jobs after she worked at Marty Shoes.

## II.  BASIS OF FEDERAL JURISDICTION.

Plaintiff's one-Court Amended Complaint (DE 8) seeks relief under 42 U.S.C. § 1981. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## III.  PLEADINGS RAISING THE ISSUES.

- Plaintiff's Amended Complaint (DE 8);

- Defendant's Answer, Defenses and Affirmative Defenses (DE 12).

## IV.  LIST OF UNDISPOSED MOTIONS OR MATTERS REQUIRING JUDICIAL ACTION.

- Defendant's Motion and Memorandum of Law for Summary Judgment (DE 21);

- Defendant's Motion and Memorandum of Law to Compel Answers to Interrogatories and Production of Documents (DE 32).[1]

## V.  STATEMENT OF UNCONTESTED FACTS.

Plaintiff and Defendant present the following statement of uncontested facts which will require no proof at trial. The parties reserve the right to claim at the trial of this case that these facts are immaterial or otherwise inadmissible.

1.  Presently, Marty Shoes operates 89 retail stores throughout New Jersey and in New York, Connecticut and Florida, including a Marty's Shoes store in the Sawgrass Mills Mall, in Sunrise, Florida, where Plaintiff was employed from December of 1995 until June of 1996.

2.  Marty Shoes hired Plaintiff in December of 1995 to work as a salesperson in the Sawgrass Mills Mall store. In early 1996, Roma Rybitwa was promoted to Store Manager.

---

[1] Pursuant to the Court's Order (DE 33), discovery matters have been assigned to United States Magistrate Judge Stephen T. Brown for disposition.

and working more than twelve hours a week. Plaintiff complained to Ms. Rybitwa that she had been scheduled to work at times that conflicted with her class schedule, and Ms. Rybitwa changed Plaintiff's work schedule to accommodate her.

5.    Shortly thereafter, there was another conflict between Plaintiff's class schedule and her work schedule. Plaintiff complained to Ms. Rybitwa, who asked to see Plaintiff's class schedule and again changed Plaintiff's work schedule around her class schedule in order to accommodate her. After Ms. Rybitwa saw a copy of Plaintiff's class schedule, there was never another conflict between it and Plaintiff's work schedule.

6.    Soon thereafter, Plaintiff began to have regular conflicts and arguments with Ms. Rybitwa. In the three or so remaining months before Plaintiff was fired in late June of 1996, it is Plaintiff had ***more than one argument a day*** with Ms. Rybitwa.

7.    No other employee had such arguments or conflicts with Ms. Rybitwa.

8.    Plaintiff lost her temper with Ms. Rybitwa "numerous" times.

9.    As the arguments and conflicts between Plaintiff and Ms. Rybitwa continued into April, May and June, Plaintiff's work hours steadily decreased.

10.   Throughout the last few months of Plaintiff's employment, Ms. Rybitwa repeatedly expressed concerns about her working relationship with Plaintiff to then-District Manager Stanley Dzioba. Ms. Rybitwa described repeated conflicts and arguments with Plaintiff as well as Plaintiff's refusal to adhere to work rules, Plaintiff's use of workplace profanity, and her own personal fear of Plaintiff.

11.   Toward the end of Plaintiff's employment, Ms. Rybitwa told Mr. Dzioba that she had deliberately scheduled Plaintiff to work hours other than those when Ms. Rybitwa was on duty, so she could avoid working with Plaintiff. Mr. Dzioba advised Ms. Rybitwa to fire Plaintiff, but Ms. Rybitwa resisted – fearing that Plaintiff would react aggressively and harm her. Ms. Rybitwa ultimately arranged for the termination of Plaintiff's employment while Ms. Rybitwa was away on vacation.

12.   The week she was fired, Plaintiff visited the Sawgrass Mills Mall store and spoke with Ms. Rybitwa. Ms. Rybitwa told Plaintiff that she was going on vacation and that Plaintiff should speak to Stanley Dzioba about her work schedule for the following week. Then next day, Plaintiff visited the Sawgrass Mills Mall store where a note had been left for her indicating she should contact Mr. Dzioba.

13.   Plaintiff was fired from her job with ADT Automotive/Lauderdale-Miami Auto Auction ("ADT") in June of this year after being accused of harassing a coworker and saying inappropriate things to him.

6

3.    Plaintiff's pay records reflect her work hours as follows:  an average of 22 hours per pay period for January 1996 and February 1996; **16.75** hours for the pay period ending March 2, 1996; **16.00** hours for the period ending March 9, 1996; **16.25** hours for the pay period ending March 16, 1996; **14.75** hours for the pay period ending March 23, 1996; **9.50** hours for the pay period ending March 30, 1996; **4.75** hours for the pay period ending April 6, 1996; **12.25** hours for the pay period ending April 13, 1996; **6.00** hours for the pay period ending April 20, 1996; **9.00** hours for the pay period ending April 27, 1996; **3.00** hours for the pay period ending May 4, 1996; **3.00** hours for the pay period ending May 11, 1996; **3.00** hours for the pay period ending May 18, 1996; **5.00** hours for the pay period ending May 25, 1996; **1.00** hour for the pay period ending June 1, 1996; **1.00** hour for the pay period ending June 8, 1996; **2.00** hours for the pay period ending June 15, 1996; **3.00** hours for the pay period ending June 22, 1996; and **5.00** hours for the pay period ending June 29, 1996.

## VI.    STATEMENT OF FACTS REMAINING TO BE LITIGATED AT TRIAL.

Plaintiff and Defendant present the following statement of issues of fact which remain to be litigated at trial.  The parties have agreed that the following facts remain to be litigated solely for the purpose of this Joint Pretrial Stipulation without waiving their respective rights to claim at the trial of this case that any or all of those facts are immaterial or otherwise inadmissible.

**A.    Plaintiff contends the following facts remain to be litigated at trial.**

See Plaintiff's concise statement of facts.

**B.    Defendant contends the following facts remain to be litigated at trial.**

1.    Marty Shoes was founded in 1974 by Martin Samowitz, who is now over eighty years old and remains active in the management of the company.  The first Marty's Shoes Outlet store was in Little Ferry, New Jersey.  The current President of Marty Shoes is John Adams, who began with Marty Shoes as a stockboy and became the manager of the first Marty's Shoes store.[2]

2.    In March of 1996, Plaintiff began to have attendance problems, which Plaintiff says were a result of a conflict between her work schedule and her class schedule at Broward Community College (BCC), where she was a student.

3.    There were no conflicts between Plaintiff and Ms. Rybitwa until Plaintiff began having attendance problems.

4.    Plaintiff alleges she had been scheduled to work at times when she was also scheduled to be in class.  Plaintiff was attending class about twelve hours a week

---

[2] The correct corporate name of the Defendant is *Marty* Shoes, Inc., but the stores it operates are referred to as "*Marty's* Shoes" stores.  (emphasis added).

14. Prior to being fired from ADT, Plaintiff had been repeatedly disciplined for insubordination and confrontation with a supervisor.

15. Plaintiff was also fired from a job she held with Sally's Beauty Supply after being accused of poor performance and a cash shortage. Prior to being fired from Sally's Beauty Supply, Plaintiff had been repeatedly disciplined for failing to report to work and cash handling problems.

16. Earlier in the year she came to work for Marty Shoes, Plaintiff was barred from attending a course at Broward Community College for "willful disobedience or defiance toward college personnel," "disorderly [ ] conduct," and profanity, arising from an incident in which Plaintiff called her instructor a "bitch."

17. Less than six months after her employment ended with Marty Shoes, Plaintiff was discharged by another employer, the Sawgrass Mills Mall, the day after a "verbal altercation" with her supervisor.

## VII.   ISSUES OF LAW ON WHICH THE PARTIES AGREE.

Plaintiff and Defendant present the following concise statement of issues of law on which there is agreement.

1. The Court has jurisdiction over this action and the parties.

2. Plaintiff is within the class of persons protected against race discrimination by 42 U.S.C. § 1981.

3. Plaintiff has the burden of establishing a *prima facie* case of race discrimination and/or retaliation to support her claim.

4. If Plaintiff presents a *prima facie* case of race and/or retaliation discrimination, the burden shifts to Defendant to show a legitimate, non-discriminatory reason or reasons for its treatment of Plaintiff.

5. If Defendant shows a legitimate, non-discriminatory reason or reasons for its treatment of Plaintiff, Plaintiff must show that the reason or reasons are a pretext for race discrimination or retaliation.

6. If Plaintiff shows that she was subjected to race discrimination or retaliation during her employment with Defendant, it is her obligation to prove any damages she claims to have suffered.

7. If Plaintiff shows that she was subjected to race discrimination or retaliation, it is Defendant's obligation to show that Plaintiff failed to minimize or mitigate her damages.

7

**VIII.  ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT.**

    **A.      Plaintiff's Statement of Issues of Law.**

        None at this time.

    **B.      Defendant's Statement of Issues of Law.**

    1.      Whether Plaintiff can show a disputed issue of fact material to her claims remains for disposition by the jury (pursuant to Marty Shoes Motion and Memorandum of Law for Summary Judgment).

    2.      Whether Marty Shoes is entitled to judgment as a matter of law.

    3.      Whether, as a matter of law, there is sufficient evidence to permit Plaintiff's claims for back pay, front pay, and pain and suffering to be determined by the jury.

**IX.  TRIAL EXHIBITS.**

    **A.      Plaintiff's list of trial exhibits.**

Plaintiff's list of trial exhibits, with Defendant's objections, is attached hereto at Tab 1.

    **B.      Defendant's list of trial exhibits.**

Defendant's list of trial exhibits, with Plaintiff's objections, is attached hereto at Tab 2.

**X.  TRIAL WITNESSES.**

    **A.      Plaintiff's list of trial witnesses.**

Plaintiff's list of trial witnesses is attached hereto at Tab 3.

    **B.      Defendant's list of trial witnesses.**

Defendant's list of trial witnesses is attached hereto at Tab 4.

**XI.  ESTIMATED TRIAL TIME.**

    The parties estimate that this case will last 2 to 3 full trial days, not including jury selections.

## XII.  ATTORNEY'S FEES.

Should this case be tried, the prevailing party in this case is authorized by 42 U.S.C. § 1981a to seek an award of attorney's fees.

### A.    Plaintiff's estimate of maximum amount properly allowable as attorney's fees.

Plaintiff estimate of the maximum amount properly allowable as attorney's fees at the conclusion of trial is $80,000.00.

### B.    Defendant's estimate of the maximum amount properly allowable as attorney's fees.

Defendant disputes that Plaintiff, should she prevail at trial, would be entitled to the amount specified and states that Plaintiff has the burden to establish such an amount by presentation of suitable evidence.

## XIII.  PLAINTIFF'S DAMAGES CLAIMS.

Plaintiff is claiming a back pay amount of approximately $20,000.00 (until the time she obtained the next position, and pain and suffering (whatever a jury thinks is fair and reasonable).

Defendant denies any entitlement by Plaintiff to damages and states that she has failed to mitigate her damages.

Respectfully submitted,

| | |
|---|---|
| HOLLAND & KNIGHT LLP | STEWART L. KARLIN, ESQ. |
| Attorneys for Defendant | Attorney for Plaintiff |
| One East Broward Boulevard, Suite 1300 | 400 S.E. 8th Street |
| P.O. Box 14070 | Fort Lauderdale, FL 33316 |
| Fort Lauderdale, FL 33301 | (954) 462-1201 |
| (954) 525-1000 | (954) 462-3151/fax |
| (954) 463-2030/fax | |
| email: egabriel @hklaw.com | |

By: _____    By: _____

        THOMAS H. LOFFREDO                       STEWART LEE KARLIN
        Florida Bar No.: 870323                        Florida Bar No.: 961159
        ERIC K. GABRIELLE
        Florida Bar No.: 160725

FTL1 #518843 v1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 00-6002-(UNGARO-BENAGES/BROWN)**

**TAB "1"**

DENISE BROOKINS,

        Plaintiff,                          **EXHIBIT LIST**

v.

