## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

DENISE BROOKINS,

      Plaintiff,

vs.

MARTY SHOES, INC.,

      Defendant.

_____/



### DEFENDANT'S NOTICE OF FILING JURY INSTRUCTIONS

    Defendant, Marty Shoes, Inc. ("Marty Shoes"), pursuant to Federal Rule of Civil Procedure 51 and Southern District of Florida Local Rule 16.1, submits proposed Jury Instructions for use in the trial of this action.

    Except as noted herein, Plaintiff has agreed to the following jury instructions.

                        Respectfully submitted,

                        HOLLAND & KNIGHT LLP
                        Attorneys for Marty Shoes, Inc.
                        One East Broward Boulevard, Suite 1300
                        Fort Lauderdale, Florida  33301
                        (954) 525-1000
                        (954) 463-2030 - fax
                        tloffred@hklaw.com
                        egabriel@hklaw.com

By: _____
             Thomas H. Loffredo, for the Firm
             Florida Bar No. 870323
             Eric K. Gabrielle, for the Firm
             Florida Bar No. 160725



## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by first class United States mail to Stewart L. Karlin, Esq., Attorney for Plaintiff, 400 S.E. 8th Street, Fort Lauderdale, Florida 33316, this **22d** day of December, 2000.

> HOLLAND & KNIGHT LLP
> Attorneys for Defendant
> One East Broward Boulevard, Suite 1300
> Post Office Box 14070
> Fort Lauderdale, Florida 33302-4070
> (954) 525-1000
> (954) 463-2030 – fax
>
> By: _____
> Thomas H. Loffredo, for the Firm
> Florida Bar No. 870323
> Eric K. Gabrielle, for the Firm
> Florida Bar No. 160725

2

## JOINT PROPOSED JURY INSTRUCTION NO. 1
## PRELIMINARY INSTRUCTIONS BEFORE TRIAL

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

However, before this case proceeds further, I will take a minute to instruct you concerning the nature of these proceedings. This is a civil action arising out of the employment of the Plaintiff, Denise Brookins ("Plaintiff" or "Brookins"), by the Defendant Marty Shoes ("Defendant" or "Marty Shoes"). Plaintiff contends that during her employment, she was subjected to discrimination and retaliation because of her race. Marty Shoes denies Plaintiff's claims.

I will decide all questions of law and procedure that arise during the trial. Before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making stenographic notes recording everything that is said, typewritten transcripts will not be prepared in time for your use during your deliberations and you should not expect to receive them.

3

On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial.

* * * * * * * * * *

The desire to take notes is perfectly natural, especially for those of you who are accustomed to making notes because of your schooling or the nature of your work. It is requested, however, that Jurors not take notes during the trial. One of the reasons for having six persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; while some of you might feel comfortable taking notes, other members of the Jury may not have skill or experience in note taking and may not wish to do so.

* * * * * * * * * *

or

* * * * * * * * * *

If you would like to take notes during the trial, you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually.

If you decide to take notes, be careful not to get so involved in note taking that you become distracted from the ongoing proceedings. Also, your notes should be used only as aids to your memory; if your memory should later differ from your notes, you should rely upon your memory and not your notes.

4

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror concerning what the testimony was.

* * * * * * * * * *

During the trial, you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence. Further, you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial, I may be called upon to make rulings of law on objections or motions made by the parties. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. If I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the parties from time to time out of your hearing with regard to questions of law or procedure that require consideration by me

5

alone. On some occasions, you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceeding will be as follows: In just a moment the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes, Marty Shoes will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff, as I will further explain to you as a part of my final instructions.

When the evidence portion of the trial is completed, the lawyers will be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that each side makes now, as well as the arguments they present at the end of the trial, are not to be considered by you either as evidence in the case or as instruction on the law. Nevertheless, these statements and arguments are intended to help you

understand the issues and the evidence as it comes in, as well as the positions taken by both sides. I ask that you now give the parties your close attention as I recognize them for purposes of opening statements.

GIVEN AS REQUESTED        _____

GIVEN MODIFIED            _____

REFUSED                   _____

WITHDRAWN                 _____


                                        _____
                                        URSULA UNGARO-BENAGES
                                        United States District Judge


Authorities:  Pattern Jury Instructions Civil Cases, prepared by the Committee on Pattern Jury Instructions, District Judges Association, Eleventh Circuit Court of Appeals (West 2000) (hereinafter "Eleventh Circuit Pattern Jury Instructions")(Preliminary Instructions)(slightly modified).

## JOINT REQUESTED JURY INSTRUCTION NO. 2

### Consideration of the Evidence;
### Duty to Follow Instructions

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions--what we call your deliberations.

