UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6002-CIV-UNGARO-BENAGES



DENISE BROOKINS,

        Plaintiff,

v.

MARTY'S SHOES OF NEW JERSEY, INC.,

        Defendant.

_____/

## PLAINTIFF'S NOTICE OF FILING JURY INSTRUCTIONS

        Plaintiff, Denise Brookins submit the following proposed jury instructions.  The plaintiff reserves the right to modify these instructions to be consistent with the Court's rulings and evidence at trial.

                                 STEWART LEE KARLIN, ESQ.
                                 400 S.E. 8 Street
                                 Fort Lauderdale, Florida 33316
                                 (954) 462-1201
                                 (954) 462-3151/fax
                                 By:_____
                                    STEWART LEE KARLIN, ESQ.
                                    Florida Bar No.: 0961159

1

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was furnished by U.S. Mail to:

Thomas H. Loffredo, Esq., Holland & Knight, LLP, 1 East Broward Blvd., Suite 1300, P.O. Box

14070 Fort Lauderdale, Florida  33302, on this 26th day of December, 2000.


STEWART LEE KARLIN, ESQ.
Florida Bar No.:  0961159
400 Southeast Eighth Street
Fort Lauderdale, Florida 33316
(954) 462-1201

35

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. \_\_\_\_**


Remember at all times that you are not partisans.  You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.  <u>Gallick v. Baltimore & Ohio Railroad Company</u>, 372 U.S. 108.


GIVEN            \_\_\_\_
DENIED           \_\_\_\_
MODIFIED         \_\_\_\_
WITHDRAWN        \_\_\_\_

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. ___**

As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept, and what weight you attach to it. At times during the trial I have sustained objections to the questions asked without permitting the witness to answer or, where an answer has been made, have instructed that it be stricken from the record and that you disregard it and dismiss it from your minds. You may not draw any inference from an unanswered question nor may you consider testimony which has been stricken in reaching your decision. The law requires that your decision be made solely upon the competent evidence before you. Such items as I have excluded from your consideration have been excluded because they are not legally admissible.

The law does not, however, require you to accept all of the evidence I shall submit, even though it be competent. You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses, and determine the degree of weight you choose to give his testimony. The testimony of a witness may fail to conform to the facts as they occurred because he is intentionally telling a falsehood, because he did not accurately see or hear that about which he testifies, because his recollection of the event is faulty, or because he has not expressed himself clearly in giving his testimony. There is no magic formula by which one may evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others. The same tests that you use in your everyday

3

dealings are the tests which you apply in your deliberation.  Devitt and Blackmar, Federal Jury

Practice and Instructions, Section 72,01 Section 73.3.  <u>Rasmussen Drilling Inc. v. McGee Nuclear</u>

<u>Corp.</u>, 571 F.2d 1144 (10th Cir.), <u>cert</u>. <u>denied</u>, 439 U.S. 862 (1978).


GIVEN          ____
DENIED         ____
MODIFIED       ____
WITHDRAWN      ____

4

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO.____**

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

GIVEN            ____
DENIED           ____
MODIFIED         ____
WITHDRAWN        ____

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO.____

If a party destroys or fails to produce evidence which is or was under his control or reasonably available to him, then you must infer that the evidence is unfavorable to the party who could have produced it and did not.

Similarly, if a party destroys or fails to produce documents which are or were under his control under circumstances which indicate a desire to hide material evidence, you may infer that the evidence is unfavorable to the party who destroys it or the party that could have produce it and did not. Devitt and Blackmar, Federal Jury Practice and Instructions, Section 72.17; Berkey Photo, Inc. v. Eastman Kodak Co., 603 F.2d 263 at 305-308 (2d cir. 1979); Cecil Corley Motor Company, Inc. v. General Motors Corp., 380 F.Supp. 819 (M.D. Tenn. 1974); Washington Gas Light Company v. Biancaniello, 183 F.2d 982 (D.C. 1950); Stoumen v. Commissioner of Internal Revenue, 208 F.2d 903 (3d Cir. 1953).


