NIGHT BOX
FILED

APR 1 5 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

DENISE BROOKINS,

     Plaintiff,

vs.

MARTY SHOES, INC.,

     Defendant.

_____/

## DEFENDANT'S MOTION AND MEMORANDUM OF LAW FOR DISMISSAL IN ACCORDANCE WITH SETTLEMENT REACHED BY THE PARTIES

Defendant Marty Shoes, Inc. ("Marty Shoes"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 41 and this Court's inherent authority, moves for dismissal of this action in accordance with the terms of the settlement reached by the parties to this action.

**I.**    **INTRODUCTION.**

After agreeing to settle this action on terms of her own choosing, Plaintiff has refused to dismiss it. Instead, after Marty Shoes accepted the demand Plaintiff made at a Court-ordered mediation conference, Plaintiff has reneged on her own agreement to dismiss this case pursuant to the parties' resolution of it. This case should be dismissed with prejudice.

**II.**    **BACKGROUND.**

On March 13, 2001, at the suggestion of the parties made at the Pretrial Conference held the previous day, this Court ordered the parties to attend a Settlement Conference held before Senior United States Magistrate Judge Peter Palermo on March 15, 2001. (DE 58/59).

After extensive negotiations at that Settlement Conference, attended by both Plaintiff and her counsel, Plaintiff extended to Marty Shoes an unambiguous offer to resolve this case for specific

monies payable to Plaintiff, plus attorney fees payable to her counsel. Within hours after the Settlement Conference adjourned on March 15, 2001, Marty Shoes accepted Plaintiff's offer. Plaintiff's counsel confirmed the settlement of this case by letter dated March 15, 2001, which Marty Shoes received the following day.[1] Accordingly, Marty Shoes filed a Notice of Settlement with this Court on March 16, 2001. (DE 62).

Plaintiff, however, has failed or otherwise refused to execute a Joint Stipulation for Dismissal with Prejudice or a Confidential Settlement Agreement and General Release memorializing the terms of the settlement reached between the parties.

On March 20, 2001, Plaintiff sent a letter to her attorney leveling various accusations against him and purporting to discharge him from representing her, and served a copy of this letter – along with a paper captioned as "Plaintiffs Motion to Re-schedule Trial date" – on Marty Shoes.[2] Marty Shoes has received no further written or other communication from Plaintiff indicating that she will comply with the terms of the agreement reached by the parties, or will execute the necessary papers to dismiss this case.

But, having settled this case, Plaintiff is obligated to do so. This case should be dismissed, with prejudice, in accordance with the terms of the agreement reached between counsel for Plaintiff and counsel for Marty Shoes.

---

[1] A true and correct copy of the letter received by counsel for Marty Shoes from counsel for Plaintiff, confirming the parties' settlement of this action, is attached hereto at **Tab 1**.

[2] A true and correct copy of Plaintiff's letter and "Motion to Re-schedule Trial date" are attached hereto at **Tab 2**.

### III.    ARGUMENT AND MEMORANDUM OF LAW.

This case is over, and should be dismissed with prejudice.  It is beyond dispute that at the Settlement Conference on March 15, 2001, Plaintiff made an offer of settlement, that the offer was communicated directly to Marty Shoes verbally and was accepted by Marty Shoes, and that the acceptance was memorialized by letter from Plaintiff's counsel to Marty Shoes, all on the same date.  Plaintiff's subsequent discharge of her counsel changes none of these facts.

This Court, like all the district courts, has "inherent authority to enforce settlement agreements in actions pending before [it]." *South Beach Suncare, Inc. v. Sea & Ski Corp.*, 1999 WL 350458, *6 (S.D. Fla. 1999).  Indeed, "the power to implement a settlement agreement between the parties inheres in the district court's role as supervisor of the litigation, and the exercise of that power is entrusted to the court's sound discretion." *Id.*

"When a litigant voluntarily accepts an offer of settlement, either directly or indirectly through the duly authorized actions of [her] attorney, the integrity of the settlement cannot be attacked on the basis of inadequate representation by the litigant's attorney." *Petty v. Timken Corp.*, 849 F.3d 130, 133 (4th Cir. 1988).[3]  "Unless the resulting settlement is substantially unfair, judicial economy commands that a party be held to the terms of a voluntary agreement." *Id.*  "Defeated expectations do not [ ] entitle a litigant to repudiate commitments made to opposing parties or to the court." *Id.*

---

[3] "In such cases, any remaining dispute is purely between the party and [her] attorney." *Petty*, 849 F.2d at 133.  Citation of this legal principle should, *in no way*, be construed as acknowledgment or agreement by Marty Shoes with any of the criticisms Plaintiff makes of her counsel in her "Motion" or letter.

