UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6002-CIV-UNGARO-BENAGES



DENISE BROOKINS,

           Plaintiff,

v.

MARTY'S SHOES OF NEW
JERSEY, INC.,

           Defendant.
_____/

PLEASE REFER TO
MAGISTRATE JUDGE BROWN

## MEMORANDUM IN OPPOSITION TO
## DEFENDANT'S MOTION TO COMPEL SETTLEMENT

**I.   Introduction and Factual Background**

Plaintiff commenced suit in connection with the termination of her employment claiming she was terminated due to her race and retaliation. Subsequently, a settlement conference was set before Magistrate Judge Palmero. Within approximately a couple of hours after the mediation, plaintiff's counsel lowered his fee and the defendant increased there offer to meet the plaintiff's demand of thirty-five thousand dollars in consideration for herself. Thereafter, settlement papers were prepared by defendant. However, defendant was advised that plaintiff did not want to sign the settlement agreement.

### POINT I
### THE PURPORTED SETTLEMENT
### AGREEMENT WAS NOT REDUCED TO WRITING

The purported settlement agreement was not reduced to writing and there was no agreement, thus, there is no enforceable binding agreement. The Supreme Court of Florida has spoken on the issue of the necessity of reducing an agreement to writing. In RE Florida Rules of Judicial Administration 372 So. 2d 449, 460 (1978) states in pertinent part:

> "No private agreement or consent between parties or their attorneys concerning the practice or procedure in an action shall be of any force unless the evidence of it is in writing, subscribed by the party or his attorney against whom it is alleged. Parole agreements may be made before the courts if promptly made a part of the record or incorporated in the stenographic notes of the proceedings, and agreements made at depositions that are incorporated in the transcript need not be signed when signing of the deposition is waived. This rule shall not apply to settlements or other substantive agreements."

This rule is identical to a provision that was repeated in <u>Boskirk v. Suddath of South Florida Inc.</u>, 400 So.2d 810 (3RD Dir. 1981), the settlement agreement was incorporated into the transcript of a deposition which was never signed by the party or her attorney. In addition, the signature was not waived, and thus the court stated that the agreement was of no force and effect.

In the case at bar, like Boskirk plaintiff not actually agree on the record and thus since the agreement was not reduced to writing, the agreement is unenforceable. Also, employees may release, waive or discharge their rights under an employment discrimination statute, provided they do so knowingly and voluntarily. <u>Alexander v. Gardner-Denver Co.</u>, 415 U.S. 36, 52 (1974). The Criteria to determine whether a release is knowing and voluntary are (1) the plaintiff's education and business experience, (2) the amount of time the plaintiff had access to the agreement prior to signing it, (3) plaintiff's role in negotiating the terms of the release, (4) the ambiguity of the release, (5) whether plaintiff was counseled by an attorney prior to signing the release, and (6) whether the consideration offered in exchange for the release is greater that the amount of the benefits the plaintiff was already entitled to. <u>Vaughn v. Mobil Oil Corp.</u>, 708 F. Supp. 595 (S.D.N.Y. 1989);

A review of the evidence reveals that the agreement was not voluntary and not knowingly entered into by plaintiff. Plaintiff was upset at the time and felt pressure due to the circumstances of being in Court and plaintiff's counsel's strongly recommending she reach a settlement. She had no opportunity to reflect at all on the consequence of reaching an agreement. Put simply, plaintiff

understood that this oral understanding would be reduced to writing and that her signature would be required.

In sum, the motion to enforce the settlement should be denied on the basis that plaintiff - understood she could reject the proposed settlement when it was reduced to writing if she did not agree to all the terms of the agreement when it was reduced to writing.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the motion to enforce the settlement be denied and the matter restored to the trial docket.

Respectfully submitted,

STEWART LEE KARLIN, ESQ.
Attorney for Plaintiff
400 Southeast Eighth Street
Fort Lauderdale, Florida 33316
(954) 462-1201

Florida Bar: 961159

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was furnished by U.S. Mail to: Eric Gabrille Esq., Holland & Knight, LLP, 1 East Broward Blvd., Suite 1300, P.O.Box 14070 Fort Lauderdale, Florida 33302, on this 30th day of April, 2001.

STEWART LEE KARLIN, ESQ.
Florida Bar No.: 0961159
400 Southeast Eighth Street
Fort Lauderdale, Florida 33316
(954) 462-1201