

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 00-6002-CIV-(UNGARO-BENAGES/Brown)

DENISE BROOKINS,

      Plaintiff,

vs.

MARTY SHOES, INC.,

      Defendant.

_____/

**PLEASE REFER TO UNITED STATES**
**MAGISTRATE JUDGE STEPHEN T. BROWN**

## <u>DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR DISMISSAL IN ACCORDANCE WITH SETTLEMENT REACHED BY THE PARTIES</u>

Defendant Marty Shoes, Inc. ("Marty Shoes"), through undersigned counsel, submits its Reply Memorandum in support of its Motion and Memorandum of Law for Dismissal in Accordance with Settlement Reached by the Parties (DE 67).

**I.    <u>INTRODUCTION.</u>**

Even though Plaintiff's own lawyer confirmed the settlement of this case in writing, and although Florida law does not even require such written confirmation, Plaintiff tells the Court no settlement exists because no written settlement was reached. Plaintiff's opposition to Marty Shoes' motion is patently meritless, and this case should be dismissed with prejudice in accordance with the settlement terms agreed to by the parties.

**II.    <u>ARGUMENT AND MEMORANDUM OF LAW.</u>**

Plaintiff does not dispute that at a court-ordered Settlement Conference on March 15, 2001, she made an offer to settle this case. Nor does Plaintiff dispute that her offer was communicated to

Marty Shoes verbally, was accepted by Marty Shoes, and the acceptance was memorialized in writing by Plaintiff's counsel, all on the same date.

Notwithstanding these ***undisputed*** facts -- and in a complete misrepresentation of both law and fact – Plaintiff now tells the Court that Marty Shoes' motion should be denied because "[t]he purported settlement agreement was not reduced to writing and there was no agreement, thus, there is no enforceable binding agreement." (Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel Settlement (DE 73), p. 1) (cited herein as "Plaintiff's Memorandum").

A.     **Factual and Procedural Background.**

None of the following facts are disputed. On March 13, 2001, at the suggestion of the parties made at the Pretrial Conference held the previous day, the District Court ordered the parties to attend a Settlement Conference held before Senior United States Magistrate Judge Peter Palermo on March 15, 2001. (DE 58/59).

After extensive settlement negotiations at that Settlement Conference – attended by Plaintiff, her attorney, a representative of Marty Shoes, and Marty Shoes' attorney – Plaintiff extended to Marty Shoes an unambiguous offer to resolve this case for specific monies payable to Plaintiff, plus "attorneys fees" payable to her counsel. Within hours after the Settlement Conference adjourned, Marty Shoes accepted Plaintiff's offer.

Plaintiff's counsel confirmed the settlement of this case by letter dated March 15, 2001, which Marty Shoes received the following day.[1]     Accordingly, Marty Shoes filed a Notice of

---

[1] A true and correct copy of the letter received by counsel for Marty Shoes from counsel for Plaintiff, confirming the parties' settlement of this action, is attached hereto at **Tab 1**.

Settlement with the District Court on March 16, 2001. (DE 62).[2] Plaintiff, however, refused to execute a Joint Stipulation for Dismissal with Prejudice.

On March 20, 2001, Plaintiff sent a letter to her attorney leveling various accusations against him and purporting to discharge him from representing her, and served a copy of this letter – along with a paper captioned as "Plaintiffs Motion to Re-schedule Trial date" – on Marty Shoes.[3] Plaintiff, acting *pro se*, filed that paper with the Court on April 5, 2001. (DE 66).

On April 16, 2001, Marty Shoes – having still received no indication that Plaintiff intended to comply with the settlement she had reached with Marty Shoes – filed its Motion and Memorandum of Law for Dismissal in Accordance with Settlement Reached by the Parties. (DE 67).

On April 18, 2001, Plaintiff's counsel filed a Motion to Withdraw as her counsel. (DE 68). In that Motion, Plaintiff's counsel told the District Court that "[i]rreconcilable differences have arisen between the plaintiff and the undersigned which has caused plaintiff to terminate the attorney-client relationship." (DE 68, ¶ 1). Plaintiff's counsel further told the Court that it was "impossible for [him] to continue to represent the plaintiff herein based upon their differences." (DE 68, ¶ 2).

