UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6002 CIV-UNGARO-BENAGES/BROWN

DENISE BROOKINS,

    Plaintiff,

v.

MARTY SHOES, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** is before this Court on Defendant's Motion for Dismissal, filed April 15, 2001. This Court has reviewed the Motion, the Response, the Reply, and all pertinent materials in the file.

### FACTS

On or about December 17, 1999, Plaintiff filed this action in Circuit Court in and for Broward County, Florida, as Case No. 99-021366, alleging she was terminated from her position at defendant company due to her race and retaliation. A notice of removal was filed by Defendant on January 3, 2000, pursuant to 28 U.S.C. §§ 1441 and 1446.

On March 13, 2001, this Court ordered the parties to attend a Settlement Conference to be held on March 15 before Senior United States Magistrate Judge Peter Palermo. The conference was attended by both Plaintiff Brookins and her counsel. Plaintiff extended to Defendant a settlement offer for a specific amount, plus attorney's fees. Within hours after the conference adjourned, Defendant accepted Plaintiff's offer. Plaintiff's counsel confirmed the settlement of this case by letter

1

dated March 15, 2001, which was received the following day by Defendant.

Plaintiff did not execute a joint stipulation for Dismissal with Prejudice or a Confidential Settlement Agreement and General Release memorializing the terms of the settlement. On March 20, 2001, Plaintiff sent her attorney a letter, setting forth various accusations concerning his representation and purporting to relieve him from his duties as her lawyer. Plaintiff served this letter along with a paper captioned as "Plaintiff's Motion to Re-Schedule Trial Date" on Defendant. On April 18, 2001, Plaintiff's counsel filed a Motion to Withdraw as her counsel. Motion to Withdraw was granted on April 30, 2001, and on the same date, Plaintiff's former counsel filed, on Plaintiff's behalf, a Memorandum in Opposition to Defendant's Motion to Compel Settlement.

## DISCUSSION

### I. The Court's Role in Enforcing Settlements

District Courts have the "inherent authority to enforce settlement agreements in actions pending before [it]." South Beach Suncare, Inc. v. Sea & Ski Corp., 98-1114-CIV-MORENO/TURNOFF (S.D. Fla. May 17, 1999). "The power to implement a settlement agreement between the parties inheres in the district court's role as supervisor of the litigation, and the exercise of that power is entrusted to the court's sound discretion." Id. Thus, this Court has the power to execute a settlement agreement where appropriate.

### II. Whether Federal Law Requires Settlement Agreements to be in Writing

Plaintiff contends that because the settlement agreement was not reduced to writing, there is no enforceable agreement. (Plaintiff's Memorandum, p. 1).[1] "An agreement to settle a lawsuit,

---

[1] Although pro se litigants may be granted leniency in court, "the court cannot assist the pro se litigant to the detriment of the opposing party or to the point that the impartiality of the tribunal can be called into question." Barrett v. City of Margate, 743 So. 2d 1160, 1162 (4th DCA

2

voluntarily entered into, is binding, whether or not made in the presence of the court, and even in the absence of a writing." Nutrivida, Inc. v. Inmunovital, Inc., 95-2250-CIV-GRAHAM/TURNOFF (S.D. Fla. Dec. 28, 1970); see also Green v. John H. Lewis & Co., 436 F.2d 389 (3d Cir. 1970). "Courts have refused to enforce alleged settlement agreements where the party moving for judicial enforcement fails to establish by clear and convincing evidence that the parties entered into a settlement agreement resolving all issues." Id. Defendant here has shown the Court that there was, in fact, a meeting of the minds between Plaintiff and Defendant during mediation which subsequently produced a letter memorializing the settlement. Therefore, Plaintiff's argument that the agreement is void since it was not immediately reduced to writing is incorrect in light of the relevant case law.

Furthermore, Plaintiff's former counsel sent Defendant a written confirmation of the settlement the day the mediation occurred. "A formal, written document is not a necessary condition for a binding settlement agreement;" an attorney's letter will more than suffice. Eakin v. United Technology Corp., 998 F. Supp. 1422, 1431 (S.D. Fla. 1998). The Court can also rely on basic principles of contract law in determining whether there was an offer and acceptance. Id. Plaintiff's settlement offer was accepted by Defendant in this case, and the letter written by her former counsel clearly illustrates this point.

### III. Whether Plaintiff Knowingly and Voluntarily Entered into this Contract

Plaintiff further contends that she did not knowingly and voluntarily enter into this settlement agreement because she was pressured by her lawyer and uneasy about being in court. (Plaintiff's Memorandum, p. 2). Plaintiff fails, however, to submit any evidence or testimony reflecting this

---

1999). Strict adherence to judicial requirements by refusing to excuse mistakes by those without counsel is the best guarantee of evenhanded administration of the law. See McNeil v. U.S., 508 U.S. 106, 113 (1993).

coercion. The Fourth Circuit has stated that: "Even if assumed that the charges of misconduct (in the form of alleged improper inducement and inadequate preparation) subsequently brought against (Plaintiff's) counsel by (Plaintiff) were true, it would not create a material question regarding the validity of the settlement." Petty v. Timken Corp., 849 F.2d 130, 132-33 (4th Cir. 1988). When Plaintiff accepted the settlement through the duly authorized actions of her attorney, "the integrity of the settlement cannot be attacked on the basis of inadequate representation by the litigant's attorney. In such cases, any remaining dispute is purely between the party and his attorney." Id. Further, it is not whether the client felt pressured, but whether that client's counsel had sufficient authority to enter into the settlement agreement and whether it would be fair to deprive the opposing party of the benefits derived from the settlement. See McEnany v. West Delaware County Community School District, 844 F. Supp. 523, 531 (N.D. Iowa 1994). Plaintiff did, in fact, knowingly and willingly enter into an agreement with her lawyer to represent her throughout the course of this litigation. Plaintiff authorized him to proceed in her best interests; authority which he aptly exercised during the settlement negotiations.

## RECOMMENDATION

Based on the foregoing, this Court respectfully recommends that Defendant's Motion for Dismissal be **GRANTED.**

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Ursula Ungaro-Benages, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** this 26th day of June 2001 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:  Honorable Ursula Ungaro-Benages
     Thomas H. Loffredo, Esq.
     Denise Brookins, pro se
         921 NW 33 Way
         Ft. Lauderdale, FL 33311

## SERVICE LIST

Denise Brookins v. Marty's Shoes of New Jersey
Case No. 00-6002-Civ-Ungaro-Benages

**STEWART L. KARLIN, ESQ.**
400 S.E. 8th Street
Ft. Lauderdale, FL 33316
(954) 462-1201
(954) 462-3151 (Fax)
(Attorney for Plaintiff)

**THOMAS HOLLAND LOFFREDO, ESQ.**
Holland & Knight
1 East Broward Boulevard
Suite 1300
Ft. Lauderdale, FL 33301
(954) 525-1000
(954) 463-2030 (Fax)
(Attorney for Defendant)