NIGHT BOX
FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JUL - 5 2(

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

Case No. 00-6002 Civil (Ursula Ungaro-Benages Brown)
PLEASE REFER TO MAGISTRATE JUDGE STEPHEN BROWN


DENISE BROOKINS,
PLAINTIFF


Vs.


Marty's Shoes, Inc,
Defendant
_____/


PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL TO

MOTION AND MEMORANDUM OF LAW TO STRIKE PLAINTIFF

AFFADAVIT .


On March 15, 2001   Both parties entered in a Settlement Conference. After

Negotiations with Honorable Judge Peter Palermo. Settlement discussions took

Place. A "TRUE BINDING LEGAL AGREEMENT " was not Reached by both

Parties involved. Within minutes Honorable Judge Palermo declared "IMPASSE"

Of settlement conference. After which both parties continued discussions. After

No settlement was reached (Plaintiff)Brookins departed conference. Within the

Same day Former plaintiff's counsel (Karl in) faxed Defendants "a False letter

Magistrate Stephen Brown Copy

1

Confirming settlement. Which he (Karl in ) failed to advise client, and deliver a

Copy. After settlement discussions to March 20, 2001 No "Verbal or No Call

Via telephone, via mail or any correspondence "Took Place between former

Counsel (Karl in ) and Client ". Concerning acceptance of any settlement. From

The time Karl in  sent the fax confirming settlement. To the time Plaintiff

Discovered (former counsel's ) actions . I knew not of what he have done. I was

Made  aware of his actions by "an woman employee coming from Judge Ungaro's

Office. A Federal Marshall advised me of my case not being heard today. And  that

I must leave courtroom and to "ask Judge's office " I asked the women persons

In the Judge Ungaro's office "If there has been a mix-up". "She replied your case

Has been settled"? I asked her why wasn't I notified?. She stated by record you

Are with representation. Now with this direct fact of "violation of my right" from

Stewart Karlin's(former counsel) for plaintiff . I had no other course but to "Fire"

Karl in. Along with other damaging, intentional, errors he made without my

Knowledge. After this action took place Karl in was officially counsel to plaintiff

His remaining obligation  on the case . was to deliver a response of "Plaintiff

To Compel Settlement ". Conversations took place Karlin's Office . And there

He "again "? Advised me sign an "Affidavit" agreeing to terms of settlement

At that very moment my words were "I'm not going into Judge's Ungaro's

Court and lie" She will not be putting me in jail! I will not sign nothing or have

My name attached to any document . In the Plaintiff motion to Compel , or any

Document . Stewart Karl in  failed to disclose "How, When , and Where there

Was plaintiff's Brookins acceptance of settlement. In the motion to Compel

By Stewart's Karlin's own words he states " client was pressured" and appear to

Confused or, irritated "from being In court all day"? . that's one of Karlin's

Reasons for him initiating "a false settlement without client's knowledge or

Agreement. Which is my primary reason for terminating Karl in . That fact that

He(Karl in ) "Flat Out Lied" ,gave false information to the court , and Defendants

And "Violated client rights" Misused position of legal representation, and "Hinders

Client from seeking documents from his file." Which she has been requesting  for

Some time now. And remain "Missing from his file. I have reviewed the file prior

This complaint from March 15, 2001 . ⁻  ⁻ ⁻ ⁻  ⁻the matter is the documents I

Request  continue to "irrelevant" or opposite, evasive, from original requests.

If Plaintiff's Affidavit  is "Untimely" the Plaintiff seeks forgiveness from the courts

Plaintiff is not an attorney. Plaintiff responded with true facts to the courts. Of

The events that led up to former counsel initiating settlement without client's

Permission, and or, knowledge. As stated before in prior affidavit  that this is not

The first time Stewart Karlin has initiated settlement to Defendant's(Marty's

Shoes) in (00-6002) Civ.As proof and History , of Stewart Karl in  actions this is

Case and to strike defendants motions relating to enforcing settlement. This letter

To Brian Hole "confirming another settlement " alleged reached by both Marty's

Shoes and Plaintiff. To my involvement in the case 00-6002. I have never met, or

Seen a "Brian Cole" Nor have I had information that the case was "once prior"

Settled. Or could it have been two cases of 00-6002, But one fact remains that

Stewart karlin has a prior reputation for initiating settlement without client's

Knowledge, and permission. With these facts in hand this is bare facts why the

Plaintiff requests defendants motion to enforce settlement should be denied.