MARTY'S SHOES, INC.,

        Defendant.

| Presiding Judge: THE HONORABLE URSULA UNGARO BENAGES - MAGISTRATE HONORABLE STEPHEN T. BROWN | | | | | Plaintiff's Attorney: STEWART L. KARLIN, ESQ. | Defendant's Attorney: THOMAS H. LOFREDO, ESQ. ERIC K. GABRIEL, ESQ. |
|---|---|---|---|---|---|---|
| Trial Date(s) | | | | | Court Reporter | Courtroom Deputy |
| Exhibit No. | Date Offered | Marked | objections | Admitted | EXHIBIT LIST | |
| 1. | | | | | Plaintiff's Verified Complaint (FHRC) | |
| 2 | | | | | FHRC letter dated 9/26/96 | |
| 3 | | | | | EEOC letter dated 10/30/96 | |
| 4 | | | | | Employee Manual | |
| | | | | | Letter (bate stamped 33-34) | |
| 5. | | | | | Letter dated 5-27-96 | |
| 6. | | | | | warning notice dated 3-23-96 | |
| 7. | | | | | note defendant bate stamped 40 | |
| 8.. | | | | | plaintiff's earning statements from Martys from March through June, 1996 | |
| 9.. | | | | | All of defendants exhibits | |
| 10. | | | | | Impeachment exhibits | |
| 11. | | | | | Rebuttal exhibits | |
| 12. | | | | | demonstrative exhibits | |
| 13. | | | | | visual aides | |
| 14. | | | | | Marty Shoes letter defendant bate stamped 18-19 | |
| 15. | | | | | handwritten memo defendant bate stamped 20-24 | |
| 16. | | | | | Marty's letter to EEOC dated 1-23-97 (bate stamped 13-14) | |

| 17. | | | | | weekly work schedule 3-30-96, 4-6-96, 5-18-96, 5-25-96, 6-1-96, 6-15-96, 6-29-96 |
|-----|--|--|--|--|---|
| 18. | | | | | payroll status change defendant bate stamp 25 |

Objections:

NPD - Not properly designated per Rule 16.1E        F - Foundation
H - Hearsay        R - Relevance
I - Inadmissible Material        A - Authenticity
P - Privileged        UP - Unduly Prejudicial

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

DENISE BROOKINS,

      Plaintiff,

vs.

MARTY SHOES, INC.,

      Defendant.

_____/

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S TRIAL EXHIBIT LIST

Defendant, Marty Shoes, Inc., hereby serves notice of the following objections to Plaintiff's Trial Exhibit List as provided in the Joint Pretrial Stipulation:

1.    Exhibit 1:   H, A, UP.*

2.    Exhibit 2:   H, A, UP.*

3.    Exhibit 3:   H, A, UP.*

4.    Exhibit 4:   H, A, R, UP.*

5.    Exhibit 5:   H, A, R, UP.*

6.    Exhibit 6:   R*

7.    Exhibit 7:   H, A, R, UP.*

8.    Exhibit 8:   H, A, R, UP.*

9.    Exhibit 9:   H, A, R, UP.*

10.   Exhibit 10:  H, A, R, UP, I, NPD, F.*

11.   Exhibit 11:  H, A, R, UP, I, NPD, F.*

12.   Exhibit 12:  H, A, R, UP, I, NPD, F.*

13.    Exhibit 13:  H, A, R, UP, I, NPD, F.*

14.    Exhibit 14:  H, A, R, UP, I, NPD, F.*

15.    Exhibit 15:  H, A, R, UP, I, NPD, F*

16.    Exhibit 16:  H, A, R, UP.*

17.    Exhibit 17:  R.*

18.    Exhibit 18:  R.*

* Notwithstanding Southern District of Florida Local Rule 16.1 and multiple requests by Marty Shoes, Plaintiff has not provided copies of these exhibits or properly identified them by Bates-number from Marty Shoes own exhibit list.  Marty Shoes thus reserves its right to supplement, amend, or revise this exhibit list upon Plaintiff's compliance with Southern District of Florida Local Rule 16.1.

HOLLAND & KNIGHT LLP
Attorneys for Defendant
One East Broward Boulevard
Thirteenth Floor
Post Office Box 14070
Fort Lauderdale, FL 33302-4070
(954) 525-1000
(954) 463-2030 – fax
e-mail:  egabriel@hklaw.com

By: _____
    Thomas H. Loffredo
    Florida Bar No. 870323
    Eric K. Gabrielle
    Florida Bar No. 160725

55678-1
FTL1 #522128 v1

## DEFENDANT, MARTY SHOES, INC.'S EXHIBIT LIST

AO 187 (Rev. 1/82)

| Denise Brookins, Plaintiff,<br><br>vs.<br><br>Marty Shoes, Inc., Defendant. | | DISTRICT COURT<br><br>Southern District of Florida<br>Case No. 00-6002-CIV-(UNGARGO-BENAGES/Brown) |
|---|---|---|
| PLAINTIFF'S ATTORNEY<br><br>Stewart Lee Karlin, Esq.<br>400 SE 8th Street<br>Ft. Lauderdale, FL 33316 | DEFENDANT'S ATTORNEY<br><br>Thomas H. Loffredo, Esq.<br>Eric K. Gabrielle, Esq.<br>Holland & Knight LLP<br>One East Broward Boulevard<br>Suite 1300<br>Ft. Lauderdale, FL 33301 | DOCKET NUMBER |
| | | TRIAL DATE(S)<br>January 29, 2001-February 9, 2001 |
| PRESIDING JUDGE<br><br>Honorable Ursula Ungaro-Benages | COURT REPORTER<br><br>William Romanishin | COURTROOM DEPUTY<br><br>Kathryn B. Harlan |

| PL NO | DEF NO | DATE OFFERED | MRKD | ADMTD | DESCRIPTION OF EXHIBITS* |
|---|---|---|---|---|---|
| | 1. | | | | 08/28/2000 Letter to Holland & Knight LLP from Jacquie L. Elfers, Human Resource Manager [LMAA 00001] |
| | 2. | | | | 08/25/2000 Subpoena Duces Tecum to Records Custodian, Lauderdale/Miami Auto Auction [LMAA 00002 – LMAA 00004] |
| | 3. | | | | 06/06/2000 Personnel/Payroll Action Form re plaintiff [LMAA 00005] |
| | 4. | | | | 06/20/2000 Enrollment/Change Form re plaintiff [LMAA 00006 – LMAA 00007] |
| | 5. | | | | 1999 Form W-4 Employee's Withholding Allowance Certificate signed by plaintiff on 10/28/1999 [LMAA 00008] |

| | | | | |
|---|---|---|---|---|
| 6. | | | | 12/03/1999 First Union Direct Deposit Request Form and Deposit ticket re plaintiff; 12/14/1999 First Union envelope; and 12/13/1999 letter to Payroll Manager, Lauderdale Miami Auto Auction from G. Joseph White, Jr., Project Manager for First Union National Bank, Automatic Deposit Enrollment Processing [LMAA 00009 – LMAA 00011] |
| 7. | | | | 05/25/2000 ADT Automotive Payroll Deduction Authorization for Health Benefits signed by plaintiff [LMAA 00012] |
| 8. | | | | 01/19/2000 ADT Automotive, Inc. Smart Money 401(k) Investment Plan signed by plaintiff [LMAA 00013 – LMAA 00014] |
| 9. | | | | Composite - 06/05/2000 ADT Automotive Employee Corrective Action Form re plaintiff; 06/01/2000 Lauderdale-Miami Auto Auction Investigation Report to Files from Security Director, Jonas C. Jacobs re Sexual Harassment Investigation of plaintiff; and attached 06/01/2000 memo to Jonas C. Jacobs from Denise Brookins [LMAA 00015 – LMAA 00019] |
| 10. | | | | 05/24/2000 Lauderdale-Miami Auto Auction Security Incident Report reported by Oulivio Benjamin re plaintiff [LMAA 00020 – LMAA 00025] |
| 11. | | | | 03/15/2000 Lauderdale-Miami Auto Auction Investigation Report to Files from Security Director Jonas C. Jacobs re Harassment Complaint of Shirley Dore [LMAA 00026] |
| 12. | | | | 03/07/2000 Lauderdale-Miami Auto Auction Security Incident Report reported by Shirley Dore re plaintiff [LMAA 00027 – LMAA 00028] |
| 13. | | | | 03/20/2000 ADT Automotive Employee Corrective Action Form re plaintiff [LMAA 00029 – LMAA 00030] |
| 14. | | | | 04/19/2000 ADT Automotive Employee Corrective Action Form re plaintiff [LMAA 00031 – LMAA 00032] |
| 15. | | | | 04/06/2000 ADT  Automotive Employee Corrective Action Form re plaintiff [LMAA 00033 – LMAA 00034] |
| 16. | | | | 04/06/2000 Lauderdale-Miami Auto Auction Security Incident Report reported by Miguel re plaintiff [LMAA 00035 – LMAA 00038] |
| 17. | | | | 05/24/2000 Lauderdale-Miami Auto Auction Security Incident Report reported by Oulivio Benjamin re plaintiff [LMAA 00039 – LMAA 00044] |
| 18. | | | | 05/25/2000 ADT Automotive Enrollment/Change Form re plaintiff [LMAA 00045 – LMAA 00046] |

| 19. | | | | 01/19/2000 ADT Automotive Enrollment/Change Form re plaintiff [LMAA 00047 – LMAA 00048] |
| 20. | | | | Undated Voluntary Term Life Insurance Application Life Insurance Company of North America signed by plaintiff [LMAA 00049] |
| 21. | | | | 10/29/1999 ADT Automotive Personnel/Payroll Action Form re plaintiff [LMAA 00050] |
| 22. | | | | Plaintiff's ADT Automotive Application for Employment dated 10/04/1999 [LMAA 00051 – LMAA 00052] |
| 23. | | | | 10/28/1999 Acknowledgment and Receipt for Employee Handbook signed by plaintiff [LMAA 00053] |
| 24. | | | | 10/04/1999 ADT Automotive Job Applicant Drug Testing Policy Statement signed by plaintiff [LMAA 00054] |
| 25. | | | | 10/28/1999 ADT Automotive/ADT Lauderdale-Miami Auto Auction Acknowledgment and Receipt of Employee Job Description signed by plaintiff [LMAA 00055] |
| 26. | | | | 10/28/1999 ADT Automotive/ADT Lauderdale-Miami Auto Auction Acknowledgment and Receipt of Tyco Standards of Conduct signed by plaintiff [LMAA 00056] |
| 27. | | | | 10/28/1999 Acknowledgement Form, Revised Sexual Harassment Policy, signed by plaintiff [LMAA 00057] |
| 28. | | | | Undated Handwritten note re plaintiff's name, social security and address and phone numbers [LMAA 00058] |
| 29. | | | | 10/29/1999 ADT Automotive New Hire Form re plaintiff [LMAA 00059 – LMAA 00060] |
| 30. | | | | 10/27/1999 ADT Automotive, Inc. Employment Inquiry Form re plaintiff [LMAA 00061] |
| 31. | | | | 01/17/1999 AMSI Driver Record Service Report for Florida re plaintiff [LMAA 00062 – LMAA 00063] |
| 32. | | | | 10/29/1999 Toxicology Report to Lauderdale-Miami Auto Auction from LabOne, Inc. re plaintiff [LMAA 00064] |
| 33. | | | | Plaintiff's Westrec Marinas Application for Employment dated 06/15/2000 [WM 00001 – WM 00002] |
| 34. | | | | 07/12/2000 Personnel Status Form re plaintiff  [WM 00003] |
| 35. | | | | 07/12/2000 U.S. Department of Justice Immigration and Naturalization Service,– Employment Eligibility Verification, re plaintiff [WM 00004] |
| 36. | | | | Copy of plaintiff's Florida Drivers License, Social Security Card and Florida Department of State, Division of Licensing Acknowledgment Card [WM 00005] |

3

| 37. | | | | 12/17/1999 Copy of plaintiff's American Red Cross (Adult, Infant and Child) CPR Card and American Red Cross Community First Aid and Safety Card [WM 00006] |
| 38. | | | | 07/12/2000 Westrec Marinas Fidelity Bond Application re plaintiff [WM 00007 – WM 00008; Defendant's Deposition Exhibit No. 14] |
| 39. | | | | 2000 Form W-4 Employee Withholding Allowance Certificate signed by plaintiff on 07/12/2000 [WM 00009] |
| 40. | | | | 07/12/2000 The TPA Enrollment/Change Form re plaintiff [WM 00010] |
| 41. | | | | 07/12/2000 Employee Handbook Receipt signed by plaintiff [WM 00011] |
| 42. | | | | 07/12/2000 Fax-In NewHire/Re-Hire to Corp. Personnel from Harbour Towne Marina re plaintiff [WM 00012] |
| 43. | | | | 08/25/2000 Subpoena Duces Tecum to Records Custodian, Tandem Temporary Services [TTS 00001 – TTS 00003] |
| 44. | | | | 08/31/2000 Employee Payroll History Report re plaintiff [TTS 00004] |
| 45. | | | | 04/27/1999 Computer printout re plaintiff [TTS 00005] |
| 46. | | | | 1999 Form W-2 Wage and Tax Statement re plaintiff [TTS 00006 – TTS 00007] |
| 47. | | | | 09/15/2000 Letter from Sue Clement, Employee Relations Supervisor, Custodian of Records/Sally Beauty Company, Inc., to Holland & Knight [SBS 00001] |
| 48. | | | | 09/07/2000 Subpoena Duces Tecum to Records Custodian, Sally Beauty Supply [SBS 00002 – SBS 00004] |
| 49. | | | | 06/26/1997 Sally Beauty Company Personnel Action Form (P-1) Action: Termination re plaintiff [SBS 00005] |
| 50. | | | | 08/05/1996 Sally Beauty Company Personnel Action Form (P-1) Action: New Hire re plaintiff [SBS 00006] |
| 51. | | | | 06/19/1997 Record of Corrective Action re plaintiff [SBS 00007; Defendant's Deposition Exhibit No. 10] |
| 52. | | | | 06/19/1997 Record of Corrective Action re plaintiff [SBS 00008] |
| 53. | | | | 06/04/1997 Record of Corrective Action re plaintiff [SBS 00009] |
| 54. | | | | 05/05/1997 Record of Corrective Action re plaintiff [SBS 00010] |
| 55. | | | | 04/09/1997 Record of Corrective Action re plaintiff [SBS 00011; Defendant's Deposition Exhibit No. 13] |
| 56. | | | | 03/24/1997 Record of Corrective Action re plaintiff [SBS 00012] |