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations, you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

8

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Remember that anything said by the lawyers in opening statements or closing arguments is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trail in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

GIVEN AS REQUESTED    _____

GIVEN MODIFIED    _____

REFUSED    _____

WITHDRAWN    _____


_____
URSULA UNGARO-BENAGES
United States District Judge


Authorities:   Eleventh Circuit Pattern Jury Instructions 1, 2.2 (slightly modified); Federal Jury Practice and Instructions, 4th Ed., Devitt, Blackmar and Wolf, §§ 71.08, 73.11 (West 1987) (hereinafter cited as "Federal Jury Practice and Instructions").

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3[1]

### Credibility Of Witnesses

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

GIVEN AS REQUESTED        _____

GIVEN MODIFIED        _____

REFUSED        _____

WITHDRAWN        _____


_____
URSULA UNGARO-BENAGES
United States District Judge

Authorities: Eleventh Circuit Pattern Jury Instruction 3 (slightly modified).

_____

[1] Plaintiff objects to this proposed Instruction.

10

## JOINT REQUESTED JURY INSTRUCTION NO. 4

### Impeachment of Witnesses
### Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that, at some other time, the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

GIVEN AS REQUESTED     _____

GIVEN MODIFIED     _____

REFUSED     _____

WITHDRAWN     _____


                                            _____
                                            URSULA UNGARO-BENAGES
                                            United States District Judge


Authorities: Eleventh Circuit Pattern Jury Instructions 4.1.

## JOINT REQUESTED JURY INSTRUCTION NO. 5

### Expert Witnesses

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

GIVEN AS REQUESTED          _____

GIVEN MODIFIED              _____

REFUSED                     _____

WITHDRAWN                   _____


                                    _____
                                    URSULA UNGARO-BENAGES
                                    United States District Judge


Authorities: Eleventh Circuit Pattern Jury Instructions 5.1.

12

## JOINT REQUESTED JURY INSTRUCTION NO. 6

### Burden Of Proof

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.


GIVEN AS REQUESTED        _____

GIVEN MODIFIED            _____

REFUSED                   _____

WITHDRAWN                 _____


_____
URSULA UNGARO-BENAGES
United States District Judge


Authorities:  Eleventh Circuit Pattern Jury Instructions 6.1.

13

## JOINT REQUESTED JURY INSTRUCTION NO. 7

### Objections By Counsel

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Therefore, you should not be prejudiced against an attorney or his client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely and may draw no inference from the wording of it or speculate as to what the witness would have said if he had been permitted to answer the question.

GIVEN AS REQUESTED          _____

GIVEN MODIFIED              _____

REFUSED                     _____

WITHDRAWN                   _____


_____
URSULA UNGARO-BENAGES
United States District Judge


Authorities: Federal Jury Practice and Instructions, § 11.13.

14

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8[2]

### Employment at Will

Florida law provides that there is no right to continued employment in this state unless there is a contract for a definite term of employment. In other words, if an employee's term of employment is "at will," meaning that it is discretionary or indefinite, either the employer or the employee may terminate the employment at any time for any non-discriminatory or non-retaliatory reason without any liability. Similarly, there is no requirement under Florida law that an employer have "just cause" to terminate an employee. In short, an employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all as long as the action is not based on a discriminatory or retaliatory reason. Likewise, an employee is always free to end the employment relationship for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all.

I instruct you that Plaintiff was an "at will" employee of Marty Shoes. Therefore, Marty Shoes could fire Plaintiff for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, so long as its reason was not a discriminatory or retaliatory reason. Likewise, Plaintiff was always free to voluntarily leave her job at Marty Shoes.

GIVEN AS REQUESTED        _____

GIVEN MODIFIED            _____

REFUSED                   _____

WITHDRAWN                 _____

_____

URSULA UNGARO-BENAGES
United States District Judge

Authorities: DeMarco v. Publix Super Markets, Inc., 384 So.2d 1253 (Fla. 1980)(per curiam).

_____

[2] Plaintiff objects to this requested Instruction.

15

## JOINT REQUESTED JURY INSTRUCTION NO. 9

### Discrimination Claim Against Marty Shoes
### Civil Rights Act, 42 U.S.C. § 1981

In this case the Plaintiff makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of race.