GIVEN            ____
DENIED           ____
MODIFIED         ____
WITHDRAWN        ____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO.___**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce all exhibits and all papers and things mentioned in the evidence in the case. <u>United States v. Sangemino</u>, 410 F.Supp. 903 (S.D.N.Y. 1975, <u>aff'd</u>, 538 F.2d 316 (2d Cir. 1976).

GIVEN             ____
DENIED            ____
MODIFIED          ____
WITHDRAWN         ____

7

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO.____**

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded. Sharpleigh v. Mier, 299 U.S. 468 (1937); Curtis v. Rives, 123 F.2d 936, 941 (D.C. Cir. 1941); I Wigmore, Evidence, Section 1 (3d Ed. 1940).

GIVEN          ____
DENIED         ____
MODIFIED       ____
WITHDRAWN      ____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. ____**

If any reference by the Court or by counsel to matters of evidence does not coincide with your own recollection, it is your recollection that should control during your deliberations.

GIVEN         ____

DENIED       ____

MODIFIED     ____

WITHDRAWN   ____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. ____**

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties -- that it is equally probable that one side is right as it is that the other side is right -- then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence -- he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof -- that what the party claims is more likely true than not true -- then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

10

GIVEN          ____

DENIED         ____

MODIFIED       ____

WITHDRAWN      ____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. ____**

I have taken judicial notice of certain facts which are not subject to reasonable dispute. I have accepted these facts to be true, even though no direct evidence has been introduce proving them to be true. You are required to accept these facts as true in reaching your verdict.

GIVEN        ____
DENIED       ____
MODIFIED     ____
WITHDRAWN    ____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. ____**


A stipulation of facts is an agreement among the parties that a certain fact is true.  You

must regard such agreed facts as true.  <u>Brown v. Tennessee Gas Pipeline Co.</u>, 623 F.2d 450, 454

(6th cir. 1980); <u>Verzosa v. Merrill Lynch, Pierce, Fenner & Smith</u>, 589 F.2d 974, 977 (9th Cir. 1978).


GIVEN            ____
DENIED           ____
MODIFIED         ____
WITHDRAWN        ____

13

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. ____**

Plaintiff commenced this lawsuit claiming that she was subjected to different terms and conditions of employment by reason of her race (black) and retaliation and that she was discharged due to her race and retaliation. In other words, plaintiff alleges that she was terminated due to her race and retaliation (complaining about discrimination)

GIVEN           ____
DENIED          ____
MODIFIED        ____
WITHDRAWN       ____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO.___**

42 U.S.C. 1981 is directed at race discrimination and retaliaiton.  You must determine

whether the discrimination, if any, involved in this case was race discrimination or retaliation.

Discrimination is race discrimination for purposes of the law, if the defendant treated the plaintiff

differently because the group to which the plaintiff belongs was treated differently or clearly distin-

guishable from another group. Retaliation for purposes of the law, if the defendant treated the

plaintiff differently because she complained about discrimination

GIVEN            ____
DENIED           ____
MODIFIED         ____
WITHDRAWN        ____

15

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO.\_\_\_**

The purpose of these laws is to eliminate practices which employ race differences as a basis of decision-making and to protect employees who complain about discrimination. The defendant may have employed the race of the plaintiff or that she complained about discrimination as a basis of decision-making, if they did, that is prohibited. <u>McDonald v. Santa Fe Transportation</u>, 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976); <u>Sullivan v. Little Hunting Park, Inc.</u>, 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969).