3

Marty Shoes asks the Court to enforce the agreement reached by the parties, and dismiss this case.[4]

## IV.    CONCLUSION.

Plaintiff, through her attorney, has settled this case. Marty Shoes accepted a settlement offer extended *by Plaintiff* – *at a Settlement Conference held precisely for that purpose* – on the same day the offer was extended. This case should be dismissed in accordance with this settlement.

WHEREFORE, Defendant Marty Shoes, Inc., respectfully requests that this case be dismissed, with prejudice, in accordance with the terms memorialized in Exhibit 1 to this Motion.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Defendant
One East Broward Boulevard, 13th Floor
Post Office Box 14070
Fort Lauderdale, FL 33302-4070
(954) 525-1000
(954) 463-2030 – fax
e-mail: egabriel@hklaw.com

By: _____
Thomas H. Loffredo
Florida Bar No. 870323
Eric K. Gabrielle
Florida Bar No. 160725

---

[4] A proposed Order granting this Motion is attached hereto at **Tab 3.**

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by facsimile and United States mail to **Stewart L. Karlin, Esq.**, 400 S.E. 8th Street, Fort Lauderdale, Florida, 33316, and via UPS next day delivery and United States mail to **Denise Brookins**, 921 N.W. 33rd Way, Fort Lauderdale, Florida, 33311, this 16th day of April, 2001.

HOLLAND & KNIGHT LLP

By: _____

Eric K. Gabrielle
Florida Bar No. 160725

cc: Chambers of Senior United States Magistrate Judge Peter R. Palermo

## SERVICE LIST

**Thomas H. Loffredo, Esq.**
**Eric K. Gabrielle, Esq.**
HOLLAND & KNIGHT LLP
Post Office Box 14070
Fort Lauderdale, Florida 33302-4070
(954) 525-1000 – phone
(954) 463-2030 – fax (mail)
(954) 468-7932 – fax (Court Orders)
Counsel for Defendant Marty Shoes, Inc.

**Stuart L. Karlin, Esq.**
LAW OFFICES OF STEWART LEE KARLIN, ESQ.
400 S.E. 8th Street
Fort Lauderdale, Florida 33316
(954) 462-1201 – phone
(954) 462-3151 – fax
Former Counsel for Plaintiff Denise Brookins

**Denise Brookins,** *pro se*
921 N.W. 33rd Way
Fort Lauderdale, Florida 33311
(954) 792-2029 - phone

FTL1 #538150 v1

# TAB 1

Law Offices
**STEWART LEE KARLIN, ESQ.**
**400 S.E. EIGHTH STREET**
**FORT LAUDERDALE, FLORIDA 33316**

TEL: (954) 462-1201
FAX: (954) 462-3151

MEMBER OF THE BAR
FLORIDA & NEW YORK

NEW YORK OFFICE
9 MURRAY STREET, SUITE 7W
NEW YORK, NEW YORK 10007
TEL: (212) 227-2874
FAX: (212) 732-4334

March 15, 2001

Eric K. Gabrielle, Esq.
Holland & Knight
One East Broward Blvd., 13th Floor
P.O. Box 14070
Fort Lauderdale, FL 33302-4070

> **Re: Brookins v. Marty Shoes**
> **Case No.: 00-6002-CIV-(Ungaro- Benages/Brown)**

Dear Mr. Gabrielle:

This letter shall confirm the following. At the mediation today, my client's settlement demand was thirty-five thousand dollars plus counsel fees. This letter shall confirm that the defendant has offered $42,500.00 shortly after the mediation concluded. Based upon the defendant's offer of $42,500, I will reduce my fee to $7,500. ( over fifty percent reduction) and thus the matter should be deemed settled based upon the settlement demand at the mediation with the standard settlement terms.