On April 26, 2001, the Court ordered Plaintiff to file a Response to Marty Shoes' Motion for Dismissal by April 30, 2001. (DE 70). On the same date, the Court referred that Motion to Dismiss to United States Magistrate Judge Stephen T. Brown for disposition. (DE 71).

---

[2] The Notice of Settlement filed by Marty Shoes was served by facsimile on Plaintiff, via her counsel, on March 16, 2001. In the six weeks between that date and April 30, 2001, neither Plaintiff nor her counsel filed any paper with the Court contesting the settlement of this case.

[3] A true and correct copy of Plaintiff's letter and "Motion to Re-schedule Trial date" are attached hereto at **Tab 2**.

On April 30, 2001, the Court granted the Motion to Withdraw filed by Plaintiff's counsel. (DE 72).[4]  On the same date – although Plaintiff's counsel had sought to withdraw and although Plaintiff had already filed one paper on her own behalf (DE 66) – Plaintiff's counsel filed, on Plaintiff's behalf, a "Memorandum in Opposition to Defendant's Motion to Compel Settlement." (DE 73).[5]

But Plaintiff's opposition is baseless.  This case is settled.

**B.**    **This case is settled and Plaintiff's argument to the contrary is meritless.**

Plaintiff asks the Court to refuse to enforce the settlement of this case reached by the parties because – she says:  1) Florida law requires that the settlement must be memorialized in writing; 2) the settlement is not memorialized in writing; and 3) the settlement was not "knowingly and voluntarily entered into" by Plaintiff.

None of these points are a true or valid basis on which to overturn the settlement reached by the parties, which is what Plaintiff, in effect, asks the Court to do.

**1.**    **Florida law does _not_ require the settlement of this case to be in writing and Plaintiff's argument to the contrary misrepresents the law.**

Plaintiff _concedes_ that she had an _"oral understanding"_ that this case was settled. (Plaintiff's Memorandum, p. 3) (emphasis added).  However, she claims that the settlement was not "reduced to [a] writing" (Plaintiff's Memorandum, p. 3) which she inaccurately tells the Court is required by Florida law for the settlement to be valid.  But Plaintiff has patently misstated the law.

---

[4] Marty Shoes did not oppose the Motion to Withdraw filed by Plaintiff's Counsel. (_See_ DE 74).

[5] Marty Shoes questions, but does not challenge, the authority of Plaintiff's counsel to file papers in opposition to a motion on behalf of a client who fired him ten days earlier.  Presumably, Plaintiff's counsel did so before becoming aware that his Motion to Withdraw – based on "impossibil[ity]" of continuing to represent his client – had been granted.

Plaintiff cites the case of *Buskirk v. Suddath of South Florida, Inc.*, 400 So.2d 810 (3rd DCA 1981) to the Court contending that the agreement reached in the instant case is "unenforceable" because it was "not reduced to a writing." (Plaintiff's Memorandum, p. 2). But Plaintiff does not tell the Court that *Buskirk* was decided based upon Florida Rule of Civil Procedure 1.030(d) – requiring private agreements between the parties or their attorneys to be in writing – ***a Rule which has since been repealed***.[6]

Indeed, it is clear under Florida law that since the repeal of Rule 1.030(d) – "***Florida law does not require that a settlement agreement be in writing.***" *Dania Jai-Alai Palace, Inc.*, 495 So.2d 859, 862 (Fla. 4th DCA 1986) (emphasis added); *In re Sure-Snap Corp. v. Miller*, 91 B.R. 178, 180 (Bankr. S.D. Fla. 1988) (noting that since repeal of Rule 1.030(d), "Florida law no longer requires that a settlement agreement be in writing to be enforceable."). "As long as an intent to settle the essential elements of the cause can be established, it matters not that the agreement is not fully executed or reduced to writing, as even oral settlements have been fully recognized and approved by the Courts of [Florida]." *Id.*[7]

Therefore, Plaintiff's concession that she had an "oral understanding" that this case had settled entirely resolves the question in favor of Marty Shoes, and the Court need read no further.