PLAINTIFF RESPONSE TO DEFENDANTS DEPOSITION OF STEWART

KARLIN . As previously noted earlier plaintiff is not an attorney. And unknow-

Kingly plaintiff unknowledgeable of her "required appearance. And asks
Magistrate

Stephen T. Brown for Forbearance. as well as defendants(Marty's Shoes). For any

Inconveniences . This Deposition of Stewart Karl in from E. Gabrielle both
attorneys.

PLAINTIFF DISPUTE OF DEPOSITION OF STEWART KARLIN

1. Now comes STEWART KARLIN 'S  False explanation of his accounts that

   client was made known of his actions, And false testimony. Now after being

   terminated March 20, 2001, for initiating settlement without client's knowledge

   Stewart Karlin States "at all times he adhered to Rule 4-1.2 subsection (a).

   On the letter dated( Feb 23, 2001 ) to Stewart Karlin client advised  him

   Depos witnesses, issues subpoenas, Ect. Approx. 30-45 days within Trial

   Date( March 2001). By no means of certified mail, telephone, or any

   True documents that can be shown that Stewart Karlin  intended to proceed

   Trial with clients requests, concerns. (2) After letter to Defendants counsel

   March 15, 2001. and Client's affidavit . Stewart Karlin "Failed " to dispute

   Client's statements until now. Approximately 30-days "After client "Fired"

   Karlin. He requested from the court "Withdrawal".

4

Karlin states I left for work . He never states How we had communication Ect. And or if I accepted the offer. By client's testimony brookins states that her own Attorney states settlement was not final until signing. Page 7 line 10, defendant Attorney is leading Karlin into answers. By not allowing Karlin to answer fully To this. question karlin wasn't allowed to give his own understanding client Demand at the conference. Judge Palermo declared an "Impasse" and left the Conference. 4) DISPUTE  page7 line 4-7 conflicts with page 5 line 9-20 of Karlin's deposition. On page 6 line 12-13. Karlin states client (brookins) had To leave for work . page 7 line 4-7 karlin states "He REDUCED HIS FEES TO BY 2,500.00 TO MEET HER DEMAND OF THIRTY-FIVE THOUSAND DOLLARS. If karlin states he "always abide by client's decisions the why  karlin Failed to communicate his "reduced fee" to his client first.  As repeatedly noted in Feb 23 2001. letter as well as other correspondence between client/attorney. 5Dispute page 7 line 25-3of page 8. Again defendants counsel won't allow karlin to completely answer . without delivering another question. Page 7 line 25- page 8 line 3. I cannot limit in any authorization to conduct settlement discussions . If I'm not made aware of them My demands that were placed to Karlin was to allow me "know first of his actions " as stated in all correspondence to Stewart Karlin. Page 9 conflicts with page 8 . karlin states page 8 line 21. "I said it in front of everybody" page 9 line 2-9

Now Karlin) on page 9 line 2 Karlin states "he thinks    " Judge Palermo " heard that

Comment. Line 3 he "states "I don't know" if he heard. Clearly Karlin is giving

False testimony Karlin has no evidence that Judge Palermo heard anything. And

His statements are clearly hearsay, and speculation." thinking cannot be determined

As truth, or factual. Plainly obvious that Karlin wants the court to believe that

Judge Palermo heard any remarks. Page 9 line 9 he states "he don't know if the

Door was open" clearly Karlin can't give any "truthful testimony" as to what

Someone knows, from this excerpt Karlin states the "thinks" she meant line 14

Cannot be interpreted as "truthful testimony" he has no ability to determined

What client meant again Hearsay, and speculation, this testimony is "plainly

Leading" from prior counsel's own testimony. From this "manufactured" deposi-

Tion " by both counsels it is a "teamed up" effort that both counsels "By Design"

Is attempting to extract a fraudulent decision from the courts. And mainly a direct

Violation of client rights. There is "no truth, honor, or ethical foundation that this

Document sits on. Page 10 line 13-25 conflicts with letter from client, to counsel

Letter dated        01; client's understanding of the case gives the decision that

Karlin hasn't begun taking depositions of the witness, nor has he accepted monies

From client. Karlin performance shows evidence that "he never had genuine

Intentions of proceeding to trial". As requested by client. Now within 30-days of

Trial date Karlin gives "a poorly disfigured picture" that his former client as some

One "who is eager to settle" A very far version of a client who discovers that her

Attorney has settled her case without notification, and agreement first. He further