| 57. | | | | 03/11/1997 Record of Corrective Action re plaintiff [SBS 00013; Defendant's Deposition Exhibit No. 12] |
| 58. | | | | 11/07/1996 Record of Corrective Action re plaintiff [SBS 00014; Defendant's Deposition Exhibit No. 11] |
| 59. | | | | 12/03/1996 Sally Beauty Company Confidential Personnel/Payroll Change Order re plaintiff [SBS 00015] |
| 60. | | | | 12/14/1996 Chemical Product Safety Employee Acknowledgement (Not applicable for Home Office Employee signed by plaintiff and 08/03/1996 Employee Handbook Acknowledgement Job Description Acknowledgement signed by plaintiff [SBS 00016] |
| 61. | | | | 1995 Form W-4 signed by plaintiff on 08/03/1996 [SBS 00017] |
| 62. | | | | 02/19/1997 Sally Beauty Company Performance Appraisal for Retail Hourly Employees re plaintiff [SBS 00018 – SBS 00019] |
| 63. | | | | 07/26/1996 Sally Beauty Company Application for Employment re plaintiff [SBS 00020 – SBS 00021; Defendant's Deposition Exhibit No. 9] |
| 64. | | | | 01/01/1996 – 12/31/1997 Sally Beauty Company Payment Detail Listing re plaintiff [SBS 00022 – SBS 00028] |
| 65. | | | | Subpoena Duces Tecum to Records Custodian, Harbortown Marina [WM 00013 – WM 00014] |
| 66. | | | | 07/12/2000 Personnel Status Form re plaintiff [WM 00015] |
| 67. | | | | 07/14/2000 Fax-In New Hire/Re-Hire to Corp. Personnel from Harbour Towne Marina re plaintiff [WM 00016] |
| 68. | | | | 2000 Form W-4 Employee Withholding Allowance Certificate signed by plaintiff on 07/12/2000 [WM 00017] |
| 69. | | | | 06/15/2000 Plaintiff's Application for Employment with Westrec Marinas [WM 00018 – WM 00019] |
| 70. | | | | 07/12/2000 Westrec Marinas Fidelity Bond Application re plaintiff [WM 00020 – WM 00021] |
| 71. | | | | 12/17/1999 Copy of plaintiff's American Red Cross (Adult, Infant and Child) CPR Card and American Red Cross Community First Aid and Safety Card [WM 00022] |
| 72. | | | | 07/12/2000 Employee Handbook Receipt signed by plaintiff [WM 00023] |
| 73. | | | | 09/25/2000 Letter from Robert G. Cabello, Vice President for Student Affairs, Custodian of Records for Broward Community College, to Holland & Knight [BCC 00001] |

| 74. | | | | 09/11/2000 Permanent Academic Credit Record from Broward Community College to plaintiff [BCC 00002 - BCC 00003] |
| 75. | | | | 12/07/1994 Broward Community College Application for Admission signed by plaintiff [BCC 00004 – BCC 00007] |
| 76. | | | | 01/09/1995 Memorandum from Mary Ann Asiamigbe, Receptionist, Student Affairs, to Instructors of Elaine Brookins [BCC 00008] |
| 77. | | | | 01/12/1995 Memorandum from Stan Mitchell to Phyllis Luck, Dr. Rose and Dr. Grasso re plaintiff [BCC 00009] |
| 78. | | | | 07/06/1995 Broward Community College Student Disruption/Discipline Report from Mrs. Luck to Dean of Student, Vice President of Student Affairs, Security and Originator [BCC 00010] |
| 79. | | | | 07/07/1995 Handwritten notes re plaintiff [BCC 00011] |
| 80. | | | | 01/12/1995 Memorandum from Stan Mitchell to Phyllis Luck, Dr. Rose and Dr. Grasso re plaintiff [BCC 00012] |
| 81. | | | | 08/10/1995 Office of Disability Service/Student Intake Form signed by plaintiff and Linda Martin, Disability Services Advisor/Coordinator [BCC 00013 – BCC 00014] |
| 82. | | | | 06/14/1993 Medication Information Sheet – Anti-anxiety form signed by plaintiff [BCC 00015] |
| 83. | | | | 06/16/1993 Henderson Mental Health Center Addendum to Individual Treatment Plan re plaintiff [BCC 00016] |
| 84. | | | | 03/22/1993 Letter from Joseph Smith, D.C. to Constitution State Services Co., Martin Hoffman, P.A. and plaintiff [BC 00017] |
| 85. | | | | 08/15/1994 Letter from Joseph Smith, D.C. to Susan M. Tillman, Esq. re plaintiff [BCC 00018] |
| 86. | | | | 02/05/1993, 02/17/1993 and 03/05/1993 Office Notes of Dr. Howard A. May, Chiropractic Physician, re plaintiff [BCC 00019] |
| 87. | | | | 01/03/1993 Letter from Dr. Steven Dolberg To Whom It May Concern re plaintiff [BCC 00020] |
| 88. | | | | 07/14/1992 MRI of the Lumbar Spine report from Randy Greenhouse, M.D., West Broward Magnetic Resonance Imaging Center re plaintiff [BCC 00021] |
| 89. | | | | 10/09/1992 Letter from Joseph Smith, D.C. and Alva B. Scragg, D.C. To Whom It May Concern re plaintiff [BCC 00022] |
| 90. | | | | 01/08/1993 Letter from Joseph Smith, D.C. to Ms. Geardano, Constitution State Service Co. re plaintiff [BCC 00023] |

| | | | | |
|---|---|---|---|---|
| 91. | | | | 03/04/1994 Henderson Mental Health Center Psychiatric Service Request (A 1b) re plaintiff [BCC 00024] |
| 92. | | | | 07/14/1992 MRI of the Lumbar Spine report from Randy Greenhouse, M.D., West Broward Magnetic Resonance Imaging Center re plaintiff [BCC 00025] |
| 93. | | | | 05/27/1993 Patient Information Request from Eduardo Velandia to Henderson Mental Health Center re plaintiff [BCC 00026] |
| 94. | | | | 11/07/1995 Broward Community College Registration Slip for plaintiff [BCC 00027] |
| 95. | | | | Undated Math Placement Test/Self Assessment re plaintiff [BCC 00028] |
| 96. | | | | 01/04/1995 (3) Scantron Form No. 882-ES Answer Sheet for Math, English and Reading re plaintiff [BCC 00029 – BCC 00030] |
| 97. | | | | 01/04/1995 Broward Community College Registration Slip and 01/03/1994 Broward Community College Central Campus Individual Testing Appointment Form re plaintiff [BCC 00031] |
| 98. | | | | 06/27/1996 and 01/05/1998 Broward Community College Registration Slip re plaintiff [BCC 00032] |
| 99. | | | | 08/11/1997 and 06/20/1996 Broward Community College Registration Slip re plaintiff [BCC 00033] |
| 100. | | | | 07/21/1995 and 07/18/1995 Broward Community College Registration Slip re plaintiff [BCC 00034] |
| 101. | | | | Undated transcript from Broward Community College transcript to plaintiff for 1994 through 1996 [BCC 00035] |
| 102. | | | | 3/1994 Broward Community College Criminal Justice Criminology Suggested Program for Associate in Arts Degree (A.A.) Program Sheet #0650 [BCC 00036 – BCC 00037] |
| 103. | | | | 1997 – 1998 Academic Year Broward Community College Activity Log re plaintiff [BCC 00038] |
| 104. | | | | 09/24/1997 transcript from Broward Community College to plaintiff [BCC 00039 – BCC 00040] |
| 105. | | | | 1997 – 1998 Academic Year Broward Community College - Student Financial Services Control Sheet re plaintiff [BCC 00041] |
| 106. | | | | 06/18/1998 Financial Assistance Award letter from Broward Community College -Office of Financial Services and Veterans Affairs to plaintiff [BCC 00042] |

| 107. | | | | 10/23/1997 Financial Assistance Award letter from Broward Community College -Office of Financial Services and Veterans Affairs to plaintiff [BCC 00043] |
| 108. | | | | 06/26/1997 Institutional Student Information Record for 1997 through 1998 re plaintiff  [BCC 00044 – BCC 00047] |
| 109. | | | | 10/10/1997 Loan Form re plaintiff [BCC 00048] |
| 110. | | | | 10/24/1997 Florida Guaranteed Student Loan Program letter from Florida Department of Education, Office of Student Financial Assistant, Student Loan Processing Center to plaintiff [BCC 00049] |
| 111. | | | | 01/18/1998 Check from District Board of Trustees, Broward Community College to plaintiff [BCC 00050] |
| 112. | | | | Undated Broward Community College, Student Financial Services Student Loan Records re plaintiff [BCC 00051] |
| 113. | | | | 10/10/1997 Broward Community College - Student Loan Request Form signed by plaintiff [BCC 00052] |
| 114. | | | | 09/10/1996 Broward Community College –Office of Student Financial Services Borrower Authorization Statement signed by plaintiff [BCC 00053] |
| 115. | | | | 08/15/1997 Broward Community College Promissory Note signed by plaintiff [BCC 00054 – BCC 00055] |
| 116. | | | | 08/15/1997 Broward Community College – Student Financial Services Credit Application signed by plaintiff [BCC 00056] |
| 117. | | | | 10/24/1997 Loan Data re plaintiff [BCC 00057] |
| 118. | | | | 10/23/1997 Financial Aid Awards re plaintiff [BCC 00058] |
| 119. | | | | 10/10/1997 Financial Aid re plaintiff [BCC 00059] |
| 120. | | | | 1996 – 1997 Academic Year Broward Community College - Student Financial Services and Veterans Affairs Activity Log re plaintiff [BCC 00060] |
| 121. | | | | 04/24/1997 transcript from Broward Community College to plaintiff [BCC 00061 – BCC 00062] |
| 122. | | | | 05/28/1996 transcript from Broward Community College to plaintiff [BCC 00063] |
| 123. | | | | 96 - 97 Academic Year Broward Community College – Student Financial Services Control Sheet re plaintiff [BCC 00064] |
| 124. | | | | 07/02/1996 Financial Assistance Award letter from Broward Community College - Office of Financial Services and Veterans Affairs to plaintiff [BCC 00065] |
| 125. | | | | 04/12/1996 Institutional Student Information Record for 1996 through  1997 re plaintiff [BCC 00066 – BCC 00069] |

| | | | | |
|---|---|---|---|---|
| 126. | | | | 04/24/1997 Florida Guaranteed Student Loan Program letter from Florida Department of Education, Office of Student Financial Assistant, Student Loan Processing Center to plaintiff [BCC 00070] |
| 127. | | | | 03/16/1996 Loan Form re plaintiff [BCC 00071] |
| 128. | | | | 04/24/1997 Loan Form re plaintiff [BCC 00072] |
| 129. | | | | 04/24/1997 Broward Community College – Student Financial Services Financial Assistance Application for August 96 through July 97 signed by plaintiff [BCC 00073 – BCC 00074] |
| 130. | | | | 03/16/1996 Broward Community College - Student Financial Services Financial Assistance Application for August 96 through July 97 signed by plaintiff [BCC 00075 – BCC 00076] |
| 131. | | | | 04/24/1997 Broward Community College – Student Financial Services Credit Application signed by plaintiff [BCC 00077] |
| 132. | | | | 04/30/1995 Florida Department of Education - Office of Student Financial Assistance Application and Promissory Note for Federal Stafford Loans signed by plaintiff [BCC 00078] |
| 133. | | | | 04/24/1997 Broward Community College Promissory Note signed by plaintiff [BCC 00079] |
| 134. | | | | 04/24/1997 Loan Data and Financial Aid Awards re plaintiff [BCC 00080 – BCC 00082] |
| 135. | | | | 06/17/1996 Loan Data re plaintiff [BCC 00083] |
| 136. | | | | Undated Financial Obligations re plaintiff [BCC 00084] |
| 137. | | | | 06/13/1996 Loan Summary Screen re plaintiff [BCC 00085] |
| 138. | | | | 01/26/1996 Broward Community College Request for Check re plaintiff [BCC 00086] |
| 139. | | | | 05/30/1997 Broward Community College –Student Financial Services Return of Financial Assistance re plaintiff [BCC 00087] |
| 140. | | | | 00/25/1994 Student Loan Entrance Interview signed by plaintiff [BCC 00088] |
| 141. | | | | 1995 – 1996 Academic Year Broward Community College Student – Financial Services and Veterans Affairs Activity Log re plaintiff [BCC 00089] |
| 142. | | | | 05/08/1995 transcript from Broward Community College to plaintiff [BCC 00090 – BCC 00091] |