More specifically, the Plaintiff claims that she was discharged from employment by Marty Shoes because her race. Marty Shoes denies that the Plaintiff was discriminated against in any way and asserts that she was terminated because she could not get along with other employees.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:    That the Plaintiff was discharged from employment by the Defendant; and

Second:    That the Plaintiff's race was a substantial or motivating factor that prompted the Defendant to take that action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race. Therefore, you must take into account whether Marty Shoes has offered a legitimate non-discriminatory reason for terminating Plaintiff. So far as you are concerned in this case, an employer may discharge for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the Plaintiff to lead you to substitute your own judgment for that of the Defendant even though you personally may not favor the action taken and would have acted

16

differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's race was the sole or exclusive reason for the Marty Shoes' decision. It is sufficient if the Plaintiff proves that race was a determinative consideration that made a difference in the Marty Shoes' decision.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Marty Shoes has shown by a preponderance of the evidence that the Plaintiff would have been dismissed for other reasons apart from the Plaintiff's race. If you find that the Plaintiff would have been dismissed for reasons apart from race, then your verdict should be for the Marty Shoes.

GIVEN AS REQUESTED     _____

GIVEN MODIFIED     _____

REFUSED     _____

WITHDRAWN     _____

                                  _____

                                  URSULA UNGARO-BENAGES
                                  United States District Judge

Authorities: Eleventh Circuit Pattern Jury Instruction 1.3.1 (slightly modified).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10[3]

### Retaliation

The Plaintiff alleges that the Marty Shoes retaliated, that is, took revenge against the Plaintiff because the Plaintiff had previously taken steps seeking to enforce the Plaintiff's lawful rights under 42 U.S.C. § 1981.

You are instructed that those laws prohibiting discrimination in the work place also prohibit any retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights. To establish "good faith," however, it is not enough for the Plaintiff to merely allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In order to establish the claim of unlawful retaliation, therefore, the Plaintiff must prove by a preponderance of the evidence:

First:      That she engaged in statutorily protected activity, that is, that she in good faith asserted claims or complaints of discrimination prohibited by federal law;

Second:   That an adverse employment action then occurred;

Third:     That the adverse employment action was causally related to the Plaintiff's statutorily protected activities; and

Fourth:   That the Plaintiff suffered damages as a proximate or legal result of such adverse employment action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

---

[3] Plaintiff objects to this requested Instruction.

18

For an adverse employment action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred. Or, stated another way, it must be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in Marty Shoes' decision. You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity.

So far as you are concerned in this case, an employer may discharge or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of Marty Shoes even though you personally may not approve of the action taken and would have acted differently under the circumstances.

GIVEN AS REQUESTED    _____

GIVEN MODIFIED    _____

REFUSED    _____

WITHDRAWN    _____

_____
URSULA UNGARO-BENAGES
United States District Judge

Authorities:    Eleventh Circuit Pattern Jury Instructions 1.9.3 (slightly modified).

### DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11[4]

### <u>Burden Of Proof</u>

The reason why you must consider whether Marty Shoes offered a non-discriminatory non-retaliatory reason for terminating Plaintiff is because the burden of proof in a discrimination or retaliation case is on Plaintiff, that is, Plaintiff must prove that she was the victim of intentional discrimination. To do this, Plaintiff must prove by a preponderance of the evidence that her race or her complaint of discrimination was a motivating factor in Marty Shoes' decisions. This burden of proof involves two key phrases – "by the preponderance of the evidence" and "motivating factor."

To prove a case "by the preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a "preponderance of the evidence" means evidence which, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. "Motivating factor" means that you should focus on whether Plaintiff's race or complaint of discrimination was a determinative factor in Marty Shoes' actions, even if Marty Shoes had one or more reasons for its actions.

---

[4] Plaintiff objects to this proposed Instruction.

GIVEN AS REQUESTED            _____

GIVEN MODIFIED                _____

REFUSED                       _____

WITHDRAWN                     _____


                                    _____
                                    URSULA UNGARO-BENAGES
                                    United States District Judge


Authorities:  42 U.S.C. § 2000e-2(m); Model Civ. Jury Instr. (Ninth Cir.) § 12.01.01 (1993).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12[5]

### Plaintiff's Obligation To Prove Pretext

If you find that Marty Shoes stated a legitimate, non-discriminatory non-retaliatory reason for Plaintiff's termination, you then must decide whether Plaintiff has shown by a preponderance of the evidence that Marty Shoes' stated reasons were a mere pretext for intentional discrimination or retaliation. In other words, you must decide whether Marty Shoes' stated reasons were a "cover-up" for discrimination or retaliation against Plaintiff, that is, that Plaintiff's race or complaint of race discrimination was the <u>real</u> reason that Marty Shoes acted as it did.

"Pretext" is not proven with evidence that Plaintiff or another Marty Shoes employee disagrees with Marty Shoes' assessment of Plaintiff's job performance, her inability to get along with others, etc. "Pretext" is not proven by evidence that Marty Shoes' decisions were harsh, illogical, or simply wrong.