GIVEN          \_\_\_\_
DENIED         \_\_\_\_
MODIFIED       \_\_\_\_
WITHDRAWN      \_\_\_\_

16

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. ____**

To establish a case, an individual plaintiff must convince you by a preponderance of the evidence that the defendant was motivated by a discriminatory purpose -- that is, the plaintiff must prove that the defendant discriminated against her race or because she complained about discrimination. In determining whether the defendant intentionally discriminated on the basis of race or retaliation, you may consider all the evidence presented in the case. The plaintiff may use either direct or indirect evidence to meet this burden. In a moment, I will explain what I mean by direct evidence and indirect evidence. For now, you should understand only that the plaintiff may use either or both in attempting to prove that the defendant intended to discriminate against her due to her race or retaliation. United States Postal Service Bd. of Governors v. Aikens, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983); General Bldg. Contractors Assn., Inc. v. Pennsylvania, 458 U.S. 375, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982); Choudbury v. Polytechnic Institute of New York, 735 F.2d 38 (2d Cir. 1984).


GIVEN            ____
DENIED           ____
MODIFIED         ____
WITHDRAWN        ____

17

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. ___**

The plaintiff may prove that the defendant is motivated by a discriminatory purpose by presenting direct evidence to that effect. Direct evidence is evidence which, by its very nature, speaks to the issue sought to be proved. An example of direct evidence would be a statement by the defendant that it intended to discriminate against the plaintiff or the group to which she belongs. The plaintiff is not required to prove their case by direct evidence, but she may do so. You should consider this direct evidence along with all of the evidence in the case and determine whether it convinces you, by a preponderance of the evidence, that the defendant was motivated by a discriminatory purpose. United States Postal Service Bd. of Governors v. Aikens, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983); Int'l Brotherhood of Teamsters v. United States, 4331 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977).

GIVEN         ___
DENIED        ___
MODIFIED      ___
WITHDRAWN     ___

18

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. ___**

The plaintiff may prove that the defendant was motivated by a discriminatory purpose by presenting what is called indirect evidence to that effect. Indirect evidence is evidence (historical, statistical, comparative, or individual) which, though it does not speak directly to the issue sought to be proved, provides the basis for an inference with regard to that issue. An example of indirect evidence would be evidence that an apparently neutral policy consistently and strongly works to the disadvantage of the group to which the plaintiff belongs or that plaintiff was treated differently than similarly situated non-black employees or employees who did not complain about discrimination . Plaintiff may use such evidence in attempting to prove to you that the defendant was motivated by a discriminatory purpose, and, if you believe the evidence establishes that fact, you may use it as the basis of your finding of intent. United States Postal Service Bd. of Governors v. Aikens, 103 S. Ct. 1478, 75 L.Ed.2d 403 (1983); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089, 67 L.Ed.2d 207 (1981).

GIVEN          ____
DENIED         ____
MODIFIED       ____
WITHDRAWN      ____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. ___**

During the trial you have heard the attorneys use the term "inference", and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience. Schulz v. Pennsylvania R. Co., 350 U.S. 372, 76 S.Ct. 608, 100 L.Ed. 668 (1956); Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 926 (1946).

GIVEN          ____
DENIED         ____
MODIFIED       ____
WITHDRAWN      ____

20

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO.___**

If a plaintiff has presented statistical evidence to prove that the defendant was motivated by a discriminatory purpose, you should consider this evidence together with all of the evidence presented in the case and determine whether it establishes a preponderance of the evidence, that the defendant was so motivated. <u>Int'l Brotherhood of Teamsters v. United States</u>, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977); <u>Hazelwood School Dist. v. United States</u>, 433 U.S.299, 97 S.Ct. 2736, 53 L.Ed.2d 768 (1977); <u>Village of Arlington Heights v. Metropolitan Housing Corp.</u>, 429 U.S. 252, 266, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977).

GIVEN          ____
DENIED         ____
MODIFIED       ____
WITHDRAWN      ____

21

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO.___**

If a plaintiff has introduced direct and indirect evidence which he claims demonstrates that the defendant intentionally discriminated against her on the basis of race or retaliation and if you believe the plaintiff's evidence, and are persuaded by a preponderance of the evidence that the defendant intentionally discriminated against her on the basis of either race or retaliaition, then you must find for the plaintiff unless you find, under instruction I will give you in a moment, that the defendant would have taken the same action even in the absence of discriminatory intent. <u>Carter v. Duncan-Huggins, Ltd.</u>, 727 F.2d 1225 (D.C. Cir. 1984).