Very truly yours,

STEWART LEE KARLIN

SLK/nb

# TAB 2

*March 20, 2001*

*Dear Sir: Stewart I. Karlin*

*After a very careful review of U.S. Court 00-6002 Civ.*
*The correspondence between attorney/ client rapport.*

*Documentation of all pertinent facts, allegations, and untouched issues*
*Concerning my past employment. Chronological order of issues involving*
*Your performance to the Civ. 00-6002. From the time of retainment to*
*March 15, 2001 mediation. Your behavior, pressures, honesty, and biased*
*Ethical representation the case. Has confirmed my decision in using my*
*RIGHT TO TERMINATING YOUR REPRESENTATION ON THE ABOVE*
*CASE 00-6002. EFFECTIVE IMMEDIATELY. ! THE COURT WILL*
*NOTIFIED THE SAME. I wish you and your firm the very best. I feel it is*
*A logical, business, well thought-out decision. That is based on a collection*
*Of variables. I fully understand my position in the case. Again, my decision*
*Is not based on personal issues.  Good-Luck Stewart Karlin.*

*Yours truly,*

## United States District Court
## Southern District of Florida

Case No.00-6002 Civ (Ungaro-Benages/ Brown


Denise Brookins
Plaintiff,
    Vs
Marty's Shoes, Inc,

Defendants

— _____  _____/

### Plaintiffs Motion to Re-schedule Trial date

Plaintiff Denise Brookins unrepresented in the above case. Asks the court to re-set trial date. For the following reasons.

Allow Plaintiff adequate time to retaint counsel for the case.

Attorney Stewart Karl in failed to issue subpoenas for the witnesses.

Failed to depos witnesses in the above case.

Failed to secure funds from plaintiff in a timely manner. Attorney 5 days Prior to trial requests funds from plaintiff.

Failed to enter evidence during the discovery, that would be beneficial to plaintiff's case.
Consistently, coerced plaintiff to settle case, without fully explaining details pertinent details of the case.

Sincerly,
Denise Brookins
921 N.W 33 way
Ft Lauderdale, Florida 33311
954/792-2029

Honorable Ursula Ungaro Benages/Brown
Copies Mail and fax to
All involving Parties
Holland & Kwight
Denise Brookins

# TAB 3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

DENISE BROOKINS,

     Plaintiff,

vs.

MARTY SHOES, INC.,

     Defendant.

_____/

## <u>ORDER OF DISMISSAL WITH PREJUDICE</u>

THIS CAUSE came before the Court on the Motion and Memorandum of Law for Dismissal in Accordance with Settlement Reached by the Parties (DE ___) filed by Defendant Marty Shoes, Inc.   The Court, having reviewed the Motion, heard argument from the parties, and being otherwise fully advised in the premises, it is therefore

ORDERED that Defendant's Motion is **GRANTED**.  This case is dismissed with prejudice, in accordance with the terms set forth at Tab 1 to Defendant's Motion.

DONE AND ORDERED this ___ day of April, 2001, in Miami, Miami-Dade County, Florida.

                           _____
                           URSULA UNGARO-BENAGES
                           United States District Judge

Copies to:

**Thomas H. Loffredo, Esq.**
**Eric K. Gabrielle, Esq.**
HOLLAND & KNIGHT LLP
Post Office Box 14070
Fort Lauderdale, Florida 33302-4070
(954) 525-1000 – phone
(954) 463-2030 – fax (mail)
(954) 468-7932 – fax (Court Orders)
Counsel for Defendant Marty Shoes, Inc.

**Stuart L. Karlin, Esq.**
LAW OFFICES OF STEWART LEE KARLIN, ESQ.
400 S.E. 8th Street
Fort Lauderdale, Florida 33316
(954) 462-1201 – phone
(954) 462-3151 – fax
Former Counsel for Plaintiff Denise Brookins

**Denise Brookins**, *pro se*
921 N.W. 33rd Way
Fort Lauderdale, Florida 33311
(954) 792-2029 - phone

8