---

[6] Indeed, this very point is obvious from even a cursory reading of *Buskirk*. *See* 400 So.2d at 811 (noting repeal of Rule 1.030(d) after effective date of purported settlement, and noting that since "the agreement was never signed by appellant or her attorney, nor were their signatures waived [ ] the agreement did not comply with the requirements of Rule 1.030(d).").

[7] *See also Lobeck v. City of Riviera Beach*, 976 F. Supp. 1460, 1464 (S.D. Fla. 1997) (absent factual basis rendering it invalid, an oral agreement to settle a Title VII claim is enforceable under federal common law against a plaintiff who knowingly and voluntarily authorized his attorney to settle the dispute); *In re Sav-a-Stop v. Jaydon, Inc.*, 124 B.R. 356, 359 (Bankr. S.D. Fla. 1991) ("[u]nder Florida law, oral settlement agreements are enforceable.") (citing cases); *Wolowitz v. Thoroughbred Motors, Inc.*, 765 So.2d 920 (Fla. 2d DCA 2000)(same).

5

But there is more. The settlement of this case *was* in writing – the writing of *the very same attorney* who now tells the Court that no writing memorializes the settlement.

> **2.    The settlement reached in this case was "reduced to writing" and Plaintiff's argument to the contrary misrepresents the facts.**

Plaintiff misinforms the Court when she says that the settlement of this case was not reduced to a writing. ***Plaintiff's attorney sent Marty Shoes a signed letter confirming the settlement of this case***:

> This letter shall confirm the following.  At the mediation today, my client's settlement demand was thirty-five thousand dollars plus counsel fees.  This letter shall confirm that the defendant has offered $42,500.00 shortly after the mediation concluded.  Based upon the defendant's offer of $42,500, I will reduce my fee to $7,500. (over fifty percent reduction) and ***thus the matter should be deemed settled based upon the settlement demand at the mediation with the standard settlement terms.***

(Letter from Plaintiff's counsel to counsel for Marty Shoes, dated March 15, 2001) (attached hereto at Tab 1) (emphasis added).

Thus, the settlement of this matter is memorialized ***in a writing signed by the same attorney representing Plaintiff who now contends that "the purported settlement agreement was not reduced to a writing."*** (Plaintiff's Memorandum, p. 1).

No more than that is required. While a "formally executed written document summarizing all the pertinent terms and conditions" is the "preferable means" of memorializing a settlement, "it is just as certain that a formal, written document is not a necessary condition for a binding settlement agreement" and an attorney's letter will more than suffice. *Eakin v. United Technology Corp.*, 998 F. Supp. 1422, 1431 (S.D. Fla. 1998).[8]

---

[8] While *Eakin* was evidently decided under Louisiana law, Florida law is comparable on this point. *See, e.g., In re Sure-Snap*, 91 B.R. at 180; *Dania Jai-Alai*, 495 So.2d at 862; fn. 7 above.

6

### 3.    The settlement reached by the parties is enforceable.

District courts may summarily enforce settlements unless there exists: 1) disputed material facts concerning the existence or terms of an agreement to settle; or 2) a material dispute about the authority of an attorney to enter a settlement agreement on behalf of his client. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994); *South Beach Suncare, Inc. v. Sea & Ski Corp.*, 1999 WL 350458, at *6 n. 7 (S.D. Fla. 1999).

Summary enforcement of the settlement reached by the parties is appropriate here. Plaintiff has ***not*** provided any evidence to show that any factual dispute exists as to the existence of the settlement between the parties or the terms of that settlement. Nor has she shown, or even contended, that her attorney was in any way unauthorized to settle this matter on the terms of the letter he sent to Marty Shoes on her behalf, attached at Tab 1.