States that on page 10 line21. "I did have numerous settlement discussions". In

The faxed letter to Karlin dated on February 23, 2001 page 3 states that we as

client and attorney pull our efforts together and precede to trial. Bottom of page

1, states that "Don't want to have any more conversations between you and I

concerning settlement. Meaning that he" consistently tried to coerced client' into

Settling the case before trial. Escaping him from the work he failed to do. And a

Retainer bill of 7,500.00 by his own admissions page7line 5-7.page 8line 22-25

Again defendants' counsel is leading Karlin into testimony. He is not given the

Chance to answer question independently. Defendants counsel states," you mean"

Defendants' counsel can't discern whom Karlin is referring to as "everybody". By

Your recollection, by Karlin own recollection it should his own and not counsel

Putting words into his mouth. Karlin's "own recollection" should be his own.

And not what the defendant's counsel has designed. Front page of this deposi-

Tion gives a time frame of 1:15-1:25p.m. How can both Defendants counsel

Reach a medium truthfulness in such a short time. 10-min exactly. In addition

To the deposition, plaintiff should have been made aware of any settlement

Negotiations from prior counsel of plaintiff, and Marty's shoes. I gave strict

Instructions to Karlin to adhere to concerning settlement discussions. In the letter

Feb 23-01 with this letter in his possession . An "ethical –minded" attorney would

Discuss any offers to client first. Karlin initiated "all settlements actions " between

Marty's Shoes. In exchange for the work he should have performed some 12-mos

Prior to coming to trial. Karlin "never "gave client an explanation for him "not

, subpoenaed information from Mary's shoes relating to full-to par time status

all information was retrieved thru clerk's office at U.S. District Court clerk's office 247

obtainable by photo I.D. and what I could "on the spot " get from his assistance  Noemi

Barrios. July, 2.2001 remnants of the file remain, and appear to scattered, karlin states

His assistant has knowledge of the whereabouts of the "other half of the file is.

That I needed was records of how many hours worked ect. Ect. Observance  of the file

Shows numerous copies of documents that are useless to client or out of repeated demand

Observation of the file shows loosed pages from file prong holders.

Plaintiff Response to defendants motion of appearing for deposition

.Defendants pre-scheduled plaintiff deposition to their own availability on june7, 8, 01

Plaintiff canceled depositions on both dates in required 24-hrs notice.

Prior engagements before june7,8, until june29, by plaintiffs left plaintiff temporarily

Unavailable for the pre-scheduled depositions by Defendants. Dates of availability

July     ,14, 15, 22, after 1:30 pm . with all other issues challenged by Plaintiff

Unrepresented) Denise Brookins Respectfully requests that the Defendants

Motion to enforce settlement be denied for the above .

Very Truly Yours

Denise Brookins

921 N.W. 33 Way

Ft. Lauderdale, Florida 33311

954/792-2029

Additionally, I have tried to secure monies to your office. To finance subpoenas

Witnesses, and Depositions. Again(3) client's demands ignored. Page (2) of faxed

Letter to Karlin client advised Attorney to allow client involvement in all talks

Of settlement options. Page (3) client seeks cooperation of attorney in reaching

An successfully settlement. This facts noted remain "Unchallenged " by Former

Counsel. By affidavit, legal representation. This letter proves Stewart Karlin

Obligation to abide by client's decisions are "TOTALLY FALSE". Letter dated

To Brian Hole March 7 1998 from Stewart Karlin concerning 00-6002 was

Settled . Proves Stewart Karlin again "FAILURE TO ABIDE BY CLIENT'S

DECISION" IGNORED. page 6 of Deposition question states what prompted the

Amount in the case? Stewart answer was opposite of question . Eric Gabriele

Question helps KARLIN . with answers. and or leads Stewart into answers.

Client had no prior knowledge what this case could settle for. Nor did I state

Or demand $ 35,000 for consideration for myself. Further explanation from

Karlin states" the offer would remain open " PLAINTIFF DISPUTES

1. page 6) line 19-22 Stewart"states she wanted 35-000, " wanting / and settled

is two different words with two different meanings. Stating I (Brookins) wanted?

From Karlin's words. That I alleged said. Line 21 Karlin states said the offer?

What offer is that ? unspecific answer. 2) line 24 Karlin states he believed we had

Communication? Who had communication ? CONFLICTION with line 23 He

Said I left. If I left the mediation how can I (Brookins ) have communication.