| | | | | |
|---|---|---|---|---|
| 143. | | | | 1995 through 1996 Academic Year Broward Community College - Student Financial Services Control Sheet re plaintiff [BCC 00092] |
| 144. | | | | 07/03/1995 Financial Aid Award Letter from Broward Community College, Office of Student Financial Services to plaintiff [BCC 00093] |
| 145. | | | | 07/19/1995 Electronic Student Aid Report for 1995 through 1996 re plaintiff [BCC 00094 – BCC 00097] |
| 146. | | | | 06/21/1995 Student Aid Report Federal Student Aid Programs for 1995 through 1996 re plaintiff [BCC 00098 – BCC 00107] |
| 147. | | | | 03/21/1995 Student Aid Report Federal Student Aid Programs for 1995 through 1996 re plaintiff [BCC 00108 – BCC 00117] |
| 148. | | | | 07/08/1995 Act A Stafford/FSLS Loan Application re plaintiff [BCC 00118] |
| 149. | | | | 12/31/1996 Loan Information re plaintiff [BCC 00119 – BCC 00120] |
| 150. | | | | 10/10/1995 Broward Community College –Office of Student Financial Services Borrower Authorization Statement signed by plaintiff [BCC 00121] |
| 151. | | | | 01/29/1996 Letter from Judy Ferris, Student Loan Advisor to BHELP re plaintiff [BCC 00122 – BCC 00123] |
| 152. | | | | 07/31/1995 Broward Community College Petition for Refund of Tuition and Matriculation Fees re plaintiff [BCC 00124] |
| 153. | | | | 01/26/1996 Broward Community College –Student Financial Services Return of Financial Assistance re plaintiff [BCC 00125] |
| 154. | | | | 07/08/1995 Broward Community College –Student Financial Services Financial Assistance Application signed by plaintiff [BCC 00126] |
| 155. | | | | 11/04/1994 Plaintiff's Tallahassee Community College Financial Aid Transcript from Tallahassee Community College Financial Aid Office to Broward Community College Financial Aid Office [BCC 00127 – BCC 00128] |
| 156. | | | | 01/30/1995 Plaintiff's Tallahassee Community College Financial Aid Transcript from Tallahassee Community College Financial Aid Office to Broward Community College Financial Aid Office [BCC 00129 – BCC 00130] |
| 157. | | | | 1994 – 1995 Academic Year Broward Community College Student Financial Services Control Sheet re plaintiff [BCC 00131] |

| 158. | | | | 01/30/1995 Financial Aid Award Letter from Broward Community College - Office of Student Financial Services to plaintiff [BCC 00132] |
|------|--|--|--|---|
| 159. | | | | 01/05/1995 Electronic Student Aid Report for 1994 through 1995 signed by plaintiff [BCC 00133 – BCC 00136] |
| 160. | | | | 10/14/1994 Student Aid Report Federal Student Aid Programs for 1994 through 1995 re plaintiff [BCC 00137 – BCC 00146] |
| 161. | | | | 06/30/1996 Loan Information re plaintiff [BCC 00147 – BCC 00148] |
| 162. | | | | 05/02/1995 Broward Community College Student Financial Services Loan Check Releases for check #579889 and check #579888 made payable to the plaintiff [BCC 00149 – BCC 00150] |
| 163. | | | | 02/15/1995 Broward Community College Student Financial Services Loan Check Releases for check #552259 and check #552258 made payable to the plaintiff [BCC 00151 – BCC 00152] |
| 164. | | | | Undated Broward Community College Student Financial Services Loan Application Questions re plaintiff [BCC 00153] |
| 165. | | | | 10/16/1994 Act A Stafford/FSLS Loan Application re plaintiff [BCC 00154] |
| 166. | | | | 10/31/1994 August 94 through July 95 Broward Community College Student Financial Services Financial Assistance Application signed by plaintiff [BCC 00155 – BCC 00158] |
| 167. | | | | 01/04/1995 Broward Community College Promissory Note signed by plaintiff [BCC 00159] |
| 168. | | | | 01/04/1995 Broward Community College –Student Financial Services Credit Application signed by plaintiff [BCC 00160] |
| 169. | | | | 02/08/1995 Florida Department of Education - Office of Student Financial Assistance Application and Promissory Note for Federal Stafford Loans signed by plaintiff [BCC 00161] |
| 170. | | | | 02/08/1995 Loan Date re plaintiff [BCC 00162] |
| 171. | | | | 02/07/1995 Loan Summary Screen re plaintiff [BCC 00163] |
| 172. | | | | 02/03/1995 Financial Aid Awards re plaintiff [BCC 00164] |
| 173. | | | | 10/10/1994 Broward Community College -Student Financial Services movie requirement signed by plaintiff [BCC 00165] |

| | | | | |
|---|---|---|---|---|
| | 174. | | | | 10/25/1994 Student Loan Entrance Interview signed by plaintiff [BCC 00166] |
| | 175. | | | | 09/17/1998 Letter from Broward Community College - Student Financial Services to plaintiff [BCC 00167] |
| | 176. | | | | 01/07/1999 Stafford Loan Information signed by plaintiff [BCC 00168] |
| | 177. | | | | 02/01/1999 Letter from Broward Community – College Student Financial Services to plaintiff [BCC 00169] |
| | 178. | | | | 03/11/1999 Letter from Broward Community College - Student Financial Services to plaintiff [BCC 00170] |
| | 179. | | | | 03/11/1999 Request for Journal Entry from Broward Community College - Student Financial Services to plaintiff [BCC 00171] |
| | 180. | | | | 03/10/1999 Broward Community College Petition for Refund of Tuition and Matriculation Fees signed by plaintiff, Dean of Student Affairs and Registration Coordinators [BCC 00172] |
| | 181. | | | | 06/17/1999 Request for Financial Aid Transcript from Broward Community College to Tallahassee Community College [BCC 00173 – BCC 00176] |
| | 182. | | | | 09/15/1999 Broward Community College -Student Financial Services Signature and Certification Form signed by plaintiff [BCC 00177] |
| | 183. | | | | 10/13/1999 Broward Community College -Student Financial Services Request for Review of Financial Aid Status signed by plaintiff [BCC 00178] |
| | 184. | | | | 10/06/1999 Broward Community College –Student Financial Services Request for Review of Financial Aid Status signed by plaintiff [BCC 00179] |
| | 185. | | | | 10/13/1999 Broward Community College –Student Financial Services Fee/Book Advance Promissory Note signed by plaintiff [BCC 00180] |
| | 186. | | | | 01/19/2000 Student Receipt #000100631 from Broward Community College Accounts Receivable to plaintiff [BCC 00181] |
| | 187. | | | | 07/12/2000 Credit & Collection System – Student Disbursement Info re plaintiff  [BCC 00182] |
| | 188. | | | | 10/13/2000 Letter from Barry M. Pulver, Burns International Security Services to Holland & Knight [BI 00001] |
| | 189. | | | | 10/03/2000 Subpoena Duces Tecum to Records Custodian, Burns International Guard Services Inc. of Florida f/k/a Wells Fargo Guard Service Inc. of Florida [BI 00002 – BI 00004] |

12

| | | | | |
|---|---|---|---|---|
| 190. | | | | 11/22/1991 Work Rules and On Duty Rules signed by plaintiff [BI 00005 – BI 00006] |
| 191. | | | | 06/04/1987 Organization Correspondence from Personnel Director/Fort Lauderdale to All New Employees [BI 00007] |
| 192. | | | | 11/22/1991 Payroll Deduction Agreement signed by plaintiff [BI 00008] |
| 193. | | | | 11/21/1991 Affirmative Action Statistical Form signed by plaintiff [BI 00009] |
| 194. | | | | 11/22/1991 Wells Fargo Guard Services, Inc. Policy & Procedure signed by plaintiff [BI 00010] |
| 195. | | | | 11/22/1991 Pay Periods Memo from Christopher J. Wiese and signed by plaintiff [BI 00011] |
| 196. | | | | 11/22/1991 Copy of plaintiff's identification card [BI 00012] |
| 197. | | | | 11/22/1991 Wells Fargo Guard Services – Security Officer Pre-Hire Orientation Program taken by plaintiff [BI 00013] |
| 198. | | | | 06/01/1994 State of Florida, Department of Labor and Employment Security Office of the Judge of Compensation Claims, District J, Order re Claim No. 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 [BI 00014 – BI 00015] |
| 199. | | | | 06/01/1994 State of Florida, Department of Labor and Employment Security Office of the Judge of Compensation Claims, District J, Order re Claim No. 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 [BI 00016] |
| 200. | | | | 06/01/1994 State of Florida, Department of Labor and Employment Security Office of the Judge of Compensation Claims, District J, Order re Claim No. 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 [BI 00017 – BI 00018] |
| 201. | | | | Plaintiff's Application for Employment with Wells Fargo Guard Services for Security Guard Employment dated 11/21/1991 re plaintiff [BI 00019 – BI 00020] |
| 202. | | | | 06/01/1994 Notice of Denial from Florida Department of Labor and Employment Security, Division of Worker's Compensation re plaintiff [BI 00021] |
| 203. | | | | 06/01/1994 Request for Wage Loss/Temporary Partial Benefits from Florida Department of Labor and Employment Security, Division of Worker's Compensation re plaintiff [BI 00022] |
| 204. | | | | 05/23/1993 State of Florida, Department of Labor and Employment Security Office of the Deputy Commissioner District J, Notice of Appearance re Claim No. 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 [BI 00023] |

| | | | | |
|---|---|---|---|---|
| 205. | | | | 06/14/1994 Docketing Order from Florida Department of Labor and Employment Security, Division of Worker's Compensation re plaintiff [BI 00024] |
| 206. | | | | 06/06/1994 Notice of Denial from Florida Department of Labor and Employment Security, Division of Worker's Compensation re plaintiff [BI 00025] |
| 207. | | | | 06/02/1994 Amended Claim for Benefits re plaintiff [BI 00026 – BI 00027] |
| 208. | | | | 11/22/1991 Telephone reference check re plaintiff [BI 00028] |
| 209. | | | | 06/11/1992 Letter from Owusu-Ansah Agypong, Ph.D., Florida Agricultural and Mechanical University re plaintiff [BI 00029] |
| 210. | | | | 06/20/1994 Notice of Denial from Florida Department of Labor and Employment Security, Division of Worker's Compensation re plaintiff [BI 00030] |
| 211. | | | | 06/20/1994 Request for Wage Loss/Temporary Partial Benefits from Florida Department of Labor and Employment Security, Division of Worker's Compensation re plaintiff [BI 00031] |
| 212. | | | | 02/12/1994 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00032] |
| 213. | | | | 08/12/1993 Notice of Mediation from State of Florida, Dept. of Labor & Employment Security Office of the Judge of Compensation Claims District K re plaintiff [BI 00033] |
| 214. | | | | 08/28/1993 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00034] |
| 215. | | | | 09/04/1993 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00035] |
| 216. | | | | 09/18/1993 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00036] |
| 217. | | | | 09/25/1993 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00037] |
| 218. | | | | 10/16/1993 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00038] |
| 219. | | | | 05/28/1992 Investigation of a Lost Time Accident re plaintiff [BI 00039] |
| 220. | | | | 11/20/1993 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00040] |
| 221. | | | | 12/11/1993 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00041] |
| 222. | | | | 01/08/1994 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00042] |