The law provides that Marty Shoes may terminate an employee, for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all as long as Marty Shoes' action is not based on a discriminatory or retaliatory reason. Marty Shoes' reason for its actions need not be a reason that you would act on or that you would approve.

In order to prove "pretext" based on different treatment between two employees who are similarly situated, Plaintiff must demonstrate that the reasons for which she was terminated was nearly identical to that engaged in by an employee who was not a member of a racial minority who was not terminated in order to prove the stated reasons for being terminated was a "pretext" for discrimination.

---

[5] Plaintiff objects to this proposed Instruction.

GIVEN AS REQUESTED          _____

GIVEN MODIFIED              _____

REFUSED                     _____

WITHDRAWN                   _____


                            _____
                            URSULA UNGARO-BENAGES
                            United States District Judge

Authorities: St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993); Nix v. WLCY Radio/Rahall Communications, 738 F.2d 1181 (11th Cir. 1984); Moore v. Eli Lilly & Co., 990 F.2d 812 (5th Cir. 1993), cert. denied, 510 U.S. 976 (1993).

## JOINT REQUESTED JURY INSTRUCTION NO. 13

### Compensatory Damages

If you should find that Plaintiff was subjected to discrimination or retaliation, then you must determine whether she suffered damages as a result of Marty Shoes' actions and, if so, the amount that will fairly and justly compensate her for any damages caused by Marty Shoes. Of course, the fact that I have given you instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe that Plaintiff should, or should not, prevail in this case.

If you find that Marty Shoes discriminated or retaliated against Plaintiff and terminated her due to her race, then Plaintiff is entitled to the back pay that she would have earned if Marty Shoes had not terminated her. This amount consists of the wages and employee benefits that Plaintiff would have received from the date of the discriminatory or retaliatory act to the date of trial. From this amount, you should subtract the total amount Plaintiff has earned during the same period, in wages, earnings, or other income and benefits. If Plaintiff failed to make reasonable efforts to find work, you should subtract the amount Plaintiff could have earned during this period.

You may award compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, and mental anguish if you find that Plaintiff suffered such damages and that such damages were caused by Marty Shoes allegedly illegal acts. You are not to consider any lost future wages for Plaintiff, that is, any lost wages she may experience after the date of your award; the Court will consider that question. You may not include in your award any sum for court costs or attorney's fees.

An award of future damages necessarily requires that monetary payment be made now for a loss that Plaintiff will not actually suffer until some future date. If you should find that

24

Plaintiff is entitled to future damages, but <u>not</u> including future earnings, then you must determine the present value or worth, in dollars, of such future damages. In that respect, if you award damages for loss of future earnings, you must consider two particular factors:

One: You should reduce any award by the amount of the expenses that Plaintiff would have incurred in making those earnings.

Two: You must reduce any award to Plaintiff to its present value by considering the interest that Plaintiff could earn on the amount of the award if she made a relatively risk-free investment.

The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to Plaintiff if she receives it today than if she received it in the future when she would otherwise have earned it. It is more valuable because Plaintiff can earn interest on it for a period of time between the date of the award and the date she would have earned the money. Thus, you should decrease the amount of any award by the amount of interest that Plaintiff can earn on that amount in the future.

Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable. In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

25

GIVEN AS REQUESTED     _____

GIVEN MODIFIED     _____

REFUSED     _____

WITHDRAWN     _____


                             _____

                             URSULA UNGARO-BENAGES
                             United States District Judge


Authorities: Eleventh Circuit Pattern Instruction 1.3.1; Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions §§104.05, 104.06, 104A.11 (1987 & Supp. 1993); 42 U.S.C. § 1981(b)(3); "EEOC Policy Guidelines on Damages Provisions of the 1991 Civil Rights Act," 8 FEP Manual 405:7091.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14[6]

### Mitigation Of Damages

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

After the termination of her employment, Plaintiff was obligated to use reasonable diligence in finding substantially equivalent employment. "Substantially equivalent employment" is employment that affords promotion opportunities, compensation, job responsibilities, working conditions and status equivalent to those afforded by the position Plaintiff held with Marty Shoes.

In determining whether employment is "substantially equivalent," you may consider

(1)    the type of work,

(2)    the hours worked,

(3)    the compensation,

(4)    the job security,

(5)    the working conditions, and

(6)    other conditions of employment.

If substantially equivalent employment was available, and Plaintiff failed to seek it or accept it, you must accordingly reduce any damages to which she is entitled by what Plaintiff could have earned by reasonable effort during the period from her discharge until the date of trial. If substantially equivalent employment was not available, and Plaintiff chose to accept

---

[6] Plaintiff objects to this proposed Instruction.

non-comparable employment, you must accordingly reduce any damages to which she is entitled by what she actually did earn during the period from her discharge until the date of trial.