GIVEN            ____
DENIED           ____
MODIFIED         ____
WITHDRAWN        ____

22

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO.____**

If you determine that the plaintiff has made out a <u>prima facie</u> case of disability or perceived

disability discrimination, the burden shifts to the defendant either to disprove an element of the

plaintiff's case, or to articulate a legitimate non-discriminatory reason for its action preponderance

of the evidence. <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 101 S.Ct. 1089, 67

L.Ed.2d 2007 (1981); <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d

431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977).


GIVEN        ____
DENIED       ____
MODIFIED     ____
WITHDRAWN    ____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO.____**

If the defendant in this case has stated a legitimate, clear, and specific nondiscriminatory reason for the conduct, then the defendant has shifted the burden of persuasion back to the plaintiff to show that defendant's reason(s) are pretextual. I will shortly instruct you on what the plaintiff's obligation now is, and how you must evaluate whether it has been met. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 2007 (1981); McDonald v. Santa Fe Trail Transportation Co., 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1812, 36 L.Ed.2d 668 (1973); Sweeney v. Research Found. of State University of New York, 711 F.2d 1179 (2d Cir. 1983) (defendants must raise a genuine issue of fact).

GIVEN          ____
DENIED         ____
MODIFIED       ____
WITHDRAWN      ____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO.___**

To show that a reason is pretext the plaintiff must show that the defendant's stated reason is not the motivating reason for the action and that the real reason was more likely discriminatory in purpose, or the plaintiff must show that the articulated reason is unworthy of credence.

A pretextual reason is not a true reason; it is unworthy of belief. The plaintiff must show by direct or indirect evidence that the defendant's proffered explanation is unworthy of credence by relying solely on evidence presented in establishing a prima facie case or by introducing additional evidence. Dister v. Continental Group Inc. 859 F.2d 1108 (2nd Cir. 1988) Garner v. Walmart Stores Inc., 807 F.2d 1536 (11th Cir. 1987) Mason v. Continental Illinois Nat'l Bank, 704 F.2d 361 (1983); Clay v. Continental Illinois Nat'l Bank, 704 F.2d 361 (1983); Clay v. Hyatt Regency Hotel, 724 F.2d 721 (8th Cir. 1984); Muldrew v. Anheuser-Busch, Inc., 728 F.2d 989 (8th Cir. 1984); Tate v. Weyerhauser Co., 723 F.2d 593 (1983).Reeves v. Sanderson Plumbing. 2000 WL 743663 (U.S. S. Ct. June 12, 2000). If you find that defendant's reason(s) for plaintiff being discharged was pretextual, and more likely discriminatory, you must find for the plaintiff.

In addition, you may consider the context in which disparities in treatment arose and individual instances of disparate treatment and testimony of individual employees. Fisher v. Proctor & Gamble Mfg. Co., 613 F.2d 527, 545, N.35 (5th Cir. 1980); Parson v. Kaiser Aluminum, supra.


GIVEN            ____
DENIED           ____
MODIFIED         ____
WITHDRAWN        ____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO.\_\_\_**

If you find that a plaintiff has carried his burden of proving by a preponderance of the evidence that the defendant discriminated against him on the basis of race or retaliation you should find for the plaintiff.

I shall now instruct you on the awards of damages allowed under the law.

GIVEN           \_\_\_\_
DENIED          \_\_\_\_
MODIFIED        \_\_\_\_
WITHDRAWN       \_\_\_\_

26

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO.___**

The damages you may award can include compensatory damages for emotional distress, pain and suffering, and a damaged credit rating <u>Walker v. Fort Motor Co.</u> 684 F.2d 1355 (11th Cir. 1983).

GIVEN            ____
DENIED           ____
MODIFIED         ____
WITHDRAWN        ____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO.___**

It is the defendant's burden to prove, by a preponderance of the evidence, that the plaintiff failed to take reasonable steps to diminish the extent of the injuries suffered. Muldrew v. Anheuser-Busch, Inc., 728 F.2d 989 (8th Cir. 1984).