Indeed, Plaintiff has conceded this fact, but now seeks to invalidate an otherwise valid settlement by telling the Court that she was "upset at the time and felt pressure due to the circumstances of being in Court and plaintiff's counsel strongly recommending that she reach a settlement." (Plaintiff's Memorandum, p. 2).[9] Notably, Plaintiff does not explain how she could have been "pressure[d]" to ***extend her own settlement offer of $35,000.00 plus attorney fees*** which Marty Shoes accepted, as memorialized at Tab 1.

---

[9] Therefore, Plaintiff's counsel (now former counsel) here seeks to invalidate the settlement of this case ***based on his own conduct*** in "strongly recommending that [Plaintiff] reach a settlement." (Plaintiff's Memorandum, p. 2). There is no suggestion, however, that Plaintiff's counsel acted in any unauthorized manner. Likewise, Plaintiff has submitted no evidence – sworn or otherwise – to support ***any*** of the "facts" Plaintiff alleges in her Memorandum, or to contradict the evidence Marty Shoes introduced in support of its Motion (i.e., the letter from Plaintiff's counsel to Marty Shoes' counsel).

However, Plaintiff cannot invalidate the parties' settlement by accusing her attorney of "pressur[ing]" her. *See Petty v. Timken Corp.*, 849 F.2d 130, 132, 133 (4th Cir. 1988) ("[e]ven were we to assume that the charges of misconduct [in the form of alleged improper inducement and inadequate preparation] subsequently brought against [Plaintiff's] counsel by [Plaintiff] were true, it would not create a material question regarding the validity of the settlement.").

Moreover, even if Plaintiff felt "pressur[ed]," to settle her claims – ***and there is no evidence that she did*** – "the decisive factor is not whether [Plaintiff felt] coerced into settlement; instead, the decisive factors are whether there was sufficient authority to enter into the agreement and whether the opposing party should be deprived of the benefits of the settlement negotiated." *McEnany v. West Delaware County Community Sch. Dist.*, 844 F. Supp. 523, 531 (N.D. Iowa 1994); *see also Janneh v. GAF Corp.*, 887 F.2d 432 (2d Cir. 1989)

Here, Marty Shoes is entitled to the benefits of the settlement negotiated with Plaintiff, through her counsel, who had exercised his authority to settle the case on Plaintiff's behalf. Plaintiff's "[d]efeated expectations" and her accusations against her counsel do not change that. *See Petty*, 849 F.2d at 133. This case should be dismissed in accordance with the terms the parties have agreed to, as memorialized in the letter from Plaintiff's counsel to counsel for Marty Shoes, attached at Tab 1.

## III.    CONCLUSION.

The parties to this case reached a valid settlement. Although Florida law does not require it, the settlement was memorialized in a writing prepared by Plaintiff's own counsel. There has been no showing made – nor any evidence offered – to undermine that finding. This case should be dismissed with prejudice.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Defendant
One East Broward Boulevard, 13th Floor
Post Office Box 14070
Fort Lauderdale, FL 33302-4070
(954) 525-1000
(954) 463-2030 – fax
e-mail: egabriel@hklaw.com

By: _____
Thomas H. Loffredo
Florida Bar No. 870323
Eric K. Gabrielle
Florida Bar No. 160725

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by facsimile and United States mail to **Stewart L. Karlin, Esq.**, 400 S.E. 8th Street, Fort Lauderdale, Florida, 33316, and via UPS next day delivery and United States mail to **Denise Brookins**, 921 N.W. 33rd Way, Fort Lauderdale, Florida, 33311, this 10th day of May, 2001.

HOLLAND & KNIGHT LLP

By: _____
Thomas H. Loffredo
Florida Bar No. 870323
Eric K. Gabrielle
Florida Bar No. 160725

Copies to:

**Thomas H. Loffredo, Esq.**
**Eric K. Gabrielle, Esq.**
HOLLAND & KNIGHT LLP
Post Office Box 14070
Fort Lauderdale, Florida 33302-4070
(954) 525-1000 – phone
(954) 463-2030 – fax (mail)
(954) 468-7932 – fax (Court Orders)
Counsel for Defendant Marty Shoes, Inc.