**Law Offices**
**STEWART LEE KARLIN, ESQ.**
**400 S.E. EIGHTH STREET**
**FORT LAUDERDALE, FLORIDA  33316**

_____

**TEL:  (954) 462-1201**
**FAX:  (954) 462-3151**

MEMBER OF THE BAR
FLORIDA & NEW YORK

NEW YORK OFFICE
9 MURRAY STREET, SUITE 7W
NEW YORK, NEW YORK  10007
TEL:  (212) 227-2874
FAX:  (212) 732-4334

April 30, 2001

Ms. Denise Brookins
921 N.W. 33 Way
Fort Lauderdale, Florida  33311

Dear Ms. Brookins:

     This letter shall confirm the message that was left on my voice mail. You came to my office on Friday morning (without an appointment). I met with you and advised you that you needed to put a response into the motion to compel and gave you a copy of the memorandum in opposition to the motion to compel which I drafted. I advised you that we needed to prepare an affidavit for you and you promised to come in on Monday morning.

     This morning I received a message on my voice mail where you indicated that you were not coming into my office and that I should go ahead file the memorandum in opposition to the motion to compel which I will do.

     If you have any questions, please call me.

Very truly yours,

STEWART LEE KARLIN

SLK/nm
Enclosures

10

~STEWART LEE KARLIN~

ATTORNEY AT LAW

400 SOUTHEAST EIGHTH STREET

FORT LAUDERDALE, FLORIDA 33316

NEW YORK OFFICE

MEMBER OF THE BAR
FLORIDA AND NEW YORK

                                                      March 7, 1998

Brian Hole, Esq,
Holland & Knight
One East Broward Blvd., 13th Floor
P.O. Box 14070
Ft. Lauderdale, FL  333302-4070

          Re:  Brookins v. Marty Shoes

Dear Mr. Hole:

          This letter shall confirm that the above captioned matter
has settled for $4500.00 and that you will be forwarding the
settlement papers shortly.

                              Very truly yours,


                              STEWART LEE KARLIN

SLK:me

Feb 23 01 02:18P West Hollywood    954 9632474    P.01

954.

Fri 2/23-01

Upon Our Last Conversation, Thurs 2/22
This is a Reminder, AND Suggestion
I Strongly Suggest that You
Depo's John Adams, Ronna,

Michael Torres AND OR GET A Affadavit from
Doreen Yates, Tannika Daniels, Sally's Employee
AND You Do YOUR Very Best to
Prove Racial Discrimination Retaliation
to serve as a protection for You & ME
I am disappointed that it is Now 4-5 Wks
before Trial AND You haven't Depo's Anyone for
Witnesses & Trial. Telephone Conversation 1-26-10 Am
I offered monies for Depo's & Pay for Mediation I don't
want to have anymore Conversations between You & I Concerning
Settlement AND How Much You feel I can a best decide
I might the forewarned. If You feel Your Case Lost
all You to NO Work let me Know immediately Expect Payment
In 7 days to finance Depo's And Other Charges Delise Simper

At this point we are to near
to the trial Date. my basing
my decision on Ungaro to upholding
the Law. 2nd Reason there's
too much Proof on ① Retaliation,
Race discrimination on Marty's
behalf Stanley, Roma, John Adams
refused to investigate. Resolve
the race discrimination, Harassment
and violation of my Civil Rights of
Fair Employment ETC.
When and if Marty's Contact you
Concerning Settlement Options
allow me the Courtesy to be involved

I'm not Sure that you & I are
on the Same Page. why Because WE
are Still 4-5 wks away from trial
AND WE haven't Depo's Stanley, Ozoka,
John Adams, Michael Torkes, & ANY
private witness. Prior to Jan 26 WE had Conversation
of ① Plaintiff Securing funds to your firm
for financing Payment of Depo's,

Subpeans or any related costs that could assist with the case. I am terribly concerned, about going to trial without necessary proof to confirm racial discrimination.

Personally Stewart I very sorry for the fact that I need to involve my family or find a 3rd person or party concerning comprehending this trial. With understanding and fact No I'm not a lawyer or officer of the court YET. But I believe I can read & comprehend every document in English. No I wouldn't involve a 3rd person to make decisions of my case or bias in any case. I'm the Plaintiff. I am the person who activated this legal action. As Plantiff & client & Attorney we need to pull our Efforts together in preparation for trial. Personally if I had any objections to your suggestions I would make the necessary steps in resolving them quickly. I will remain in cooperation with you & yours in bringing this legal complaint to an acceptable settlement. Yours truly Denise Brown