| 223. | | | | 02/02/1994 Letter from Mark S. Edwards, Esq. to Jeffrey I. Jacobs, Esq., Wells Fargo re Luis B. Acevedo [BI 00043] |
| 224. | | | | 01/19/1994 Re-Notice of Hearing from State of Florida, Dept. of Labor & Employment Security Office of the Judge of Compensation Claims District J re plaintiff [BI 00044] |
| 225. | | | | 01/19/1994 Notice of Hearing from State of Florida, Dept. of Labor & Employment Security Office of the Judge of Compensation Claims District J re plaintiff [BI 00045] |
| 226. | | | | 04/17/1993 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00046] |
| 227. | | | | 01/18/1994 Order Requiring Mediation Conference from State of Florida, Dept. of Labor & Employment Security Office of the Judge of Compensation Claims District J re plaintiff [BI 00047 – BI 00049] |
| 228. | | | | 01/29/1994 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00050] |
| 229. | | | | 12/21/1993 Notice of Hearing from State of Florida, Dept. of Labor & Employment Security Office of the Judge of Compensation Claims District J re plaintiff [BI 00051] |
| 230. | | | | 08/30/1996 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00052] |
| 231. | | | | 04/26/1994 Re-Notice of Hearing from State of Florida, Dept. of Labor & Employment Security Office of the Judge of Compensation Claims District J re plaintiff [BI 00053] |
| 232. | | | | 06/10/1992 Financial Services Associates billing for Radiology Associates [BI 00054] |
| 233. | | | | 05/23/1992 Patient Bill Detail Summary re plaintiff [BI 00055] |
| 234. | | | | 06/10/1992 Health Insurance Claim form re services rendered at Florida Medical Center for plaintiff [BI 00056] |
| 235. | | | | 06/10/1992 Sworn Statements of billing agents for F.M.C. Emergency Room Physicians [BI 00057] |
| 236. | | | | 06/23/1992 Letter from Martin L. Hoffman, Esq. to Wells Fargo Guard Services, Inc. re plaintiff [BI 00058] |
| 237. | | | | 05/25/1992 Washington Park Pharmacy of Wingate, Inc. prescription for plaintiff [BI 00059] |
| 238. | | | | 06/10/1992 Health Insurance Claim form re services rendered at Florida Medical Center for plaintiff [BI 00060] |
| 239. | | | | Undated Florida Medical Center Emergency Dept. Patient Instructions for Follow-up Care re plaintiff [BI 00061] |
| 240. | | | | Business card of Fredric M. Gerard, M.D. [BI 00062] |
| 241. | | | | 12/06/1996 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00063] |

| | | | | |
|---|---|---|---|---|
| 242. | | | | 08/02/1996 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00064] |
| 243. | | | | 06/23/1992 Letter from Martin L. Hoffman, Esq. to Division of Worker's Compensation, Wells Fargo Guard Services, Inc. re plaintiff [BI 00065] |
| 244. | | | | 06/23/1992 Application for Hearing from State of Florida, Department of Labor and Employment Security, Division of Workers' Compensation re plaintiff [BI 00066] |
| 245. | | | | 06/23/1992 Claim for Benefits from State of Florida, Department of Labor and Employment Security, Division of Workers' Compensation re plaintiff [BI 00067] |
| 246. | | | | 06/23/1992 Notice of Appearance from State of Florida, Dept. of Labor & Employment Security Office of the Judge of Compensation Claims District J re plaintiff [BI 00068] |
| 247. | | | | 06/23/1992 Request for Production from State of Florida, Dept. of Labor & Employment Security Office of the Judge of Compensation Claims District J re plaintiff [BI 00069 – BI 00071] |
| 248. | | | | Undated Wells Fargo Guard Services Employee Information re plaintiff [BI 00072 – BI 00073] |
| 249. | | | | 10/22/1992 Invoice re Florida Medical Center [BI 00074] |
| 250. | | | | 10/29/1992 Letter from Martin Hoffman, Esq. To Karen Giordano, Travelers Insurance Company re plaintiff's claim [BI 00075] |
| 251. | | | | 12/24/1992 Invoice re Florida Medical Center [BI 00076] |
| 252. | | | | 05/22/1992 Wells Fargo Guard Services Serious Incident Report prepared by plaintiff [BI 00077] |
| 253. | | | | Florida Department of Labor and Employment Security Division of Workers' Compensation Wage Statement Form [BI 00078] |
| 254. | | | | 03/15/1993 Florida Department of Labor and Employment Security Division of Workers' Compensation Notice of Denial re plaintiff [BI 00079] |
| 255. | | | | 02/03/1993 State of Florida Division of Workers' Compensation Claim Acknowledgement re plaintiff [BI 00080] |
| 256. | | | | 01/28/1993 State of Florida Department of Labor and Employment Security Division of Workers' Compensation Claim for Benefits re plaintiff [BI 00081] |
| 257. | | | | 06/26/1992 Florida Department of Labor and Employment Security Division of Workers' Compensation Schedule of Weekly Earnings re plaintiff [BI 00082] |

| | | | | |
|---|---|---|---|---|
| 258. | | | | 12/28/1992 Letter from Martin Hoffman, Esq. To Karen Giordano, Travelers Insurance Company, re plaintiff [BI 00083 – BI 00084] |
| 259. | | | | 03/03/1993 State of Florida Division of Workers' Compensation Claim Acknowledgement re plaintiff [BI 00085] |
| 260. | | | | 02/22/1993 State of Florida Department of Labor and Employment Security Division of Workers' Compensation Amended Claim for Benefits re plaintiff [BI 00086] |
| 261. | | | | 03/20/1993 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00087] |
| 262. | | | | 04/03/1993 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00088] |
| 263. | | | | 04/23/1993 State of Florida Division of Workers' Compensation Claim Acknowledgement re plaintiff [BI 00089] |
| 264. | | | | 04/14/1993 State of Florida Department of Labor and Employment Security Division of Workers' Compensation Amended Claim for Benefits re plaintiff [BI 00090] |
| 265. | | | | 07/24/1992 State of Florida Department of Labor and Employment Security Judge of Compensation Claims, District J, Notice of Taking Deposition Duces Tecum of Jerry Rubin of CAN P&C Company [BI 00091 – BI 00092] |
| 266. | | | | 07/24/1992 State of Florida Department of Labor and Employment Security Division of Workers' Compensation Amended Claim for Benefits re plaintiff [BI 00093] |
| 267. | | | | 11/07/1992 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00094] |
| 268. | | | | 10/24/1992 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00095] |
| 269. | | | | 02/27/1993 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00096] |
| 270. | | | | 02/13/1993 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00097] |
| 271. | | | | 05/08/1993 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00098] |
| 272. | | | | 07/02/1992 State of Florida Division of Workers' Compensation Claim Acknowledgement re plaintiff [BI 00099] |
| 273. | | | | 10/10/1992 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00100] |
| 274. | | | | 09/24/1992 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00101] |

| | | | | |
|---|---|---|---|---|
| 275. | | | | 12/02/1991 Wells Fargo Guard Services Pre-Employment Screening Checklist re plaintiff [BI 00102] |
| 276. | | | | 11/21/1991 Wells Fargo Guard Services Authorization for Release of Information re plaintiff [BI 00103] |
| 277. | | | | 11/21/1991 Wells Fargo Guard Services Drug Screening Applicant Consent Form signed by plaintiff [BI 00104] |
| 278. | | | | 11/22/1991 Drug screening results re plaintiff [BI 00105] |
| 279. | | | | 11/26/1991 Wells Fargo Investigative Services background report re plaintiff [BI 00106 – BI 00111] |
| 280. | | | | 05/1992 Wells Fargo Guard Services Applicant Five Year Employment History re plaintiff [BI 00112] |
| 281. | | | | 12/1992 Wells Fargo Guard Services Employment Records re plaintiff [BI 00113] |
| 282. | | | | 05/05/1992 School Reference for plaintiff re Lively Fire Academy [BI 00114] |
| 283. | | | | 11/26/1991 Wells Fargo Guard Services Written Request for Work Reference from Winn Dixie re plaintiff [BI 00115] |
| 284. | | | | 11/22/1991 Wells Fargo Guard Services Telephone Reference Check from Argenbright re plaintiff [BI 00116] |
| 285. | | | | 07/30/1997 Certificate of Service page  [BI 00117] |
| 286. | | | | 08/27/1997 Forwarding Address Correction from Hayt, Hayt & Landau to Wells Fargo re plaintiff [BI 00118] |
| 287. | | | | 11/22/1991 Wells Fargo Guard Services Memo to all employees from J.P. Augustine re Equal Employment Opportunity signed by plaintiff [BI 00119] |
| 288. | | | | 07/30/1992 Specific Audit re plaintiff [BI 00120] |
| 289. | | | | 11/22/1991 Unarmed Guard Status Report re plaintiff [BI 00121] |
| 290. | | | | State of Florida Department of Labor and Employment Security Judge of Compensation Claims, District J, Order (first page only) [BI 00122] |
| 291. | | | | 08/27/1997 Forwarding Address Correction from Hayt, Hayt & Landau to Wells Fargo re plaintiff [BI 00123 – BI 00125] |
| 292. | | | | Plaintiff State of Florida, Department of State, Division of Licensing Security Officer card, expiration 03/01/1993 [BI 00126] |
| 293. | | | | 06/23/1997 State of Florida Department of Labor and Employment Security Judge of Compensation Claims, District J, Notice of Hearing [BI 00127] |
| 294. | | | | 11/22/1991 Wells Fargo Guard Services Checklist of Personnel Folder Contents revised 03/12/1991 [BI 00128] |

| | | | | |
|---|---|---|---|---|
| 295. | | | | 11/22/1991 Wells Fargo Guard Services Written Request for Personal Reference from Florida A&M University re plaintiff [BI 00129] |
| 296. | | | | 11/22/1991 Wells Fargo Guard Services Written Request for Personal Reference re plaintiff [BI 00130] |
| 297. | | | | 1991 W-2 Wage and Tax Statement from Wells Fargo Guard Services of Florida, Inc. re plaintiff [BI 00131] |
| 298. | | | | Undated Wells Fargo Guard Services Written Request for Work Reference re plaintiff [BI 00132] |
| 299. | | | | 11/30/1991 Wells Fargo Guard Services Applicant Processing Check List re plaintiff [BI 00133 – BI 00134] |
| 300. | | | | 11/22/1991 Wells Fargo Guard Services Employee Firearms Agreement signed by plaintiff [BI 00135 – BI 00136] |
| 301. | | | | 11/22/1991 Employment Eligibility Verification (Form I-9) re plaintiff [BI 00137] |
| 302. | | | | Copy of plaintiff's Florida Driver License and Social Security Card [BI 00138] |
| 303. | | | | 11/22/1991 Wells Fargo Guard Services, Inc. Insurance Information Receipt, Cafeteria Plan, for plaintiff [BI 00139] |
| 304. | | | | Brochure re Wells Fargo Guard Cafeteria Plan for Full & Part-time Hourly Employees and their Dependents [BI 00140] |
| 305. | | | | Wells Fargo Guard Services Employee Confidentiality and Non-Solicitation Agreement signed by plaintiff [BI 00141 – BI 00142] |
| 306. | | | | 11/26/1991 Wells Fargo Guard Services Written Request for Work Reference from Florida A&M University re plaintiff [BI 00143] |
| 307. | | | | 05/27/1992 Letter from Owusu-Ansah Agypong, Ph.D., Florida Agricultural and Mechanical University re plaintiff [BI 00144] |
| 308. | | | | 06/24/1993 State of Florida Department of Labor and Employment Security Office of the Deputy Commission Subpoena Duces Tecum to Payroll and Personnel Records Custodian of Wells Fargo Guard Services [BI 00145] |
| 309. | | | | 04/05/1992 Memo to George Green from Sealand Container Port Everglades re plaintiff [BI 00146] |
| 310. | | | | 04/25/1992 Wells Fargo Guard Services Daily Report re plaintiff [BI 00147] |
| 311. | | | | 1991 Form W-4 signed by plaintiff [BI 00148 – BI 00149] |

| 312. | | | | 04/22/1994 Florida Department of Labor and Employment Security Division of Workers' Compensation Request for Wage Loss/Temporary Partial Benefits re plaintiff [BI 00150] |
|---|---|---|---|---|
| 313. | | | | Undated Work Search Report submitted by plaintiff [BI 00151] |
| 314. | | | | 03/23/1994 Notice of Denial from Florida Department of Labor and Employment Security, Division of Worker's Compensation re plaintiff [BI 00152] |
| 315. | | | | 03/23/1994 Request for Wage Loss/Temporary Partial Benefits from Florida Department of Labor and Employment Security, Division of Worker's Compensation re plaintiff [BI 00153] |
| 316. | | | | 01/06/1994 State of Florida Department of Labor and Employment Security Judge of Compensation Claims, District J, Notice of Hearing [BI 00154] |
| 317. | | | | 01/06/1994 State of Florida Department of Labor and Employment Security Judge of Compensation Claims, District J, Notice of Hearing [BI 00155] |
| 318. | | | | Florida Department of Labor and Employment Security Division of Workers' Compensation Notice of Denial re plaintiff [BI 00156] |
| 319. | | | | 12/18/1993 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00157] |
| 320. | | | | 11/18/1993 State of Florida, Department of Labor and Employment Security Office of the Judges of Compensation Claims, Notice of Hearing re Claim No. 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 [BI 00158] |
| 321. | | | | 06/19/1992 Health Insurance Claim form re services rendered at Florida Medical Center for plaintiff [BI 00159] |
| 322. | | | | 06/19/1992 Health Insurance Claim form re services rendered at Florida Medical Center for plaintiff [BI 00160 – BI 00161] |
| 323. | | | | 10/22/1992 Order (missing page one) [BI 00162 – BI 00163] |
| 324. | | | | 11/23/1992 Florida Department of Labor and Employment Security Division of Workers' Compensation Notice of Action/Change re plaintiff [BI 00164] |
| 325. | | | | 11/18/1993 State of Florida, Department of Labor and Employment Security Office of the Judge of Compensation Claims, District "J", Stipulation re Claim No. 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 (page one only) [BI 00165] |
| 326. | | | | Undated Injury Report re plaintiff [BI 00166 – BI 00167] |