If Marty Shoes shows that Plaintiff did not make reasonable efforts to obtain work, Marty Shoes does not also have to establish the availability of substantially comparable employment. In addition, you must not compensate Plaintiff for any portion of her damages that resulted from her failure to make reasonable efforts to reduce her damages.


GIVEN AS REQUESTED        _____

GIVEN MODIFIED            _____

REFUSED                   _____

WITHDRAWN                 _____


                                    _____
                                    URSULA UNGARO-BENAGES
                                    United States District Judge


Authorities:  Eleventh Pattern jury Instructions 1.3.1 & 1.1; 42 U.S.C. § 2000e-5(g); Federal Jury Practice and Instructions § 105.41 (1987 & Supp. 1993); *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1527 (11th Cir. 1991); *Coleman v. City of Omaha*, 714 F.2d 804, 808 (8th Cir. 1985).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15[7]

### Front Pay

If you find that Marty Shoes discriminated against Plaintiff because of her race you may award her damages for future lost wages arising from such discrimination. Such "front pay" shall be awarded only if you conclude that the other damages awarded to Plaintiff will not fully compensate her.

A "front pay" award is calculated from the date of your verdict in this matter until you determine, based on the preponderance of the evidence presented, that Plaintiff would be able to return to work in an employment position substantially similar to the job she held at the time of the alleged discrimination.

A "front pay" award for lost wages is calculated by measuring the difference between the wages Plaintiff would have received in the absence of any discrimination and the wages she will earn in the future. Front pay shall also be reduced to present value for a lump sum front payment.

GIVEN AS REQUESTED          _____

GIVEN MODIFIED              _____

REFUSED                     _____

WITHDRAWN                   _____


                                    _____
                                    URSULA UNGARO-BENAGES
                                    United States District Judge

Authorities:     Weaver v. Casa Gallardo, Inc., 922 F.2d 1515 (5th Cir. 1991).

---

[7] Plaintiff objects to this instruction. Marty Shoes does not believe that "front pay" is a jury question but that it is an equitable remedy to be decided by the Court, see, e.g., EEOC v. W&O, Inc., 213 F.3d 600, 618 (11th Cir. 2000); Wilson V. S&L Acquisition Co., 940 F.2d 1429 (11th Cir. 1991); Ramsey v. Chrysler First, Inc., 861 F.2d 1541 (11th Cir. 1988), and, thus, it is unnecessary to give an instruction. If one is given, it should be in the form proposed above.

## JOINT REQUESTED JURY INSTRUCTION NO. 16

### Limitation on Damages:
### Reasonable - Not Speculative – Damages

Damages must be reasonable. If you should find that Plaintiff is entitled to money damages, you may award her only such damages as will reasonably compensate her for such injury and damages as you find, from the preponderance of the evidence in the case, that she sustained as a proximate result of Marty Shoes' actions.

You are not permitted to award speculative damages.

GIVEN AS REQUESTED          _____

GIVEN MODIFIED              _____

REFUSED                     _____

WITHDRAWN                   _____


                            _____
                            URSULA UNGARO-BENAGES
                            United States District Judge


Authority: Federal Jury Practice and Instructions, § 85.14.

## JOINT REQUESTED JURY INSTRUCTION NO. 17

### Duty To Deliberate

Of course, the fact that I have given you the instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict, you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone. It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember that in a very real way you are judges - judges of the facts. Your only interest is to seek the truth from the evidence in this case.

GIVEN AS REQUESTED          _____

GIVEN MODIFIED              _____

REFUSED                     _____

WITHDRAWN                   _____


                                    _____
                                    URSULA UNGARO-BENAGES
                                    United States District Judge

Authorities: Eleventh Circuit Pattern Jury Instruction 7.1

31

## JOINT REQUESTED JURY INSTRUCTION NO. 18

### Election Of Foreperson/Special Verdict

When you retire to the jury room, you should first select one of your members to serve as your foreperson. The foreperson will preside over your deliberations and will speak for you here in Court.

A form of special verdict has been prepared for your convenience. [Explain Verdict]

You will take the verdict form to the jury room. When you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you do not tell me your numerical division at the time.

GIVEN AS REQUESTED    _____

GIVEN MODIFIED    _____

REFUSED    _____

WITHDRAWN    _____


_____
URSULA UNGARO-BENAGES
United States District Judge


Authorities: Eleventh Circuit Pattern Jury Instruction 8.

FTL1 #521416 v1