GIVEN          ____
DENIED         ____
MODIFIED       ____
WITHDRAWN      ____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO.\_\_\_**

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties -- that it is equally probable that one side is right as it is that the other side is right -- then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence -- he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof -- that what the party claims is more likely true than not true -- then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this

29

and you should put it out of your mind.

GIVEN          ____

DENIED         ____

MODIFIED       ____

WITHDRAWN      ____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO.___**

As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept, and what weight you attach to it. At times during the trial I have sustained objections to the questions asked without permitting the witness to answer or, where an answer has been made, have instructed that it be stricken from the record and that you disregard it and dismiss it from your minds. You may not draw any inference from an unanswered question nor may you consider testimony which has been stricken in reaching your decision. The law requires that your decision be made solely upon the competent evidence before you. Such items as I have excluded from your consideration have been excluded because they are not legally admissible.

The law does not, however, require you to accept all of the evidence I shall submit, even though it be competent. You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses, and determine the degree of weight you choose to give his testimony. The testimony of a witness may fail to conform to the facts as they occurred because he is intentionally telling a falsehood, because he did not accurately see or hear that about which he testifies, because his recollection of the event is faulty, or because he has not expressed himself clearly in giving his testimony. There is no magic formula by which one may evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others. The same tests that you use in your everyday dealings are the tests which you apply in your deliberation. Devitt and Blackmar, Federal Jury

31

Practice and Instructions, Section 72,01 Section 73.3. <u>Rasmussen Drilling Inc. v. McGee Nuclear</u>

<u>Corp.</u>, 571 F.2d 1144 (10th Cir.), <u>cert</u>. <u>denied</u>, 439 U.S. 862 (1978).


GIVEN            ____

DENIED           ____

MODIFIED         ____

WITHDRAWN        ____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO.___**


The defendant has violated the law  if the defendant retaliated against a person because she has opposed any practice made an unlawful employment practice

Retaliation prohibits adverse action against an individual who has opposed employment practices made unlawful by Title VII.   The test is whether the employee had complained about conduct that if true would constitute a violation of Title VII.  Hartson v. Gainsville Son Publishing, 9 F3d 913 (11th Cir. 1993), Gordon v. City of Atmore, 996 F.2d 1155 (11th Cir. 1993); Parker v. Baltimore & B.R.R. Co., 652 F.2d 1012 (D.C. Cir. 1981); Nonteiro v. Poole Silver Co., 615 F.2d (1st Cir. 1980).  See also, Payne v. McLemore's Wholesale and Retail Stores, 654 F.2d 1130 (5th Cir. 1981).

1.    To establish a case concerning discharge based upon retaliation, the plaintiff must convince you, by a preponderance of the evidence, of each of the following four elements:

    1.    That plaintiff complained about protected activity under Title VII

    2.    That the employer took adverse action;

    3.    A causal link exists between the plaintiff's protected activity and the adverse action  taken by the employer;

Hartson v. Gainsville Son Publishing, 9 F3d 913 (11th Cir. 1993), Gordon v. City of Atmore, 996 F2d 1155 (11th Cir. 1993); Cosgrove v. Sear Roebuck & CO., 9 F.3d 1033, 1039 (2nd Cir. 1993); Parker v. Baltimore & B.R.R. Co., 652 F.2d 1012 (D.C. Cir. 1981); Nonteiro v. Poole Silver Co., 615 F.2d (1st Cir. 1980).  See also, Payne v. McLemore's Wholesale and Retail Stores, 654 F.2d 1130 (5th Cir. 1981). Hartson v. Gainsville Son Publishing, 9 F3d 913 (11th Cir. 1993), Gordon v. City of Atmore, 996 F2d 1155 (11th Cir. 1993);

The burden then shifts to the employer to articulate a legitimate, specific, nondiscriminatory reason for the adverse action taken.

GIVEN          ____

DENIED         ____

MODIFIED       ____

WITHDRAWN      ____