**Stewart L. Karlin, Esq.**
LAW OFFICES OF STEWART LEE KARLIN, ESQ.
400 S.E. 8th Street
Fort Lauderdale, Florida 33316
(954) 462-1201 – phone
(954) 462-3151 – fax
Former Counsel for Plaintiff Denise Brookins

**Denise Brookins**, *pro se*
921 N.W. 33rd Way
Fort Lauderdale, Florida 33311
(954) 792-2029 - phone

FTL1 #540946 v1

10

# TAB 1

Law Offices
**STEWART LEE KARLIN, ESQ.**
400 S.E. EIGHTH STREET
FORT LAUDERDALE, FLORIDA 33316

TEL: (954) 462-1201
FAX: (954) 462-3151

MEMBER OF THE BAR
FLORIDA & NEW YORK

NEW YORK OFFICE
9 MURRAY STREET, SUITE 7W
NEW YORK, NEW YORK 10007
TEL: (212) 227-2874
FAX: (212) 732-4334

March 15, 2001

Eric K. Gabrielle, Esq.
Holland & Knight
One East Broward Blvd., 13th Floor
P.O. Box 14070
Fort Lauderdale, FL 33302-4070

Re: Brookins v. Marty Shoes
Case No.: 00-6002-CIV-(Ungaro- Benages/Brown)

Dear Mr. Gabrielle:

This letter shall confirm the following. At the mediation today, my client's settlement demand was thirty-five thousand dollars plus counsel fees. This letter shall confirm that the defendant has offered $42,500.00 shortly after the mediation concluded. Based upon the defendant's offer of $42,500, I will reduce my fee to $7,500. ( over fifty percent reduction) and thus the matter should be deemed settled based upon the settlement demand at the mediation with the standard settlement terms.

Very truly yours,

STEWART LEE KARLIN

SLK/nb

# TAB 2

*March 20, 2001*

*Dear Sir: Stewart I. Karlin*

*After a very careful review of U.S. Court 00-6002 Civ.*
*The correspondence between attorney/ client rapport.*

*Documentation of all pertinent facts, allegations, and untouched issues*
*Concerning my past employment. Chronological order of issues involving*
*Your performance to the Civ. 00-6002. From the time of retainment to*
*March 15, 2001 mediation. Your behavior, pressures, honesty, and biased*
*Ethical representation the case. Has confirmed my decision in using my*
*RIGHT TO TERMINATING YOUR REPRESENTATION ON THE ABOVE*
*CASE 00-6002. EFFECTIVE IMMEDIATELY. ! THE COURT WILL*
*NOTIFIED THE SAME. I wish you and your firm the very best. I feel it is*
*A logical, business, well thought-out decision. That is based on a collection*
*Of variables. I fully understand my position in the case. Again, my decision*
*Is not based on personal issues. Good-Luck Stewart Karlin.*

*Yours truly,*

**United States District Court
Southern District of Florida**

Case No.00-6002 Civ (Ungaro-Benages/ Brown)


Denise Brookins
Plaintiff,
   Vs
Marty's Shoes, Inc,

Defendants

— ————— ———/

### Plaintiffs Motion to Re-schedule Trial date

Plaintiff Denise Brookins unrepresented in the above case. Asks the court to re-set trial date. For the following reasons.

Allow Plaintiff adequate time to retain counsel for the case.

Attorney Stewart Karl in failed to issue subpoenas for the witnesses.

Failed to depos witnesses in the above case.

Failed to secure funds from plaintiff in a timely manner. Attorney 5 days Prior to trial requests funds from plaintiff.

Failed to enter evidence during the discovery, that would be beneficial to plaintiff's case.
Consistently, coerced plaintiff to settle case, without fully explaining details pertinent details of the case.


Honorable Ursula Ungaro Benages/Brown
Copies Mail and fax to
All involving Parties
Holland & Knight
Denise Brookins

Sincerly
Denise Brookins
921 N.W 33 way
Ft Lauderdale, Florida 33311
954/792-2029