| | | | | |
|---|---|---|---|---|
| 327. | | | | 0703/1993 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00168] |
| 328. | | | | 08/17/1992 State of Florida, Department of Labor and Employment Security, Judge of Compensation Claims, District "J", Notice of Hearing [BI 00169] |
| 329. | | | | 09/05/1992 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00170] |
| 330. | | | | 08/05/1992 State of Florida Division of Workers' Compensation Claim Acknowledgement [BI 00171] |
| 331. | | | | 07/24/1992 Amended Claim for Benefits re plaintiff [BI 00172] |
| 332. | | | | 07/11/1992 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00173] |
| 333. | | | | 07/18/1992 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00174] |
| 334. | | | | 08/01/1992 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00175] |
| 335. | | | | 08/15/1992 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00176] |
| 336. | | | | 06/19/1993 State of Florida Division of Workers' Compensation Claim Acknowledgement [BI 00177] |
| 337. | | | | 06/08/1993 Claim for Benefits re plaintiff [BI 00178] |
| 338. | | | | 06/12/1993 Patient Statement from Sonkin, Alvarez and Sayer re plaintiff [BI 00179 – BI 00180] |
| 339. | | | | Orientation Sign-in Form re plaintiff [BI 00181] |
| 340. | | | | 12/18/1992 Wells Fargo Guard Services Record of Equipment Issue signed by plaintiff [BI 00182] |
| 341. | | | | 02/26/1998 Wells Employee Information Form re plaintiff [BI 00183] |
| 342. | | | | 11/28/1991 Wells Employee Information Form re plaintiff [BI 00184] |
| 343. | | | | 12/17/1992 Wells Employee Information Form re plaintiff [BI 00185] |
| 344. | | | | 11/24/1991 Wells Employee Information Form re plaintiff [BI 00186] |
| 345. | | | | 07/20/1992 Invoice from Florida Medical Center re plaintiff [BI 00187] |
| 346. | | | | 08/20/1992 Invoice from Florida Medical Center re plaintiff [BI 00188] |
| 347. | | | | 09/20/1992 Invoice from Florida Medical Center re plaintiff [BI 00189] |
| 348. | | | | 11/22/1992 Invoice from Florida Medical Center re plaintiff [BI 00190] |

| | | | | |
|---|---|---|---|---|
| 349. | | | | Statute 440.13(2)(a.) and Statute 440.37(2)(b.) signed by plaintiff [BI 00191] |
| 350. | | | | 08/11/1993 Invoice from Florida Medical Center re plaintiff [BI 00192] |
| 351. | | | | 07/12/1993 Invoice from Florida Medical Center re plaintiff [BI 00193] |
| 352. | | | | 07/28 and 07/29 telephone messages from plaintiff to Larry; 03/01 telephone message from Florida Medical Center to Betty Davis re plaintiff [BI 00194] |
| 353. | | | | 11/19/1997 State of Florida, Department of Labor and Employment Security Office of the Judge of Compensation Claims, District "J", Notice of Hearing re Claim No. 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 [BI 00195] |
| 354. | | | | 02/18/1994 State of Florida, Department of Labor and Employment Security Office of the Judge of Compensation Claims, District "J", Order re Claim No. 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 [BI 00196] |
| 355. | | | | 02/02/1993 Letter from Betty Davis, Wells Fargo Guard Services, to plaintiff and Karen Giordano, Travelers Insurance Company [BI 00197] |
| 356. | | | | 07/22/1993 Letter from Lori Rubio, Wells Fargo Guard Services, to plaintiff [BI 00198] |
| 357. | | | | 03/02/1994 State of Florida, Department of Labor and Employment Security Office of the Judge of Compensation Claims, District "J", Notice of Hearing re Claim No. 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 [BI 00199] |
| 358. | | | | 02/26/1994 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00200] |
| 359. | | | | 06/20/1994 State of Florida, Department of Labor and Employment Security Office of the Judge of Compensation Claims, District "J", Notice of Mediation Conference re Claim No. 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 [BI 00201 – BI 00202] |
| 360. | | | | 06/27/1994 State of Florida, Department of Labor and Employment Security Office of the Judge of Compensation Claims, District "J", Notice of Hearing re Claim No. 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 [BI 00203] |
| 361. | | | | 03/09/1994 Request for Wage Loss/Temporary Partial Benefits from Florida Department of Labor and Employment Security, Division of Worker's Compensation re plaintiff [BI 00204] |
| 362. | | | | 07/05/1994 Notice of Denial from Florida Department of Labor and Employment Security, Division of Worker's Compensation re plaintiff [BI 00205] |

| | | | | |
|---|---|---|---|---|
| 363. | | | | 07/05/1994 Request for Wage Loss/Temporary Partial Benefits from Florida Department of Labor and Employment Security, Division of Worker's Compensation re plaintiff [BI 00206] |
| 364. | | | | 05/24/1996 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00207] |
| 365. | | | | 06/14/1996 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00208] |
| 366. | | | | 06/07/1996 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00209] |
| 367. | | | | 07/22/1994 Request to Produce from State of Florida Department of Labor and Employment Security, Office of the Judge of Compensation Claims re Claim No. 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 [BI 00210 – BI 00211] |
| 368. | | | | 07/26/1994 Notice of Denial from Florida Department of Labor and Employment Security, Division of Worker's Compensation re plaintiff [BI 00212] |
| 369. | | | | 07/26/1994 Request for Wage Loss/Temporary Partial Benefits from Florida Department of Labor and Employment Security, Division of Worker's Compensation re plaintiff [BI 00213] |
| 370. | | | | 04/02/1998 Fax transmittal from Dalia, Hyat, Hayt & Landau, to Geraldine, Wells Fargo, and attachments [BI 00214 – BI 00220] |
| 371. | | | | 03/18/1998 State of Florida, Department of Labor and Employment Security Office of the Judge of Compensation Claims, District "J", Order re Claim No. 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 [BI 00221 – BI 00222] |
| 372. | | | | 11/19/1997 State of Florida, Department of Labor and Employment Security Office of the Judge of Compensation Claims, District "J", Notice of Hearing re Claim No. 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 [BI 00223] |
| 373. | | | | 05/29/1993 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00224 – BI 00225] |
| 374. | | | | 04/07/1993 Letter from Betty Davis, Wells Fargo Guard Services, to Louis A. Caputo, Conroy, Simberg & Lewis, P.A. re plaintiff [BI 00226] |
| 375. | | | | 07/31/1993 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00227] |

| | | | | |
|---|---|---|---|---|
| 376. | | | | 08/05/1993 State of Florida, Department of Labor and Employment Security Office of the Judge of Compensation Claims, District "J", Order Requiring Mediation Conference re Claim No. 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 [BI 00228 – BI 00230] |
| 377. | | | | 07/21/1993 Florida Department of Labor and Employment Security, Division of Workers' Compensation Application for Mediation Conference [BI 00231] |
| 378. | | | | 08/09/1993 Florida Department of Labor and Employment Security, Division of Workers' Compensation Notice of Denial [BI 00232] |
| 379. | | | | 11/17/1992 Letter from Betty Davis, Wells Fargo Guard Services, to plaintiff and Karen Giordano, The Travelers Insurance [BI 00233] |
| 380. | | | | 03/09/1994 Florida Department of Labor and Employment Security, Division of Workers' Compensation Notice of Denial [BI 00234] |
| 381. | | | | 11/06/1993 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00235] |
| 382. | | | | Memo from Gene Seymour, Wells Fargo Guard Services, Inc. (partially illegible) [BI 00236] |
| 383. | | | | 07/28/1994 Petition for Benefits re plaintiff [BI 00237] |
| 384. | | | | 06/25/1994 State of Florida, Department of Labor and Employment Security Office of the Judge of Compensation Claims, District "J", Notice of Mediation Conference re Claim No. 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 [BI 00238 – BI 00239] |
| 385. | | | | Typed notes (author and recipient unknown [BI 00240] |
| 386. | | | | 01/15/1994 The Travelers, Summary of Workers Compensation Claim Payments re plaintiff [BI 00241] |
| 387. | | | | 02/21/1994 State of Florida, Department of Labor and Employment Security Office of the Judge of Compensation Claims, District "J", Notice of Lien re Claim No. 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 [BI 00242 – BI 00243] |
| 388. | | | | 04/22/1994 Florida Department of Labor and Employment Security, Division of Workers' Compensation Notice of Denial [BI 00244] |
| 389. | | | | 11/01/2000 Fax Cover Sheet from Alliance Entertainment Corp. to Holland & Knight re plaintiff [AEC 00001] |
| 390. | | | | 11/08/2000 Letter from Alliance Entertainment Corp. to Holland & Knight re plaintiff [AEC 00002] |
| 391. | | | | 11/08/2000 Letter from Alliance Entertainment Corp. to Holland & Knight re plaintiff [AEC 00003] |

| | | | | |
|---|---|---|---|---|
| 392. | | | | 10/20/2000 Fax Cover Sheet and attachment from Argenbright Security to Holland & Knight re plaintiff [A 00001 – A 00002] |
| 393. | | | | 11/01/2000 Fax Cover Sheet and attachment from Allied Security to Holland & Knight re plaintiff [AS 00001 – AS 00002] |
| 394. | | | | 11/01/2000 Letter from Allied Security to Holland & Knight re plaintiff [AS 00003] |
| 395. | | | | 11/02/2000 Letter from Neptune Fireworks, Inc. to Holland & Knight re plaintiff [NF 00001] |
| 396. | | | | 11/01/2000 Subpoena Duces Tecum to Records Custodian, Community Thrift Store [CTS 00001 – CTS 00003] |
| 397. | | | | 12/30/1999 FTL Thrift, Inc. Earnings History Report for plaintiff [CTS 00004] |
| 398. | | | | FTL Thrift, Inc. 1999 W-2 Wage and Tax Statement for plaintiff [CTS 00005] |
| 399. | | | | Plaintiff's Time Cards for weeks ending 01/01/1999 and 01/08/1999 [CTS 00006 – CTS 00007] |
| 400. | | | | 01/16/1998 (typo) Separation Record from Community Thrift Store re plaintiff [CTS 00008] |
| 401. | | | | 12/30/1998 Store Employment Application for plaintiff [CTS 00009 – CTS 00011] |
| 402. | | | | 12/30/1998 Notification of Trial Period for plaintiff [CTS 00012] |
| 403. | | | | FTL Thrift, Inc. d/b/a Community Thrift Store 1998 Form W-4 for plaintiff  [CTS 00013] |
| 404. | | | | 10/26/2000 Subpoena Duces Tecum to Records Custodian, Weststaff [W 00001 – W 00003] |
| 405. | | | | 10/26/200 Weststaff Employee Timecard Report for plaintiff [W 00004 – W 00006] |
| 406. | | | | 10/26/2000 Subpoena Duces Tecum to Records Custodian, Spincycle Laundry [SL 00001 – SL 00003] |
| 407. | | | | 07/10/2000 Termination PSA re plaintiff [SL 00004] |
| 408. | | | | 06/09/2000 New Hire PSA re plaintiff [SL 00005] |
| 409. | | | | 06/09/2000 New Hire PSA re plaintiff [SL 00006] |
| 410. | | | | 06/06/2000 Plaintiff's Application for Employment with Spincycle Laundry [SL 00007 – SL 00008] |
| 411. | | | | U.S. Department of Justice, Immigration and Naturalization Service Employment Eligibility Verification re plaintiff [SL 00009 – SL 00011] |
| 412. | | | | Spincycle Laundry 2000 Form W-4 for plaintiff [SL 00012 – SL 00013] |

25

| 413. | | | | 06/09/2000 Spincycle, Inc. Team Member Handbook Acknowledgment/Receipt signed by plaintiff [SL 00014] |
| 414. | | | | 06/09/2000 Spincycle, Inc. Personal Conduct Expectations signed by plaintiff [SL 00015] |
| 415. | | | | 06/09/2000 Spincycle Coin Laundry Background Investigation Information re plaintiff [SL 00016] |
| 416. | | | | 06/12/2000 Fax from Gerald Gold & Associates to Spincycle re plaintiff [SL 00017] |
| 417. | | | | 10/30/2000 Letter from Feick Security to Holland & Knight re plaintiff [FS 00001] |
| 418. | | | | 10/31/2000 Check Register for Forestville Corp. d/b/a Feick Security re plaintiff [FS 00002 – FS 00003] |
| 419. | | | | Undated Handwritten notes re plaintiff [FS 00004] |
| 420. | | | | 01/12/1999 Plaintiff's Application for Employment with Feick Security [FS 00005 – FS 00008] |
| 421. | | | | 1998 Form W-4 signed by plaintiff [FS 00009] |
| 422. | | | | 01/25/1999 Feick Security Policies signed by plaintiff [FS 00010] |
| 423. | | | | 01/25/1999 U.S. Department of Justice Immigration and Naturalization Service Form I-9, Employment Eligibility Verification signed by plaintiff [FS 00011] |
| 424. | | | | Copy of plaintiff's Florida Driver License and Social Security Card [FS 00012] |
| 425. | | | | 01/22/1999 Copy of plaintiff's Acknowledgment Card issued from Florida Department of State, Division of Licensing [FS 00013] |
| 426. | | | | 01/25/1999 Feick Security Uniform Policy signed by plaintiff [FS 00014] |
| 427. | | | | 01/13/1999 Feick Security D-License Sponsorship Agreement re plaintiff [FS 00015] |
| 428. | | | | 01/25/1999 Feick Security Permanent Schedule Offer re plaintiff [FS 00016] |
| 429. | | | | 01/12/1999 "What Times are you available to work?" schedule signed by plaintiff [FS 00017] |
| 430. | | | | Undated Handwritten notes re plaintiff [FS 00018] |
| 431. | | | | Copy of check and check stub for pay period 02/09/1999 through 02/22/1999 re plaintiff [FS 00019] |
| 432. | | | | 02/11/1999 Feick Security Permanent Schedule Offer re plaintiff [FS 00020] |
| 433. | | | | 01/25/1999 Applicant Data Record re plaintiff [FS 00021] |
| 434. | | | | Undated Mail Address Form re plaintiff [FS 00022] |
| 435. | | | | Undated Equipment checkout form [FS 00023] |

| | | | | |
|---|---|---|---|---|
| 436. | | | | 01/25/1999 Special Disability Trust Fund Questionnaire singed by plaintiff [FS 00024] |
| 437. | | | | 01/25/1999 Feick Security Policies signed by plaintiff [FS 00025] |
| 438. | | | | 01/25/1999 Feick Security Policies signed by plaintiff [FS 00026] |
| 439. | | | | 01/25/1999 Feick Security Policies signed by plaintiff [FS 00027] |
| 440. | | | | Instructions for Form 8850, Department of the Treasury, Internal Revenue Service (Revised September 1997), Pre-screening Notice and Certification Request for the Work Opportunity and Welfare-to-Work Credits [FS 00028] |
| 441. | | | | 01/25/1999 U.S. Department of Labor, Employment and Training Administration U.S. Employment Service, Individual Characteristics Form Work Opportunity Tax Credit and Welfare-to-Work Tax Credit signed by plaintiff [FS 00029] |
| 442. | | | | 01/25/1999 Form 8850, Department of the Treasury, Internal Revenue Service (Revised September 1997), Pre-screening Notice and Certification Request for the Work Opportunity and Welfare-to-Work Credits signed by plaintiff [FS 00030 – FS 00031] |
| 443. | | | | Undated Feick Security Memorandum to All Feick Security Employees from Al Gonzales, Operation Manager, re Call Out Policy and Procedures [FS 00032] |
| 444. | | | | Undated Feick Security Code of Ethics for Security Officers [FS 00033] |
| 445. | | | | Undated Military Time Chart [FS 00034] |
| 446. | | | | Undated General Rules & Regulations [FS 00035] |
| 447. | | | | Undated Feick Security Employee Injury Loss Control Program Statement of Policy [FS 00036] |
| 448. | | | | Undated Feick Security General Accident Prevention Rules [FS 00037 – FS 00039] |
| 449. | | | | 01/25/1999 Employment Acceptance Agreement signed by plaintiff [FS 00040] |
| 450. | | | | 01/25/1999 Feick Security Statement of Receipt signed by plaintiff [FS 00041] |
| 451. | | | | 06/02/1999 License Expiration Notice from Monica Dalberry, Payroll Manager, to plaintiff [FS 00042] |
| 452. | | | | 02/11/1999 Feick Security Permanent Schedule Offer signed by plaintiff [FS 00043] |
| 453. | | | | 01/12/1999 Plaintiff's Application for Employment with Feick Security (first page only) [FS 00044] |

| | | | | |
|---|---|---|---|---|
| 454. | | | | 01/25/1999 Feick Security Uniform Policy signed by plaintiff [FS 00045] |
| 455. | | | | 01/13/1999 Feick Security D-License Sponsorship Agreement signed by plaintiff [FS 00046] |
| 456. | | | | 01/22/1999 Copy of plaintiff's Acknowledgment Card issued from Florida Department of State, Division of Licensing [FS 00047] |
| 457. | | | | Copy of plaintiff's Florida Driver License and Social Security Card [FS 00048] |
| 458. | | | | 1998 Form W-4 signed by plaintiff [FS 00049] |
| 459. | | | | 01/25/1999 Feick Security Policies signed by plaintiff [FS 00050] |
| 460. | | | | 01/25/1999 U.S. Department of Justice, Immigration and Naturalization Service Form I-9, Employment Eligibility Verification signed by plaintiff [FS 00051] |
| 461. | | | | 01/25/1999 Feick Security Permanent Schedule Offer re plaintiff [FS 00052] |
| 462. | | | | 05/19/1999 Letter from Nick M. Donato, Personnel Director/Feick Security, to plaintiff [FS 00053] |
| 463. | | | | 04/05/1999 Feick Security Permanent Schedule Offer re plaintiff [FS 00054] |
| 464. | | | | 03/26/1999 Feick Security Permanent Schedule Offer re plaintiff [FS 00055] |
| 465. | | | | 03/26/1999 Feick Security Permanent Schedule Offer re plaintiff [FS 00056] |
| 466. | | | | 03/26/1999 Feick Security Permanent Schedule Offer re plaintiff [FS 00057] |
| 467. | | | | 03/26/1999 Feick Security Permanent Schedule Offer re plaintiff [FS 00058] |
| 468. | | | | 04/06/1996 Weekly Work Schedule [DB 00007] |
| 469. | | | | Week Ending 05/26/1996 Actual Hours Worked for Store #98 [DB 00008] |
| 470. | | | | 06/01/1996 Weekly Work Schedule [DB 00009] |
| 471. | | | | Week Ending 06/15/1996 Actual Hours Worked for Store #98 [DB 00010] |
| 472. | | | | 06/01/1996 Weekly Work Schedule [DB 00011] |
| 473. | | | | 05/18/1996 Weekly Work Schedule [DB 00012] |
| 474. | | | | Week Ending 05/18/1996 Actual Hours Worked for Store #98 [DB 00013] |
| 475. | | | | Week Ending 03/30/1996 Actual Hours Worked for Store #98 [DB 00014] |
| 476. | | | | 03/30/1996 Weekly Work Schedule [DB 00015] |

| | | | | |
|---|---|---|---|---|
| 477. | | | | Plaintiff's 1996 W-2 and Earnings Summary [DB 00016; Defendant's Deposition Exhibit No. 6] |
| 478. | | | | Plaintiff's Earnings Statement for period ending 03/02/1996; Plaintiff's Earnings Statement for period ending 03/09/1996; Plaintiff's Earnings Statement for period ending 03/16/1996; Plaintiff's Earnings Statement for period ending 03/23/1996; Plaintiff's Earnings Statement for period ending 03/30/1996; Plaintiff's Earnings Statement for period ending 04/06/1996; Plaintiff's Earnings Statement for period ending 04/20/1996; Plaintiff's Earnings Statement for period ending 05/04/1996; Plaintiff's Earnings Statement for period ending 05/11/1996; Plaintiff's Earnings Statement for period ending 05/18/1996; Plaintiff's Earnings Statement for period ending 05/25/1996; Plaintiff's Earnings Statement for period ending 06/01/1996; Plaintiff's Earnings Statement for period ending 06/08/1996; Plaintiff's Earnings Statement for period ending 06/15/1996; Plaintiff's Earnings Statement for period ending 06/22/1996; Plaintiff's Earnings Statement for period ending 06/29/1996 [DB 00017 – DB 00032; Defendant's Deposition Exhibit No. 5] |
| 479. | | | | Undated Handwritten note to plaintiff [DB 00040; Defendant's Deposition Exhibit No. 7] |
| 480. | | | | 03/23/1996 Employee Warning Notice signed by plaintiff [DB 00041; Defendant's Deposition Exhibit No. 8] |
| 481. | | | | 03/23/1996 Employee Warning Notice signed by plaintiff [DB 00042] |
| 482. | | | | Week Ending 05/25/1996 Actual Hours Worked for Store #98 [DB 00043] |
| 483. | | | | 04/06/1996 Weekly Work Schedule [DB 00044] |
| 484. | | | | 05/19/1997 U.S. Equal Employment Opportunity Commission Dismissal and Notice of Rights [DB 00045] |
| 485. | | | | Information Related to Filing Suit Under the Laws Enforced by the EEOC [DB 00046] |
| 486. | | | | 05/19/1997 U.S. Equal Employment Opportunity Commission Dismissal and Notice of Rights [DB 00047] |
| 487. | | | | Information Related to Filing Suit Under the Laws Enforced by the EEOC [DB 00048] |
| 488. | | | | 03/31/1997 Letter from Robert Mexta, Equal Employment Opportunity Commission, to plaintiff [DB 00049; Defendant's Deposition Exhibit No. 2] |
| 489. | | | | 01/22/1993 Letter from John Adams, Marty Shoes, Inc., to All Managers [MS 00015 – MS 00016] |

| | | | | |
|---|---|---|---|---|
| 490. | | | | 04/06/1995 Memorandum from Paulette Purcar, Marty Shoes, Inc., to Store Supervisors [MS 00017] |
| 491. | | | | 07/13/1996 Payroll Status Change re plaintiff [MS 00025] |
| 492. | | | | Marty Shoes, Inc. Employment Guidelines, Page 2 [MS 00026] |
| 493. | | | | Burlington Benefits Manual, Hiring and Advancement Practices, Page 5 [MS 00027] |
| 494. | | | | Burlington Benefits Manual, Hiring and Advancement Practices, Page 31 [MS 00028] |
| 495. | | | | 06/29/1996 Weekly Work Schedule [MS 00029] |
| 496. | | | | 05/19/1997 U.S. Equal Employment Opportunity Commission Dismissal and Notice of Rights [MS 00055] |
| 497. | | | | Information Related to Filing Suit under the Laws Enforced by the EEOC [MS 00056] |
| 498. | | | | Brochure entitled *Welcome to Marty's Warehouse Shoe Outlets* and attached Employee Handbook [Defendant's Deposition Exhibit No. 1] |
| 499. | | | | Declaration of Stanley Dzioba taken November 2, 2000 |
| 500. | | | | 06/25/1997 Determination Notice of Unemployment Compensation Claim Filed re plaintiff [SM 00001] |
| 501. | | | | 12/14/1996 Sawgrass Mills Mall Notice of Unsatisfactory Performance re plaintiff [SM 00002] |
| 502. | | | | 12/14/1996 Sawgrass Mills Mall Notice of Unsatisfactory Performance re plaintiff [SM 00003] |
| 503. | | | | 07/10/1997 Sawgrass Mills Fax Transmission Report [SM 00004] |
| 504. | | | | 07/07/1997 Sawgrass Mills Mall Management Office Fax Cover Sheet to Florida Department of Labor and Employment from Sharon Stillman [SM 00005] |
| 505. | | | | 06/25/1997 Determination Notice of Unemployment Compensation Claim Filed re plaintiff [SM 00006] |
| 506. | | | | 11/19/1996 Special Disability Trust Fund Questionnaire re plaintiff [SM 00007] |
| 507. | | | | 12/17/1996 Notification of Termination of Employee re plaintiff [SM 00008] |
| 508. | | | | Premises Providers, Inc., a division of Mills, Corp. Time Report for the period ending 12/18/1996 re plaintiff [SM 00009] |
| 509. | | | | 11/26/1996 Notification of New Employee re plaintiff [SM 00010] |
| 510. | | | | 10/27/1996 Personnel Requisition re plaintiff [SM 00011] |
| 511. | | | | 11/15/1996 Plaintiff's Application for Employment with Sawgrass Mills [SM 00012 – SM 00018] |

| | | | | |
|---|---|---|---|---|
| 512. | | | | 11/19/1996 The Mills Corporation Memorandum to New Employee from Sharon Stillman, Personnel Director, re seasonal status signed by plaintiff [SM 00019] |
| 513. | | | | 11/12/1996 Personal Data Sheet re plaintiff [SM 00020] |
| 514. | | | | 08/27/1996 The Mills Corporation Memorandum to All Security Staff from David Kellam, Director of Security, re gifts signed by plaintiff [SM 00021] |
| 515. | | | | 08/27/1996 The Mills Corporation Memorandum to All Security Staff from David Kellam, Director of Security, re lunch breaks signed by plaintiff [SM 00022] |
| 516. | | | | 08/07/1996 The Mills Corporation Memorandum to All Security Staff from David Kellam, Director of Security, re fraternization signed by plaintiff [SM 00023] |
| 517. | | | | Undated The Mills Corporation Memorandum to All Employees from Sharon Stillman, Personnel Director, re removal of property from closed tenant spaces signed by plaintiff on 11/19/1996 [SM 00024] |
| 518. | | | | 08/27/1996 The Mills Corporation Memorandum to All Security Staff from David Kellam, Director of Security, re shift assignments signed by plaintiff [SM 00025] |
| 519. | | | | 08/27/1996 The Mills Corporation Memorandum to All Security Staff from David Kellam, Director of Security, re posting of items in the control room signed by plaintiff [SM 00026] |
| 520. | | | | Undated The Mills Corporation Memorandum to All Sawgrass Mills Employees from Sharon Stillman, Personnel Director, re security of premises signed by plaintiff on 11/19/1996 [SM 00027] |
| 521. | | | | 01/23/1996 The Mills Corporation Memorandum to All Employees from Scott M. Fixell, Assistant to General Manager, re side jobs on company property signed by plaintiff [SM 00028] |
| 522. | | | | Undated The Mills Corporation Memorandum to All Employees from Sharon Stillman, Personnel Director, re safety weight belts/name tags signed by plaintiff on 11/19/1996 [SM 00029] |
| 523. | | | | 03/25/1996 The Mills Corporation Memorandum to All Employees from Sharon Stillman, Personnel Director, re gifts signed by plaintiff [SM 00030] |
| 524. | | | | Undated The Mills Corporation Memorandum to All Employees from Sharon Stillman, Personnel Director, re lost property signed by plaintiff on 11/19/1996 [SM 00031] |

| | | | | |
|---|---|---|---|---|
| 525. | | | | Undated The Mills Corporation Memorandum to All Employees from Sharon Stillman, Personnel Director, re video camera signed by plaintiff on 11/19/1996 [SM 00032] |
| 526. | | | | Undated The Mills Corporation Memorandum to All Employees from Sharon Stillman, Personnel Director, re calling in signed by plaintiff on 11/19/1996 [SM 00033] |
| 527. | | | | Undated Employee Discipline Policy & Procedure, Page 6, signed by plaintiff on 11/19/1996 [SM 00034] |
| 528. | | | | 11/19/1996 Employee Acknowledgement signed by plaintiff [SM 00035] |
| 529. | | | | 01/23/1996 The Mills Corporation Memorandum to All Hourly Employees from Sharon Stillman, Personnel Director, re time cards signed by plaintiff [SM 00036 – SM 00037] |
| 530. | | | | Undated Administrative Policy re Sexual Harassment signed by plaintiff on 11/19/1996 [SM 00038 – SM 00039] |
| 531. | | | | 1996 Form W-4 signed by plaintiff [SM 00040 – SM 00041] |
| 532. | | | | Undated Envelope from Sawgrass Mills [SM 00042] |
| 533. | | | | Plaintiff's Deposition transcript taken on August 23, 2000 (Volume 1) and October 10, 2000 (Volume 2) |
| 534. | | | | Exhibits to depositions taken in this case |
| 535. | | | | Demonstrative exhibits |
| 536. | | | | Video tapes of plaintiff's deposition |
| 537. | | | | Visual Aids |
| 538. | | | | Rebuttal documents |
| 539. | | | | Impeachment documents |
| | | | | Defendant reserves the right to supplemental and/or amend this exhibit list on notice to all parties |
| | | | | |

*Include a notation as to the location of any exhibit not held with the case file or not available because of size.

55678-1

FTL1 #519160 v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6002-CIV-UNGARO-BENAGES

DENISE BROOKINS,

                    Plaintiff,

v.

MARTY'S SHOES OF NEW
JERSEY, INC.,

                    Defendant.

_____/

## NOTICE OF FILING OBJECTIONS TO DEFENDANTS EXHIBITS

Plaintiff, DENISE BROOKINS objects to defendants exhibits numbers 1, through 467,

inclusive based upon "I-" "R", "H" and UP as set forth in the local rules.  In addition, see

objections marked in the exhibit after 467.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S.

Mail to: Eric K. Gabrielle, Esq., Holland & Knight, LLP, One East Broward Blvd., P. O. Box

14070, Fort Lauderdale, Florida 3330, on this 8th day of December, 2000.


                                        STEWART LEE KARLIN, ESQ.
                                        400 S. E. 8 Street
                                        Fort Lauderdale, Florida 33316
                                        (954) 462-1201
                                        (954) 462-3151/Fax

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 00-6002-(UNGARO-BENAGES/BROWN)

### TAB "3"

DENISE BROOKINS,

   Plaintiff,

v.

MARTY'S SHOES, INC.,

   Defendant.

**WITNESS LIST**

| Presiding Judge: THE HONORABLE URSULA UNGARO BENAGES - MAGISTRATE HONORABLE STEPHEN T. BROWN | | | | | Plaintiff's Attorney: STEWART L. KARLIN, ESQ. | Defendant's Attorney: THOMAS H. LOFREDO, ESQ. ERIC K. GABRIEL, ESQ. |
|---|---|---|---|---|---|---|
| Trial Date(s) | | | | | Court Reporter | Courtroom Deputy |
| Exhibit No. | Date Offered | Marked | objections | Admitted | WITNESS LIST | |
| 1. | | | | | (Plaintiff) Denise Brookins-c/o Stewart Lee Karlin, Esq. | |
| 2 | | | | | Agnes Fryza 10150 Knob Hill Road Sunrise, FL | |
| 3 | | | | | Orlando Lopez | |
| 4 | | | | | Michael Torres 10250 SW 148 Ave. Sunrise, Florida 33313 | |
| 5. | | | | | Chris Torres | |
| 6. | | | | | Leonard Taylor 1530 SW 44th Terrace, Apt. 2 Fort Lauderdale, Florida 33310 | |
| 7. | | | | | Oxca Wright 1671 SW 44th Ave., Apt. 1 Fort Lauderdale, Florida 33310 | |
| 8.. | | | | | Gail Williams | |
| 9.. | | | | | All of defendants witnesses | |
| 10. | | | | | Impeachment witnesses | |
| 11. | | | | | Rebuttal witnesses | |

Objections:

NPD - Not properly designated per Rule 16.1E       F - Foundation
H - Hearsay                 R - Relevance
I - Inadmissible Material           A - Authenticity
P - Privileged                UP - Unduly Prejudicial

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

DENISE BROOKINS,

      Plaintiff,

vs.

MARTY SHOES, INC.,

      Defendant.

_____/

### DEFENDANT'S TRIAL WITNESS LIST

Defendant, Marty Shoes, Inc., hereby serves notice of the disclosure of its witnesses for trial.

### WITNESSES

1.    Stanley Dzioba, Marty Shoes, Inc.
    c/o Holland & Knight, LLP
    One East Broward Boulevard
    Suite 1300
    Fort Lauderdale, Florida 33301

2.    Martin Samowitz, Marty Shoes, Inc.
    c/o Holland & Knight, LLP
    One East Broward Boulevard
    Suite 1300
    Fort Lauderdale, Florida 33301

3.    John Adams, Marty Shoes, Inc.
    c/o Holland & Knight, LLP
    One East Broward Boulevard
    Suite 1300
    Fort Lauderdale, Florida 33301

4.    Roma Rybitha
    Business Address:
    BooksAMillion

1635 S. Federal Highway
Delray Beach, Florida  33483

5.     Denise Brookins, Plaintiff
       921 NW 33rd Way
       Ft. Lauderdale, Florida 33311

6.     Records Custodian
       Lauderdale Miami Auto Auction
       5353 South State Road 7
       Davie, Florida 33314

7.     Records Custodian
       Harbor Town Marina
       801 NE 3rd Street
       Dania Beach, Florida

8.     Records Custodian
       Tandem Temporary Services
       2580 North State Road 7
       Hollywood, Florida 33021

9.     Records Custodian
       Sally Beauty Company, Inc.
       3900 Morse Street
       Denton, Texas 76208

10.    Records Custodian
       Broward Community College
       225 East Las Olas Boulevard
       Ft. Lauderdale, Florida 33301

11.    Records Custodian
       Burns International Guard Services Inc. of Florida f/k/a
       Wells Fargo Guard Service Inc. of Florida
       4764 West Commercial Boulevard
       Tamarac, Florida 33319

12.    Records Custodian
       Spin Cycle, Inc.
       1410 North Federal Highway
       Hollywood, Florida 33020

2

13.    Records Custodian
       Community Thrift Store
       2744 West Davie Boulevard
       Davie, Florida 33312

14.    Records Custodian
       Weststaff
       4195 North State Road 7
       Lauderdale Lakes, Florida 33319

15.    Records Custodian
       Feick Security
       6990 SW 8th Street
       2nd Floor
       Miami, Florida 33144

16.    Records Custodian
       Allied Security
       2880 West Oakland Park Boulevard
       Suite 111
       Ft. Lauderdale, Florida 33311

17.    Records Custodian
       Alliance Entertainment Corp.
       4250 Coral Ridge Drive
       Coral Springs, Florida 33065

18.    Records Custodian
       Argenbright Security
       7250 NW 19th Street
       Suite 302
       Miami, Florida 33126

19.    Records Custodian
       Neptune Fireworks, Inc.
       768 East Dania Beach Boulevard
       Dania, Florida 33004

20.    Records Custodian
       Sawgrass Mills Mall Security

12801 West Sunrise Boulevard
Sunrise, Florida 33323

21. Records Custodian
Carroll Muszkiewicz, ACSW
Henderson Mental Health Center
330 SW 27th Avenue
Ft. Lauderdale, Florida 33312

22. Records Custodian
Dr. Ignacio Andueza
Henderson Mental Health Center
330 SW 27th Avenue
Ft. Lauderdale, Florida 33312

23. Records Custodian
Glenn Ross Caddy, Ph.D.
2801 University Drive, Suite 201
Coral Springs, Florida  33065

24. Records Custodian
Joseph O. Smith, D.C.
Doctors Corner
3501 North Federal Highway
Pompano Beach, Florida 33064

25. Records Custodian
Dr. Howard A. May
Advance Health Services
7400 N. Kendall Drive, Suite 109
Miami, Florida 33156

26. Records Custodian
Dr. Steven D. Dolberg
3801 North University Drive
Suite 501
Sunrise, Florida 33351

27. Records Custodian
West Broward Magnetic Resonance Imaging Center
Address Unknown

4

28.  Records Custodian
     Randy Greenhouse, M.D.
     Address Unknown

29.  Records Custodian
     Fredric M. Gerard, M.D.
     8130 Royal Palm Boulevard
     Suite 103
     Coral Springs, Florida 33065

30.  Records Custodian
     Florida Medical Center
     5000 West Oakland Park Boulevard
     Ft. Lauderdale, Florida 33313

31.  Records Custodian
     Dr. Isaac
     Address Unknown

32.  Records Custodian
     Edward Attarian, M.D.
     Cleveland Clinic Florida
     3000 West Cypress Creek Road
     Ft. Lauderdale, Florida 33309

33.  Records Custodian
     David A. Horvat, M.D.
     Tallahassee Memorial Hospital a/k/a
     Tallahassee Memorial Regional Medical Center
     1300 Miccosukee
     Tallahassee, Florida 32308

34.  Records Custodian
     Dr. Bonura
     Address Unknown

35.  Records Custodian
     Rajendra P. Gupta, M.D.
     300 NW 70th Avenue
     Suite 109
     Plantation, Florida 33317

5

36. Records Custodian
    Equal Employment Opportunity Commission
    1 Biscayne Tower, Suite 2700
    2 South Biscayne Boulevard
    Miami, Florida 33131

37. All witnesses identified in discovery, depositions or documents
    exchanged or otherwise produced in this case.

38. All witnesses identified or listed by Plaintiff.

39. All impeachment or rebuttal witnesses.

## RESERVATION TO SUPPLEMENT OR AMEND

Marty Shoes, Inc. specifically reserves the right to amend and/or
supplement this witness disclosure, or to add fact or expert witnesses as necessary if
and when Plaintiff makes such disclosure.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Defendant
One East Broward Boulevard
Thirteenth Floor
Post Office Box 14070
Fort Lauderdale, FL 33302-4070
(954) 525-1000
(954) 463-2030 – fax
e-mail: egabriel@hklaw.com

By: _____
Thomas H. Loffredo
Florida Bar No. 870323
Eric K. Gabrielle
Florida Bar No. 160725

6

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via **U.S. mail** to Stewart Lee Karlin, Esquire, Attorney for Plaintiff, 400 SE 8th Street, Ft. Lauderdale, Florida 33316, this **15th** day of December, 2000.

HOLLAND & KNIGHT LLP
Attorneys for Defendant
One East Broward Boulevard
Thirteenth Floor
Post Office Box 14070
Fort Lauderdale, FL 33302-4070
(954) 525-1000
(954) 463-2030 – fax
e-mail: tloffred@hklaw.com
e-mail: egabriel@hklaw.com

By: _____
Thomas H. Loffredo
Florida Bar No. 870323
Eric K. Gabrielle
Florida Bar No. 160725

55678-1
FTL1 #518492 v1

7